113 F.3d 1229 (Table)
**Unpublished Disposition**

Page 1

(Cite as: 113 F.3d 1229, 1997 WL 279887 (2nd Cir.(Conn.)))

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA2 s 0.23 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Second Circuit.

Jane B. MONAHAN, Plaintiff-Appellant,
v.
UNITED TECHNOLOGIES CORPORATION, Pratt & Whitney Division, Defendant-Appellees.

No. 96-9342.

May 27, 1997.

APPEARING FOR APPELLANT: Jamie L. Mills, Hartford, Conn.

APPEARING FOR APPELLEE: Albert Zakarian, Day, Berry & Howard, Hartford, Conn.

Before NEWMAN, Chief Judge, MESKILL, Circuit Judge, and CEDARBAUM, [FN*] District Judge.

FN* Of the United States District Court for the Southern District of New York, sitting by designation.

**1 Appeal from the United States District Court for the District of Connecticut (Dominic J. Squatrito, Judge).

This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by counsel.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Jane B. Monahan appeals from the October 1, 1996, judgment of the District Court granting summary judgment to Pratt & Whitney Division of United Technologies Corporation ("UTC") on Monahan's action alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Monahan contends that the District Court did not properly apply the standards for summary judgment. We disagree.

Beginning in 1982, Monahan was employed by Pratt & Whitney as an attorney, and eventually secured the position of Manager of Labor Relations. She was discharged in 1993 during a major reduction in Pratt & Whitney's work force. Monahan alleged that the work force reduction was not the real reason that she was selected to be laid off.

1. *Age Discrimination.* Monahan's age claim was dismissed on the ground that Monahan failed to establish that Pratt & Whitney's proffered reason was pretextual and that discrimination more likely than not was a motivating reason for the termination. See *Woroski v. Nashua Corp.,* 31 F.3d 105, 108-09 (2d Cir.1994). To satisfy her burden to oppose summary judgment after the employer's proffer, Monahan had to "produce sufficient evidence to support a rational finding" in her favor. See *id.* at 110. This, we conclude, she failed to do.

Less than two months before Monahan was told that she would be laid off, Pratt & Whitney decided to seek someone to fill the position of Manager of Employee Relations to replace Monahan's former supervisor, and hired Jack Akin as a search agent to find a candidate for the position.

Although there was nothing in the record to indicate that Akin was specifically directed to find someone within a particular age group, his notes and a letter he wrote to UTC's Director of Executive Recruiting indicate that he at least considered the ages of the potential candidates. His notes indicate, without explanation, the age ranges "35-42" and "35-45," and the letter, which was written to accompany the resumes of three candidates for the position, describes the candidates as being "employed, [ ] attorneys, [who] range in age from 36 to 42 and all have a base salary of under $100,000." At age 47, Monahan fell outside all of the stated age ranges. The search for a Manager of Employee Relations eventually ended. However, one candidate whom Akin had interviewed, a twenty-eight-year-old was ultimately hired to perform other work in the Human Resources Department. She was not hired until nine months after plaintiff was laid off.

**2 Aside from Akin's notes, Monahan presented no evidence to demonstrate that Pratt & Whitney ever considered the age of its employees. Although Akin's

notes present some evidence of age-related motivation in the search for a Manager of Employee Relations, that evidence alone is insufficient to survive a well-supported motion for summary judgment. *Id.*

The testimony of John Honor, who stated that during the lay-off period, one of the decisionmakers had used the word "young" when explaining his intention to hire new staff, is also insufficient to raise a genuine issue of material fact. Not only did Honor's testimony fall short of raising a genuine issue over whether new employees were to be hired to replace those being laid off, but most significantly, the testimony did not even suggest that Monahan's lay-off had anything at all to do with the hiring of younger people.

2. *Title VII Retaliation.* To demonstrate a prima facie case of Title VII retaliation, a plaintiff must show "participation in protected activity known to the employer, an adverse employment action, and a causal connection between the two." *Johnson v. Palma*, 931 F.2d 203, 207 (2d Cir.1991). The causal connection may be shown (i) indirectly by showing that the adverse employment action followed closely in time after the protected activity, (ii) through other indirect evidence such as similar treatment of other employees who engaged in similar activity, or (iii) directly through evidence of retaliatory animus directed at the plaintiff. *Id.*

Monahan alleged that in 1990 she had a conversation with Larry McClure, Vice President of Human Resources at Pratt & Whitney's manufacturing division, and that during the conversation Monahan gave McClure specific examples of how women in the company were being discriminated against in regard to promotions. Monahan alleges that in response to her comments, McClure became angry, abruptly ended the meeting, and told Monahan that there were worse things that could happen to her other than remaining at her then-level of seniority. Claiming that her lay-off was retaliation against her for speaking about gender discrimination, Monahan states that after the meeting, McClure avoided having eye contact or conversation with her, and also that other employees detected McClure's animosity toward her.

We conclude, as did the District Court, that Monahan failed to make out a prima facie case of retaliation because she did not establish a causal connection between her speech in 1990 and her layoff in 1993.

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works