4

201 F.3d 433 (Table)
Unpublished Disposition

Page 6

(Cite as: 201 F.3d 433, 1999 WL 1295332 (2nd Cir.(Conn.)))

Briefs and Other Related Documents

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA2 s 0.23 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Second Circuit.

Martin VANDEL, Plaintiff-Appellant,
v.
STANDARD MOTOR PRODUCTS, INC.,
Defendant-Appellee.

No. 99-7757.

Dec. 21, 1999.

Appeal from the United States District Court for the District of Connecticut, Warren W. Eginton, Judge.

Peter A. Kelly, New Haven, CT, for appellant.

Michael P. Kaelin, Kelley Drye & Warren LLP, Stamford, CT, for appellee.

Present McLAUGHLIN, STRAUB, and SACK, Circuit Judges.

**1 AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff-Appellant Martin Vandel appeals from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*), granting summary judgment to his former employer, Defendant-Appellee Standard Motor Products, Inc., and dismissing Vandel's complaint alleging employment discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-34, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17. The District Court granted summary judgment dismissing the complaint on the ground that Vandel failed to make out a *prima facie* case with respect to his national origin and age discrimination claims. On appeal, Vandel argues that the judgment should be reversed and the case remanded to the District Court for trial because he produced sufficient evidence of age and national origin discrimination to survive summary judgment. We review a grant of summary judgment *de novo*, with all inferences drawn in favor of the nonmoving party. *Stuart v. American Cyanamid Co.,* 158 F.3d 622, 626 (2d Cir.1998).

With respect to Vandel's ADEA claim, even if plaintiff has met his *de minimis* burden of establishing a *prima facie* case of age discrimination, he has not presented evidence from which a fact-finder could reasonably conclude that Standard Motor Products' reason for plaintiff's termination--his interpersonal difficulties--was pretextual and that the real reason was discrimination. *See Brennan v. Metropolitan Opera Ass'n,* 192 F.3d 310, 317 (2d Cir.1999). Thus, we affirm the grant of summary judgment on grounds different from those relied on by the District Court. *See Shumway v. United Parcel Serv., Inc.,* 118 F.3d 60, 63 (2d Cir.1997).

As to Vandel's Title VII claim based on national origin, which rests substantially on allegations of the use of derogatory epithets by one of Vandel's supervisors who ultimately participated in the decision to terminate him, we affirm the grant of summary judgment on grounds slightly different from those relied on by the District Court, to the extent that the District Court explicitly articulated its grounds for decision. Assuming that Vandel made a *prima facie* showing of discrimination based on national origin, the burden shifted to Standard Motor Products to articulate a legitimate, non-discriminatory reason for the allegedly discriminatory action. *See Stratton v. Department for the Aging,* 132 F.3d 869, 879 (2d Cir.1997). While Standard Motor Products clearly met this burden, Vandel failed to produce evidence that would permit a rational factfinder to infer that Standard Motor Products' rationale was merely pretextual, *i.e.,* "a mask for unlawful discrimination." *Fisher v. Vassar College,* 114 F.3d 1332, 1337 (2d Cir.1997) (en banc). Therefore, summary judgment was properly granted.

**2 We have examined all of Vandel's contentions and find them to be without merit. The judgment of the District Court is affirmed.

201 F.3d 433 (Table), 1999 WL 1295332 (2nd Cir.(Conn.)) Unpublished Disposition

Briefs and Other Related Documents (Back to top)

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

201 F.3d 433 (Table)
(Cite as: 201 F.3d 433, 1999 WL 1295332, **2 (2nd Cir.(Conn.)))

Page 7

. 1999 WL 33629328 (Appellate Brief) Brief of Defendant-Appellee (Sep. 22, 1999)

. 1999 WL 33629329 (Appellate Brief) Brief of Plaintiff Appellant (Aug. 23, 1999)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works