5

1998 WL 164765
(Cite as: 1998 WL 164765 (D.Conn.))

Page 8

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

Patricia GORMAN, Plaintiff,
v.
HUGHES DANBURY OPTICAL SYSTEMS, Defendant.

No. 3:93CV2163 (WWE).

March 13, 1998.

James S. Brewer, West Hartford, CT, for plaintiff.

Richard D. Arconti and Melissa S. Monson, Pinney, Payne, Van Lenten, Burrel, Wolfe and Dillman of Danbury, CT, for defendant.

## RULING ON MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior J.

*1 Plaintiff Patricia Gorman originally brought this action in five counts against her former employer, defendant Hughes Danbury Optical Systems ("Hughes Danbury"). On July 29, 1996, Judge Dominic J. Squatrito dismissed plaintiff's claims for violations of the Americans With Disabilities Act, 42 U.S.C. § 2000e, and the Fair Labor Standards Act, 29 U.S.C. § 621-634. Judge Squatrito thereafter transferred the case to the undersigned. Now pending before the court is defendant's Motion for Summary Judgment as to plaintiff's claims that defendant discriminated against her because of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.* and because of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Defendant also seeks summary judgment as to plaintiff's pendent state law claims. For the reasons set forth below, the court will deny summary judgment as to plaintiff's ADEA claim and will grant summary judgment as to plaintiff's Title VII and pendent state law claims.

## I. BACKGROUND

Hughes Danbury employed plaintiff as an administrative secretary at from 1978 until June 4, 1992. Although plaintiff was normally assigned to the business development department, she functioned as a "floating" secretary for a period of time in the late 1980's following her return from a leave of absence. As a floating secretary, plaintiff temporarily assumed various secretarial duties throughout the company.

During her employment with Hughes Danbury, plaintiff consistently received performance reviews which lauded her efficiency, accuracy, and ability to work with a minimum of supervision. One performance review commended her for having dealt with being assigned to the floating position "in a calm, professional manner while executing all priority assignments with a high degree of competence," and for having "adapted well to an added set of people, customers and priorities."

In the fall of 1990, Hughes Danbury reinstated plaintiff to her position as an administrative secretary in the business development department. During this period, plaintiff was one of four administrative secretaries in the department, two of whom are older than plaintiff and one of whom, Rita Biga, is approximately nine years younger than plaintiff. Plaintiff testified in her deposition that the secretaries' functions were interchangeable. There is no dispute that all of the secretaries are female.

Plaintiff testified that after her reinstatement, her supervisor, C. Richard Hale, refused to utilize plaintiff as his secretary and instead sought secretarial support from Pat Borrello, a secretary who was younger than plaintiff and who was not a member of the business development department. Although plaintiff complained about this situation directly to Hale and in a written response to a performance evaluation, it appears to have persisted unaddressed.

As the Cold War waned, Hughes Danbury, which derived a large portion of its profits from government defense contracts, decided to implement a series of reductions in force ("RIF"s) In order to carry out these RIFs, defendant sought to lay off employees in areas of low utilization. Supervisors were instructed to designate employees for the RIFs based on the employees' skills and abilities, whether the employees' functions and skills could be eliminated, and the current workload of the supervisors' departments.

*2 In response to an announced RIF, Hale and Ivan Rattinger, another of plaintiff's supervisors, determined that because one of the business development department's supervisors had volunteered for the RIF, the department's work could be accomplished with one less secretary. Hale and Rattinger recommended that Hughes Danbury eliminate plaintiff's position. In an "Assignment of Incumbents" form which Rattinger

1998 WL 164765
(Cite as: 1998 WL 164765, *2 (D.Conn.))

Page 9

filled out with regard to the selection of plaintiff for the RIF, Rattinger noted that plaintiff "is not particularly adaptable," giving her a rating of "2" out of a possible "5" in the category of adaptability. Rattinger gave plaintiff ratings of "3" in all other categories, including quality of work, job skill and job knowledge.

Hughes Danbury terminated plaintiff on June 4, 1994 as part of a RIF. Plaintiff was 48 years old. Although Hughes Danbury never hired a replacement to fill plaintiff's position, Rita Biga, who was nine years younger than plaintiff, was not laid off and assumed some of plaintiff's responsibilities. Of the 15 people who were laid off as a result of this RIF, 12 were male and 11 were aged 40 or older.

## II. ANALYSIS

### A. Standards for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether there are any factual issues to be tried, the court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Donahue v. Windsor Locks Bd. of Fire Commissioners*, 834 F.2d 54, 57 (2d Cir.1987).

A dispute over a material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The initial burden is thus on the moving party to establish that no relevant facts are in dispute. The burden then shifts to the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for the fact-finder to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson* at 249-50.

The court must be cautious when considering a motion for summary judgment in an employment discrimination case when the employer's intent is at issue. Because direct evidence supporting a claim of discrimination rarely exists, the court must scrutinize affidavits and depositions for circumstantial evidence which, if believed, would show discrimination. *Gallo v. Prudential Residential Services, L.P.*, 22 F.3d 1219, 1224 (2d Cir.1994).

### B. The McDonnell Douglas Framework

*3 Plaintiff claims that Hughes Danbury discriminated against her because of her age in violation of the ADEA and because of her sex in violation of Title VII of the Civil Rights Act of 1964. Plaintiff must establish both of these claims under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and its progeny. *Fisher v. Vassar College*, 114 F.3d 1332, 1335 (2d Cir.1997) (en banc).

Plaintiff must initially establish a prima facie of discrimination by showing that (1) she was a member of a protected class; (2) she was qualified for her position; (3) she was discharged; and (4) the discharge occurred under circumstances giving rise to an inference of age discrimination. *Burger v. New York Institute of Technology*, 94 F.3d 830, 833 (2d Cir.1996.). Although the burden of establishing a prima facie case is modest, plaintiff must support her prima facie case with evidence which would permit a reasonable inference of discrimination. *McLee v. Chrysler Corp.*, 109 F.3d 130, 135 (2d Cir.1997).

If plaintiff establishes a prima facie case, the defendant must articulate a legitimate, non-discriminatory reason for discharging plaintiff. *St. Mary's Honors Center v. Hicks*, 509 U.S. 502, 502-07, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The employer's reason must be clear and specific. *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1115 (2d Cir.1988). At this juncture defendant need not prove the existence of a non-discriminatory reason for its action. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

If defendant successfully articulates a legitimate, nondiscriminatory reason for discharging plaintiff, then the presumption of discrimination created by the prima facie case "simply drops out of the picture." *St. Mary's Honor Center* at 510-11. The plaintiff then has the

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

1998 WL 164765
(Cite as: 1998 WL 164765, *3 (D.Conn.))                                       Page 10

burden to establish both that defendant's articulated reason was false, and that discrimination was the real reason for its action. *Id.* at 515-17.

### 1. Age Discrimination

Defendant does not dispute for the purposes of the instant motion that plaintiff can establish the first three elements of a prima facie case of age discrimination. Defendant asserts, however, that plaintiff cannot establish a prima facie case because her termination did not take place under conditions giving rise to an inference of discrimination

Construing all reasonable ambiguities and drawing all reasonable inferences in plaintiff's favor, the court finds that plaintiff has established a prima facie case of age discrimination. Because this is a reduction in force case, plaintiff need not show that she was replaced by a younger employee in order to establish that her termination took place under circumstances giving rise to an inference of age discrimination. For plaintiff to establish her prima facie case, it is enough for her to show that her duties were reassigned to a substantially younger employee. *Shkolnik v. Combustion Engineering, Inc.,* 856 F.Supp. 82, 86 (D.Conn.1994). The touchstone in this analysis is the degree of similarity between plaintiff's job and the job held by the younger employee. *Burger, supra,* at 833.

*4 It is undisputed that plaintiff's duties were taken over by the three remaining administrative secretaries in plaintiff's department, one of whom, Rita Biga, is nine years younger than plaintiff. It is also undisputed that Biga and plaintiff had the same job title. Although defendant argues that Biga's position differed from plaintiff's in that Biga worked directly for the head of the department, plaintiff testified that their jobs were interchangeable. Construing this ambiguity in plaintiff's favor, the court finds that plaintiff has established a prima facie case of age discrimination. Plaintiff has shown that a portion of her duties were reassigned to a substantially younger employee in the same or similar position as she. *Burger* at 833-34 (job functions of employees being compared in reduction in force analysis must be similar but not necessarily identical).

Defendant has articulated a legitimate, non-discriminatory reason for eliminating plaintiff's position. Defendant asserts that the end of the Cold War had a serious adverse effect on its business, thereby necessitating a series of reductions in force. Plaintiff does not deny that the political and economic circumstances of which defendant complains forced it to reduce its work force. Plaintiff does argue, however, that defendant's reasons for eliminating her position are a pretext for age discrimination.

Although an employer is entitled to reduce its work force in order to maximize efficiency, it may not discharge an employee because of her age. *Gallo,* 22 F.3d at 1226. In a reduction in force case it is relatively facile for an employer to articulate a non-discriminatory business reason for a particular job elimination. Accordingly, such a case often turns on whether the employer's articulated reason was a pretext for discrimination. *Viola v. Philips Medical Systems of North America,* 42 F.3d 712, 716 (2d Cir .1994).

The court finds that plaintiff has proffered evidence sufficient to raise a question of fact as to whether defendant's reasons for eliminating her position are pretextual. For instance, plaintiff testified that contrary to defendant's claim that the business development department's workload did not require four secretaries, her department and she personally were quite busy at the time defendant announced and implemented the RIF. Moreover, plaintiff has proffered performance reviews which contradict defendant's claim that plaintiff was "not particularly adaptable." Plaintiff's glowing performance reviews lauding her accuracy, skill, and independence also cast doubt as to the legitimacy of Rattinger's rating of plaintiff as a "3" in the areas of quality of work, job skill and job knowledge.

It is not enough, however, for plaintiff to merely proffer evidence which, if believed, would show defendant's articulated reason to be pretextual. Plaintiff must also adduce evidence which would permit a reasonable jury to conclude that age discrimination was the real reason for defendant's action. *St. Mary's Honor Center,* 509 U.S. at 515-17. The court finds that plaintiff has made such a showing. In addition to the evidence supporting plaintiff's prima facie case, plaintiff has presented evidence indicating that her supervisor favored a younger secretary from outside of the department over plaintiff. [FN1] The court finds that taken cumulatively, plaintiff's evidence is sufficient to create a question of fact as to whether plaintiff's supervisor practiced favoritism with regard to younger secretaries and whether this practice led defendant to intentionally discriminate against plaintiff because of her age.

                  FN1. The court notes that although plaintiff
                  has not offered it in support of her case, there

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

is evidence in the record indicating that of the 15 people laid off with plaintiff in the RIF, 11 were aged 40 or older. Plaintiffs in disparate treatment cases may support their claims with statistical evidence. *Hollander v. American Cyanamid,* 895 F.2d 80, 84 (2d Cir.1990). Standing alone, the fact that 11 of the 15 people laid off were members of a protected group is not a statistic from which a reasonable jury could infer age discrimination, especially because it reflects only those employees laid off in one of four RIFs. In order to use statistical evidence to support her claim, plaintiff must ensure that those statistics are sufficiently reliable and scientific as to permit the inference that defendant discriminated against her because of her age. *Fisher v. Vassar College,* 70 F.3d 1420, 1440-43 (2d Cir.1995), *affirmed,* 114 F.3d 1332, 1338 (2d Cir.1997) (en banc).

**2. Title VII**

*5 Plaintiff also alleges that defendant discriminated against her because of her sex in violation of Title VII of the Civil Rights Act of 1964. As noted *supra,* a prima facie case of discrimination must be supported by evidence which would permit a reasonable inference of discrimination. *McLee,* 109 F.3d at 134-35. *See also, Wanamaker v. Columbian Rope Co.,* 108 F.3d 462, 465 (2d Cir.1997) (plaintiff must establish a prima facie case of discrimination with de minimis evidence). Plaintiff, however, does not proffer one iota of evidence in support of her assertion that her job was eliminated under circumstances giving rise to an inference of sex discrimination. In fact, plaintiff does not dispute that all of the administrative secretaries in her department as well as Pat Borrello are female. Because plaintiff has failed to establish a prima facie case as her Title VII claim, the court will grant summary judgment as to that count.

**C. Pendent State Law Claims**

Plaintiff alleges pendent state law claims under Conn.Gen.Stat. §§ 46a- 58(a), 46a-60(a)(1), and 46a-60(a)(8). Because Conn.Gen.Stat. § 46a- 58(a), which proscribes discriminatory practices in general, does not encompass discriminatory employment practices, plaintiff cannot maintain a cause of action pursuant to that statute. *Commission on Human Rights Opportunities v. Truelove and Maclean, Inc.,* 238 Conn. 337, 346, 680 A.2d 1261 (1996).

Summary judgment will also be granted as to plaintiff's claims that defendant violated Conn.Gen.Stat. §§ 46a-60(a)(1) and (8). This court may exercise jurisdiction over a claim made pursuant to the Connecticut Fair Employment Practices Act ("CFEPA"), of which § 46a-60(a) is a part, only if plaintiff has exhausted her administrative remedies under the statute. Exhaustion is accomplished when one of the following conditions occurs: (1) the Commission on Human Rights and Opportunities ("CHRO") makes a reasonable cause finding; (2) a finding of no reasonable cause has been overturned either by the CHRO or the Connecticut Superior Court; or (3) a complainant's charge is still pending after 210 days and the complainant has received a release of jurisdiction from the CHRO. *Sullivan v. Board of Police Commissioners,* 196 Conn. 208, 215-16, 491 A.2d 1096 (1985). Because there is nothing in the record indicating that plaintiff has exhausted her administrative remedies, the court lacks jurisdiction over plaintiff's § 46a-60(a). Accordingly, summary judgment will be granted as to those claims. *See, Hultgren v. First Fidelity Bank,* No. 3:95cv2510 (AHN), 1997 WL 766879 at *6-7 (D.Conn. Dec. 2, 1997).

**III. CONCLUSION**

For the reasons set forth above, defendant's Motion for Summary Judgment [doc. # 52] is GRANTED in part and DENIED in part. The motion is granted as to counts three and four, and denied as to count one.

1998 WL 164765, 1998 WL 164765 (D.Conn.)

END OF DOCUMENT