8

1998 WL 327174
(Cite as: 1998 WL 327174 (D.Conn.))

Page 12

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

Patricia GORMAN, Plaintiff
v.
HUGHES DANBURY OPTICAL SYSTEMS,
Defendant.

No. 3:93CV2163 WWE.

June 17, 1998.

James S. Brewer, West Hartford, CT, for plaintiff.

Richard D. Arconti and Melinda, S. Monson, Pinney, Payne, Van Lenten, Borrell, Wolfe & Dillman, Danbury, CT, for defendant.

Before WARREN W. EGINTON, Senior U.S. District Judge, concurring/dissenting.

*RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION*

EGINTON, Senior J.

*1 Defendant Hughes Danbury Optical Systems ("Hughes Danbury") moves pursuant to Local Rule 9(e) for reconsideration of the court's March 13, 1998 denial of defendant's Motion for Summary Judgment as to plaintiff's age discrimination claim. For the reasons set forth below, defendant's Motion for Reconsideration will be granted, the court's March 13, 1998 holding with regard to plaintiff's age discrimination claim will be vacated, and summary judgment will be granted in favor of defendant as to that court.

*I. Background* [FN1]

> FN1. The factual background of this case and certain legal standards applied below are fully set forth in the court's March 13, 1998 Ruling on Motion for Summary Judgment, and are incorporated herein by reference.

Plaintiff originally brought this action in five counts against her former employer, Hughes Danbury, alleging various violations of state and federal law arising from defendant's termination of plaintiff as part of a reduction in force. Each of plaintiff's claims except for her claim of age discrimination was dismissed by Judge Dominic J. Squatrito on July 29, 1996 or by the undersigned on March 13, 1998.

As to plaintiff's age discrimination claim, the court found that a question of fact existed as to whether plaintiff's supervisor practiced favoritism with regard to younger secretaries and whether this practice led defendant to intentionally discriminate against plaintiff because of her age. As defendant accurately points out, the court based this conclusion on its finding that plaintiff had presented evidence indicating that her supervisor had favored a younger secretary from outside of the department over plaintiff.

Defendant now submits the affidavit of the alleged "favored" secretary, Pat Borrello, establishing that Borrello is actually older than plaintiff. Plaintiff does not dispute the veracity of this affidavit. Given this highly relevant information, the court finds that reconsideration of its earlier ruling as to plaintiff's age discrimination claim is appropriate. *See* Local Rule 9(e); Fed.R.Civ.P. 60(b).

*II. Analysis*

As a preliminary matter, the court stresses that the Borrello affidavit should have been filed in support of defendant's Motion for Summary Judgment. On a motion for summary judgment, the initial burden is on the moving party to establish that no relevant facts are in dispute. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To facilitate the moving party's ability to meet its initial burden, Rule 56(b) of the Federal Rules of Civil Procedure permits, but does not require, the moving party to include supporting affidavits with its motion.

The age of a party whom a plaintiff alleges was favored over the plaintiff is a relevant fact in an age discrimination claim. As set forth in plaintiff's Amended Complaint, the crux of her age claim was her allegation that her "supervisor refused to utilize her and chose younger secretarial support outside his department." Amended Complaint at 3. In her deposition, plaintiff seemingly expounded upon this allegation by describing incidents of favoritism involving her supervisor, Dick Hale, and a secretary from outside of his department, Pat Borrello. Deposition of Patricia Gorman at 76.

*2 It is well-established that on a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Donahue v. Windsor Locks Bd. of Fire Commissioners,* 834 F.2d 54, 57 (2d Cir.1987).

1998 WL 327174
(Cite as: 1998 WL 327174, *2 (D.Conn.))

Page 13

Moreover, in an employment discrimination case in which the employer's intent is at issue, the court must take care to scrutinize depositions for circumstantial evidence which, if believed, would show discrimination. *Gallo v. Prudential Residential Services, L.P.*, 22 F.3d 1219, 1224 (2d Cir.1994).

Given these precepts and their relation to plaintiff's complaint and deposition testimony, the court made the reasonable inference that Borrello was the alleged favored, younger secretary from outside of the department. Because defendant should have been aware of the ambiguity as to Borrello and of the legal standards governing the court's review of the record on a motion for summary judgment, defendant should have submitted the Borrello affidavit at the time that it requested the court to expend valuable judicial resources deciding its motion for summary judgment.

Nonetheless, the court finds that the information regarding Borrello's age materially alters the analysis with regard to plaintiff's age discrimination claim. Although the court declines to disturb its conclusions that plaintiff had established a prima facie case and that she had proffered evidence indicating that defendant's reasons for her termination may have been pretextual, the court finds upon reconsideration that plaintiff has failed to proffer evidence from which a reasonable jury could conclude that age discrimination was the real reason for defendant's actions.

In an employment discrimination case, a prima facie case coupled with evidence of pretext does not guarantee a plaintiff's survival of a motion for summary judgment. A plaintiff must adduce evidence from which a reasonable jury could conclude that age discrimination was the real reason for defendant's action. Under this standard, a plaintiff may only prevail if the finding of pretext points to age discrimination or if other evidence in the record points in that direction. *Fisher v. Vassar College*, 114 F.3d 1332, 1337-39 (2d Cir.1997)(en banc), *cert. denied*, 522 U.S. 1075, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998).

In light of the Borrello affidavit, the court finds that no evidence in the record indicates that age was the real reason for plaintiff's termination. In this case, plaintiff established a very weak prima facie case based on the fact that after she was terminated, her job duties were reassigned to one younger and two older secretaries. Although this evidence may have been sufficient to meet the de minimus burden of establishing a prima facie case, no reasonable jury could conclude from it that age was the real reason for plaintiff's termination. *See, Fisher* at 1336-37; *Norton v. Sam's Club*, No. 97-7928, 1998 WL 272630 at *5 (2d Cir. May 29, 1998) (a very weak prima facie case plus a weak showing of pretext that does not in itself implicate discrimination are not sufficient to support a jury's finding of discrimination); *Hawkins v. Astor Home for Children*, No. 96 CIV 8778(SS), 1998 WL 142134 at *6 (S.D.N.Y. March 25, 1998)(evidence of a minimal prima facie case cannot, without more, defeat a motion for summary judgment).

*3 Moreover, although plaintiff's pretext evidence tended to cast doubt upon defendant's assertion that plaintiff was chosen for the reduction in force because she was not adaptable, it in no way indicates that age discrimination was more likely than any other reason for her termination. In fact, plaintiff herself testified that she had a poor rapport with Hale. Deposition of Patricia Gorman at 76-77. This evidence suggests that non-discriminatory personal hostility, and not age animus, may have been the reason underlying any pretext for plaintiff's termination. *See, Fisher* at 1337-39; *Hawkins* at *9.

In light of the Borrello affidavit, the court finds that plaintiff has failed to proffer evidence from which a reasonable jury could conclude that defendant discriminated against her because of her age. Accordingly, upon reconsideration the court will grant summary judgment in favor of defendant as to plaintiff's claim of age discrimination.

*III. Conclusion*

For the reasons discussed above, defendant's Motion for Reconsideration [doc. # 66] is GRANTED. Upon reconsideration, the court VACATES its March 13, 1998 holding only with respect to plaintiff's age discrimination claim, and GRANTS summary judgment as to that court [Count One]. Because the court has hereby granted summary judgment as to plaintiff's only remaining claim, the clerk is ORDERED to enter judgment in favor of defendant Hughes Danbury Optical Systems and close the file.

1998 WL 327174, 1998 WL 327174 (D.Conn.)

END OF DOCUMENT