> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

The elements a party is required to prove under Connecticut law are: (1) a promise was made; (2) plaintiff reasonably relied on that promise; (3) her reliance was detrimental; and (4) she suffered damages. D'Ulisse-Cupo, 202 Conn. 206, 213. "[T]he doctrine of promissory estoppel encourages fair dealing in business relationships and discourages conduct which unreasonably causes foreseeable economic loss because of action or inaction by a specific promise." Kiely v. St. Germain, 670 P.2d 764, 767 (Colo. 1983). It is available to an employee as a basis for requiring an employer to live up to its promise, despite the nonexistence of an express contract. See, e.g., D'Ulisse-Cupo, 202 Conn. 206, 213.

In the present case, there are two promises at issue: (1) defendant's initial promise to compensate plaintiff at a rate of $140,000 per year; and (2) defendant's promise to retroactively reinstate plaintiff's non-recoverable draw. As will be set forth below, plaintiff reasonably relied on each of these promises to her detriment and suffered damages as a result.

### A. THERE ARE NO MATERIAL ISSUES OF FACT WITH REGARD TO PLAINTIFF'S CLAIM OF PROMISSORY ESTOPPEL BASED ON DEFENDANT'S PROMISE TO COMPENSATE HER AT A RATE OF $140,000 PER YEAR.

#### 1. *Defendant Promised Plaintiff Annual Compensation Of $140,000.*

At the time defendant hired plaintiff, it was known in the publishing industry that she was historically a top producer, highly competent and a sought after employee in the industry (Hanson Depo. P21 L11-P22 L13 (App.Ex. D); Blumenshine Depo P27 L1-9 (App.Ex. F).) Defendant actively recruited plaintiff and offered her a position of National Sales Manager

26

Plaintiff. Defendant promised plaintiff that she would be paid at an annual rate of $140,000, divided between a base salary of $80,000 and a non-recoverable draw of $60,000. (Defendant's Answer ¶10 (App.Ex. I); Ziperman Depo. P22 L1-3 (App.Ex. B); Kinnaman Depo. P27 L18-21 (App.Ex. C); Hanson Depo. P27 L21-L23 (App.Ex. D).) Defendant admits to promising plaintiff this annual compensation and, accordingly, there are no issues of fact in dispute.

### 2. *Plaintiff Reasonably Relied On Defendant's Promise.*

As part of his job offer, William Ziperman, the General Manager of defendant, promised plaintiff annual compensation of $140,000. This is undisputed. (Defendant's Answer ¶10 (App.Ex. I); Ziperman Depo. P22 L1-3 (App.Ex. B); Kinnaman Depo. P27 L18-21 (App.Ex. C); Hanson Depo. P27 L21-L23 (App.Ex. D).) It was objectively reasonable for plaintiff to rely on this promise, as it was made by someone with authority. Moreover, defendant did in fact abide by this promise and compensated plaintiff at the rate of $140,000 per year for over a year. Accordingly, there are no issues of fact in dispute as to this element of promissory estoppel.

### 3. *Plaintiff Relied To Her Detriment.*

It is undisputed that plaintiff left her position at Primedia as a result of and in reliance on defendant's promises. This reliance was clearly detrimental, as defendant failed to live up to its promise to compensate plaintiff at $140,000 per year. As of May 1, 2001, defendant unilaterally suspended plaintiff's non-recoverable draw, drastically reducing plaintiff's salary. Had plaintiff known defendant would so drastically reduce her promised compensation she would not have taken the position with defendant. Indeed she was offered and rejected a position with another employer in reliance on the assurances made to her by defendant. (Blumenshine Depo. P73 L18-P76 L1 (App.Ex. F).) This is sufficient to satisfy the element of detrimental reliance. For

27

example, in Ziotas v. The Reardon Law Firm, P.C., 28 Conn. L. Rptr. No. 12, 431 (2001), the court cites with approval a decision in which an employee's reliance on an employer's promise, which induced him to decline other employment, formed the basis for a successful promissory estoppel claim. Thus, the court, there, found that the elements of promissory estoppel had been sufficiently alleged. Accordingly, there is no question that plaintiff detrimentally relied on defendant's promise.

    4. *Plaintiff Suffered Damages.*

It is undisputed that plaintiff, at a minimum, suffered economic damages in the amount of $40,000 as a result of defendant's false promises. Defendant promised plaintiff annual compensation of $140,000 and in the year 2001, despite having worked all year, plaintiff was paid only $100,000 by defendant. Accordingly, there are no questions of fact as to whether plaintiff suffered damages as a result of her detrimental reliance on defendant's promise of annual compensation of $140,000.

  **B. THERE ARE NO MATERIAL ISSUES OF FACT WITH REGARD TO PLAINTIFF'S CLAIM OF PROMISSORY ESTOPPEL BASED ON DEFENDANT'S PROMISE TO RETROACTIVELY REINSTATE PLAINTIFF'S FULL COMPENSATION IN SOME MANNER.**

    1. *Defendant Promised That It Would Retroactively Reinstate Plaintiff's Full Compensation.*

Although having promised plaintiff annual compensation at an annual rate of $140,000 and paying plaintiff consistent with this promise for over a year, in May 2001, defendant unilaterally suspended the non-recoverable draw portion of plaintiff's compensation, which consisted of approximately $40,000. Plaintiff immediately went to Mr. Ziperman, the General Manager, and voiced her concerns over this reduction in her compensation. (Ziperman Depo.

P49 L5-P53 L17 (App.Ex. B).) Mr. Ziperman repeatedly promised plaintiff that this was not a permanent suspension and that defendant would somehow retroactively reinstate plaintiff's full compensation. Accordingly, it is the promise of reinstating plaintiff retroactively to her full annual compensation that is the basis for this portion of plaintiff's promissory estoppel claim. As for whether a promise was made, it is undisputed that there was a promise sufficient to satisfy the elements of promissory estoppel. Mr. Zipperman admits that he allayed plaintiff's concerns by assuring her that steps would be taken to retroactively reinstate her level of annual compensation. (Ziperman Depo. P49 L5-P53 L17 (App.Ex. B).) Accordingly, there are no issues of fact as to whether the promise was made.

### 2. *Plaintiff Reasonably Relied On Defendant's Promise.*

Plaintiff reasonably relied on this promise as it was made to her by William Ziperman, defendant's General Manager. He admits that plaintiff came to him and voice her concerns about the unilateral suspension. Mr. Ziperman further admits that in response to plaintiff's concerns he repeatedly assured her that her salary would be reinstated retroactively in some fashion. (Ziperman Depo. P49 L5-P53 L17 (App.Ex. B).) It was objectively reasonable for plaintiff to rely on this promise, as it was made by someone with authority in an attempt to allay plaintiff's concerns. Accordingly, there are no issues of fact in dispute as to this element of promissory estoppel.

### 3. *Plaintiff relied to her detriment.*

Plaintiff relied to her detriment on defendant's assurances that her non-recoverable draw would be retroactively reinstated in some manner. Had she know that defendant had no plans on making plaintiff whole, she would have left its employ. However, in Connecticut courts have

29

expressly recognized that sufficient reliance is shown simply when a plaintiff continues to work in his or her position in reliance on an employer's promises, thereby foregoing other employment opportunities. See, e.g., Jewett v. General Dynamics Corp., 1997 WL 255093, *5 (Conn. Super. 1997) (App.Ex. S) (plaintiff relied on employer's promises to his detriment, as the defendants reasonably could have anticipated, by continuing to work in his position, thereby foregoing other employment opportunities.); see also Bernbard v. Industry Riggers, Inc., 1998 WL 13935 (Conn. Super. 1998) (App.Ex. T) (citing Virgulak v. Facsimile Marketing, Inc., Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 113484 (January 25, 1994) (Lewis, J.) (receiving less salary in reliance of promises is enough to invoke promissory estoppel); Rothman v. Pratt & Whitney Aircraft, 1994 WL 50882 (Conn.Super. 1994) (App.Ex. U) (defendant's promise that the plaintiff would start with a "clean slate" induced plaintiff to forego other employment opportunities, satisfying a claim for promissory estoppel.). In this case, it is clear that plaintiff relied on defendant's promises by not seeking other employment opportunities and accordingly, there is no question of fact as to detrimental reliance.

### 4. *Plaintiff Suffered Damages.*

It is undisputed that plaintiff, at a minimum, suffered economic damages in the amount of $40,000 as a result of defendant's false promises. Defendant promised plaintiff annual compensation of $140,000 and in the year 2001, despite having worked all year, plaintiff was paid only $100,000 by defendant. Although defendant assured plaintiff she would be reinstated to an amount equal to her full annual compensation, this was never done. Accordingly, there are no questions of fact as to whether plaintiff suffered damages as a result of her detrimental reliance on defendant's promise of annual compensation of $140,000.

30

## V.  SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM OF NEGLIGENT MISREPRESENTATION IS APPROPRIATE.

Plaintiff's eighth count sounds in negligent misrepresentation.

"This court has long recognized liability for negligent misrepresentation ... One who, in the course of his business, profession or employment ... supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information if he fails to exercise reasonable care or competence in obtaining or communicating the information. [T]he plaintiff need not prove that the representations made by the [defendant] were promissory. It is, if sufficient ... that the representations contained false information." (Citations omitted; Internal quotation marks omitted.)

Barry v. Posi-Seal International, Inc., 36 Conn. App 1, 29, cert. denied, 231 Conn. 942 (1994).

"[E]ven an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know or has the duty of knowing the truth." Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 575 (1995). The plaintiff need not prove that the representation made by the defendant was promissory, but only that it contained false information. Daley v. Aetna Life & Casualty Co., 249 Conn. 766, 793 (1999). The basic element of a claim for misrepresentation, however, is whether there was a misstatement. Id. Without a misrepresentation there can be no justifiable reliance. Id.

Employing the deferential standard set forth in Craine, supra, there is ample evidence to support a conclusion that Mr. Ziperman, General Manager, in the course of his employment supplied plaintiff with false information regarding her annual compensation, as well as the retroactive reinstatement of her salary and that plaintiff justifiably relied on these misrepresentations.

Mr. William Ziperman, General Manager, in the course of his employment supplied plaintiff with false information for guidance in making the decision as to whether she should

31

continue working for defendant in light of defendant's unilateral decision to suspend her non-recoverable draw. Mr. Ziperman knew that plaintiff was very concerned about the drastic reduction in her salary and specifically came to him to receive information as to when and how her wages would be paid. In fact, Mr. Ziperman admits assuring plaintiff that defendant would somehow reinstated her to her full level of annual compensation and that this would be done retroactively. (Ziperman Depo. P49 L5—P53 L17 (App. Ex. 3).) If Mr. Ziperman did not know that these representations were false at the time he made them, he should have know. Merely having reason to know a representation was false at the time it was made is sufficient to support a claim for negligent misrepresentation. Dacourt Group, Inc. v. Babcock Industries, Inc., 747 F.Supp. 157, 161 (D.Conn. 1990). Accordingly, the first element of negligent misrepresentation has been plead and supported and there are no material questions of fact to be determined by a factfinder.

Moreover, plaintiff's testimony makes it clear that she relied on these representations to her detriment by not seeking alternative employment, thereby satisfying the second element. See Jewett v. General Dynamics Corp., 1997 WL 255093, *5 (Conn. Super. 1997) (App.Ex. 8).

Accordingly, there are no questions of fact with respect to plaintiff's claim of negligent misrepresentation and summary judgment should be granted.

## CONCLUSION

In view of the foregoing, plaintiff respectfully requests that her Motion for Summary Judgment be granted in its entirety.

By: _____
Scott R. Lucas (ct00517)
Mary Alice S. Canaday (ct17608)
Michel Bayonne (ct24628)
*Attorneys for Plaintiff*
*Lisa K. Blumenschine*
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com
mcanaday@mlc-law.com
mbayonne@mlc-law.com

33

## CERTIFICATE OF SERVICE

This is to certify that on this 8th day of December, 2003, a copy of the foregoing was mailed, first class, postage prepaid, to:

George P. Birnbaum, Esq.
Thomas P. Minogue, Esq.
Michael L. Fersh, Esq.
Minogue Birnbaum LLP
237 Elm Street
New Canaan, CT 06840
Phone: (203) 966-6916
Fax: (203) 966-6917

Scott H. Lucas

34