**EXHIBIT I**

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA K. BLUMENSCHINE, | : | CIVIL ACTION NO. 302CV2244 DJS |
| Plaintiff, | : | |
| V. | : | |
| PROFESSIONAL MEDIA GROUP, LLC | : | FEBRUARY 25, 2003 |
| Defendant. | : | |

## ANSWER

1. Defendant Professional Media Group, LLC ("ProMedia") has no knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint, and therefore denies same and leaves the plaintiff Lisa Blumenschine ("Blumenschine") to her proof thereof.

2. The allegations contained in paragraph 2 are admitted, except ProMedia denies the description of its business and avers that ProMedia publishes, and sells advertising in, two magazines, *District Administration* and *University Business Including Matrix* (formerly *Matrix*), most copies of which are distributed to high school or college administrators without charge.

3. As to the allegations contained in paragraph 3, ProMedia admits that Blumenschine purports to bring her claims

under the statutes cited therein, but denies that she can prove such claims or that supplemental jurisdiction is proper here.

4. As to the allegations contained in paragraph 4, ProMedia respectfully refers this Court to true and original copies of the acts and documents referred to therein, and the circumstances surrounding them, for their force and effect.

5. As to the allegations contained in paragraph 5, ProMedia admits that Blumenschine purports to bring her claims under the statutes cited therein, but denies that she can prove such claims.

6. The allegations contained in paragraph 6 are admitted.

7. The allegations contained in paragraph 7 are denied except as to Blumenschine's birth date, as to which defendant has no knowledge and/or information sufficient to form a belief as to the truth of such allegation, and therefore denies same and leaves Blumenschine to her proof thereof.

8. The allegations contained in paragraph 8 are denied.

9. The allegations contained in paragraph 9 are denied except that with respect to plaintiff's personnel records, ProMedia respectfully refers this Court to true and original copies thereof, and the circumstances surrounding them, for their force and effect.

10. The allegations contained in paragraph 10 are denied, except it is admitted that Blumenschine was offered and paid

compensation for the first year of her employment at the rate of $140,000 per year, divided between a base salary of $80,000 and a non-recoverable "draw against commissions" of $60,000, which compensation arrangement was thereafter continued until May 2001.

11. The allegations contained in paragraph 11 are denied.

12. The allegations contained in paragraph 12 are denied.

13. The allegations contained in paragraph 13 are denied, except it is admitted that plaintiff made inquiries as to the proposed commission schedule to be implemented.

14. The allegations contained in paragraph 14 are denied, except it is admitted that Blumenschine was, at her request, given the title of Associate Publisher in September of 2001 and, also at her request, a promotional announcement was circulated to employees of Professional Media Group, LLC by William Ziperman. ProMedia respectfully refers this Court to a true and original copy of that document, and the circumstances surrounding it, for its force and effect.

15. The allegations contained in paragraph 15 are denied, except it is admitted that in September 2001 Mr. Ziperman continued his consistent practice of encouraging Blumenschine's efforts.

16. The allegations contained in paragraph 16 are denied, except it is admitted that Daniel Shannon became Blumenschine's direct supervisor in or around September of 2001.

17. The allegations contained in paragraph 17 are denied.

18. The allegations contained in paragraph 18 are denied, except it is admitted that on one occasion Blumenschine incorrectly referred to the management or ownership of ProMedia as a "boys club."

19. The allegations contained in paragraph 19 are denied, except it is admitted that ProMedia, a small company, did not have someone specifically designated as Human Resources Director.

20. The allegations contained in paragraph 20 are denied, except it is admitted that Blumenschine's employment was properly terminated on January 2, 2002.

21. The allegations contained in paragraph 21 are denied, except it is admitted that plaintiff was properly terminated for inadequate sales performance.

22. The allegations contained in paragraph 22 are denied.

23. The allegations contained in paragraph 23 are denied, except it is admitted that ProMedia hired two additional sales associates subsequent to Blumenschine's termination, both of whom happened to be men younger than Blumenschine, but avers that neither their sex nor their age were considerations with respect to their hiring or employment by ProMedia.

24. The allegations contained in paragraph 24 are denied.

25. The allegations contained in paragraph 25 are denied.

26. ProMedia's answers to paragraphs 1 to 25 are repeated

and realleged as if fully set forth herein.

27. Paragraph 27 states a legal conclusion and therefore requires no response herein.

28. The allegations contained in paragraph 28 are admitted.

29. The allegations contained in paragraph 29 are denied.

30. The allegations contained in paragraph 30 are denied.

31. The allegations contained in paragraph 31 are denied.

32. The allegations contained in paragraph 32 are denied.

33. ProMedia's answers to paragraphs 1 to 25 are repeated and realleged as if fully set forth herein.

34. Paragraph 34 states a legal conclusion and therefore requires no response herein.

35. Paragraph 35 states a legal conclusion and therefore requires no response herein.

36. The allegations contained in paragraph 36 are admitted.

37. The allegations contained in paragraph 37 are denied.

38. The allegations contained in paragraph 38 are denied.

39. The allegations contained in paragraph 39 are denied.

40. ProMedia's answers to paragraphs 1 to 25 are repeated and realleged as if fully set forth herein.

41. Paragraph 41 states a legal conclusion and therefore requires no response herein.

42. Paragraph 42 states a legal conclusion and therefore requires no response herein.

43. The allegations contained in paragraph 43 are admitted.

44. The allegations contained in paragraph 44 are denied.

45. The allegations contained in paragraph 45 are denied.

46. The allegations contained in paragraph 46 are denied.

47. The allegations contained in paragraph 47 are denied.

48. ProMedia's answers to paragraphs 1 to 32 are repeated and realleged as if fully set forth herein.

49. The allegations contained in paragraph 49 are denied.

50. The allegations contained in paragraph 50 are denied.

51. The allegations contained in paragraph 51 are denied.

52. The allegations contained in paragraph 52 are denied.

53. ProMedia's answers to paragraphs 1 to 25 and 37 to 38 are repeated and realleged as if fully set forth herein.

54. Paragraph 54 states a legal conclusion and therefore requires no response herein.

55. Paragraph 55 states a legal conclusion and therefore requires no response herein.

56. The allegations contained in paragraph 56 are admitted.

57. The allegations contained in paragraph 57 are denied.

58. The allegations contained in paragraph 58 are denied.

59. The allegations contained in paragraph 59 are denied.

60. The allegations contained in paragraph 60 are denied.

61. Defendant's answers to paragraphs 1 to 20, 41 to 47 and 49 to 50 are repeated and realleged as if fully set forth herein.

62. The allegations contained in paragraph 62 are denied.

63. The allegations contained in paragraph 63 are denied.

64. ProMedia's answers to paragraphs 1 to 25 are repeated and realleged as if fully set forth herein.

65. The allegations contained in paragraph 65 are denied.

66. The allegations contained in paragraph 66 are denied.

67. ProMedia's answers to paragraphs 1 to 25 are repeated and realleged as if fully set forth herein.

68. The allegations contained in paragraph 68 are denied.

69. The allegations contained in paragraph 69 are denied.

70. ProMedia's answers to paragraphs 1 to 20 are repeated and realleged as if fully set forth herein.

71. The allegations contained in paragraph 71 are denied.

72. The allegations contained in paragraph 72 are denied.

73. The allegations contained in paragraph 73 are denied.

## AFFIRMATIVE DEFENSES

1. Blumenschine fails to state a claim on which relief can be granted.

2. Blumenschine lacks jurisdiction with respect to the 7th, 8th and 9th Counts.

3. With respect to the 8th Count, any recovery is barred or must be proportionately reduced by Blumenschine's contributory negligence.

WHEREFORE, defendant Professional Media Group, LLC demands that plaintiff Blumenschine's Complaint be dismissed in its entirety; that defendant be awarded its costs and expenses of suit, including a reasonable attorneys' fee; and for such other and further relief as this Court may deem just and proper.

    Defendant Professional Media
    Group, LLC

By: _____
    George P. Birnbaum (Ct04937)
    22 Old Studio Road
    New Canaan, CT 06840
    (203)972-3063

## CERTIFICATION

    This is to certify that a copy of the foregoing was mailed to the following counsel of record, this 25th day of February, 2003, to:

Scott R. Lucas, Esq.
Mary Alice S. Canaday, Esq.
Martin, Lucas & Chioffi, LLP
Attorneys for Lisa K. Blumenschine
117 Summer Street
Stamford, CT  06905
(203) 324-4200

                                              _____
                                              GEORGE P. BIRNBAUM

**EXHIBIT J**

From:    "BILL ZIPERMAN"
To:      <all@promediagrp.com>
Sent:    Wednesday, September 26, 2001 3:15 PM
Subject: Lisa Blumenschine's Promotion

I'm pleased to announce that Lisa Blumenschine has been promoted to Associate Publisher for Matrix.

This is good news for Matrix. Lisa has been with Matrix since its launch and has done a terrific job helping the book get established in the higher education market. She has contributed greatly to Matrix' steady growth and this new position will allow her to use more of her skills as we move the magazine to the next level. Lisa will, in addition to continue growing her own territory, support and manage the sales effort. She will also continue to play a key role in positioning the magazine and developing collateral sales material.

Lisa has enjoyed great success in the past working for a number of magazines including, Operations & Fulfillment, DM News, Catalog Age and Direct. I look forward to her leveraging this experience for a more successful Matrix.

9/26/01