2003 WL 22843082
--- F.Supp.2d ----
(Cite as: 2003 WL 22843082 (E.D.N.Y.))

United States District Court,
E.D. New York.

Stuart KERN, Plaintiff,
v.
BROOKHAVEN NATIONAL LABORATORY and Donald Fleming, Defendants.

No. CV 01-7320.

Nov. 21, 2003.

**Background:** Former employee sued employer, alleging claims of age discrimination and retaliation in violation of the Age Discrimination in Employment Act (ADEA) and parallel provision of state law.

**Holding:** Upon employer's motion for summary judgment, the District Court, Wexler, J., held that fact issue of whether former employee was constructively discharged due to working conditions imposed upon him by his supervisor based on his age precluded summary judgment.

Motion denied.

**[1] Civil Rights** ⚐1200

78k1200 Most Cited Cases

**[1] Civil Rights** ⚐1201
78k1201 Most Cited Cases

The ADEA makes it unlawful for an employer to discriminate against employees who are at least forty years of age on the basis of age. Age Discrimination in Employment Act of 1967, § 4(a)(1), 29 U.S.C.A. § 623(a)(1).

**[2] Civil Rights** ⚐1210
78k1210 Most Cited Cases

An employee alleging disparate treatment based upon age under the ADEA must show that age actually motivated the employer's action, that the employee's age must have actually played a role in the employer's decisionmaking process and had a determinative influence on the outcome. Age Discrimination in Employment Act of 1967, § 4(a)(1), 29 U.S.C.A. § 623(a)(1).

**[3] Civil Rights** ⚐1201
78k1201 Most Cited Cases

An employee's prima facie ADEA claim requires a showing that: (1) he or she was a member of the class sought to be protected by the ADEA; (2) he or she was qualified for the position; (3) he or she experienced an adverse employment action; and (4) adverse employment action occurred under circumstances giving rise to an inference of discrimination. Age Discrimination in Employment Act of 1967, § 4(a)(1), 29

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Westlaw Attached Printing Summary Report
for
**DEJESUS, DANIELA 2809077 Thursday, January 22, 2004 10:29:39 Central**

(C) 2004. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2004 West, a Thomson business. No claim to orig. U.S. govt. works."Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN. WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.

| | |
|---|---|
| Request Created Date/Time: | Thursday, January 22, 2004 10:29:00 Central |
| Client Identifier: | BLUMENSCHINE |
| Database: | DCT |
| Citation Text: | 2003 WL 22843082 |
| Lines: | 276 |
| Documents: | 1 |
| Images: | 0 |

2003 WL 22843082
--- F.Supp.2d ----
(Cite as: 2003 WL 22843082 (E.D.N.Y.))

Page 2

U.S.C.A. § 623(a)(1).

**[4] Civil Rights ⚖1201**
78k1201 Most Cited Cases

While evidence that an employee was replaced by a younger individual is a valuable indicator of age discrimination under the ADEA, an employee need not show, as part of the prima facie case, that he was replaced by a someone younger than he. Age Discrimination in Employment Act of 1967, § 4(a)(1), 29 U.S.C.A. § 623(a)(1).

**[5] Civil Rights ⚖1539**
78k1539 Most Cited Cases

Under the *McDonnell Douglas* analysis, an employee alleging a claim of age discrimination under the ADEA bears the burden of production in establishing a prima facie case of discrimination, and after he has done so, the burden of production then shifts to the employer to offer a non-discriminatory reason for the employment action; once this reason is established, the presumption of discrimination arising with the establishment of the prima facie case drops from the matter, and the employee must show that the reason offered by employer is a pretext for discrimination. Age Discrimination in Employment Act of 1967, § 4(a)(1), 29 U.S.C.A. § 623(a)(1).

**[6] Civil Rights ⚖1551**
78k1551 Most Cited Cases

An employee's final burden of showing that employer's articulated reason for an adverse employment action is a pretext for age discrimination under the ADEA may be satisfied either by the introduction of additional evidence or by reliance on the evidence submitted in support of the prima facie case of discrimination. Age Discrimination in Employment Act of 1967, § 4(a)(1), 29 U.S.C.A. § 623(a)(1).

**[7] Federal Civil Procedure ⚖2497.1**
170Ak2497.1 Most Cited Cases

To avoid summary judgment on showing that employer's articulated reasons for adverse employment action are a pretext for age discrimination under the ADEA, an employee's evidence must be sufficient to support a rational finding that the legitimate, non-discriminatory reasons proffered by the employer were false, and that more likely than not discrimination was the real reason for the action taken. Age Discrimination in Employment Act of 1967, § 4(a)(1), 29 U.S.C.A. § 623(a)(1); Fed.Rules Civ.Proc.Rule 56(c), 28 U.S.C.A.

**[8] Federal Civil Procedure ⚖2497.1**
170Ak2497.1 Most Cited Cases

Determination of whether summary judgment is appropriate in a case involving age discrimination under the ADEA upon employee's evidence that employer's articulated reasons for adverse employment action are pretext is case-specific; the court must examine the entire record to determine whether the employee could satisfy the ultimate burden of persuading the trier of fact that the employer intentionally

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Jan. 27. 2004 8:46AM   No.7103   P. 33
Case 3:02-cv-02244-HBF   Document 31-3   Filed 01/28/2004   Page 4 of 7
2003 WL 22843082
--- F.Supp.2d ----
(Cite as: 2003 WL 22843082 (E.D.N.Y.))
Page 3

discriminated against the employee. Age Discrimination in Employment Act of 1967, § 4(a)(1), 29 U.S.C.A. § 623(a)(1); Fed.Rules Civ.Proc.Rule 56(c), 28 U.S.C.A.

[9] Civil Rights 1551
78k1551 Most Cited Cases

An employee's burden of establishing a prima facie age discrimination case under the ADEA is de minimis. Age Discrimination in Employment Act of 1967, § 4(a)(1), 29 U.S.C.A. § 623(a)(1).

[10] Federal Civil Procedure 2497.1
170Ak2497.1 Most Cited Cases

Genuine issue of material fact as to whether employee, who was 59 years old when he voluntarily took part in employer's reduction in force, was constructively discharged due to working conditions imposed on him by his supervisor because of his age in violation of the ADEA, precluded summary judgment in favor of employer based on employee's alleged failure to establish a prima facie case. Age Discrimination in Employment Act of 1967, § 4(a)(1), 29 U.S.C.A. § 623(a)(1); Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.

Somma, Zabell & Associates, LLP by Saul D. Zabell, Esq., Farmingdale, NY, for Plaintiff.

Seyfarth Shaw, By Leonard A. Colonna, Esq., New York City, for Defendants.

*MEMORANDUM AND ORDER*

WEXLER, District Judge.

*1 This is an employment discrimination case alleging violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 631 ("ADEA") and a parallel provision of New York state law, see N.Y. Exec. L. §§ 296 and 297. Presently before the court is the Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is denied.

**BACKGROUND**

*I. Factual Background and Defendants' Motion*

The deposition testimony and other uncontroverted documents submitted in support of and in opposition to the motion reveal the following facts. Plaintiff Stuart Kern ("Plaintiff") was first employed at the Brookhaven National Laboratory ("Brookhaven Lab" or "Defendant") as a Programmer Analyst in 1962. He left Defendant's employ five years later. Thereafter, Plaintiff worked at various companies and ran his own consulting business for several years. In 1990, Kern returned to work at Brookhaven Labs as an Advanced Programming Analyst. At the time of his return, Kern was fifty years old.

Kern remained at Brookhaven until 1999, when he volunteered to take part in a reduction in force. Kern alleges that prior to leaving Brookhaven Labs he was a victim of age discrimination that led to intolerable working conditions. He further

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

alleges retaliation as a result of complaining about those conditions. Kern characterizes his leaving Brookhaven as a constructive discharge brought about by the unlawful working conditions imposed upon him by his supervisor. Defendants, on the other hand, allege that Kern voluntarily left his position and that he can prove neither retaliation nor constructive discharge. Accordingly, Defendants move for summary judgment dismissing the complaint.

## DISCUSSION

II. *Legal Principles*

A. *Standards For Summary Judgement*

A motion for summary judgment is properly granted only if the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FRCP 56(c); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking judgment bears the burden of demonstrating that no issue of fact exists. *McLee v. Chrysler Corp.* 109 F.3d 130, 134 (2d Cir.1997). However, when the nonmoving party fails to make a showing on an essential element of its case with respect to which it bears the burden of proof, summary judgment will be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party resisting summary judgment must not only show a disputed issue of fact, but it must also be a material fact in light of substantive law. Only disputed facts that "might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 242, 106 S.Ct. 2505.

Summary judgment is not defeated by vague assertions of unspecified disputed facts. *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990). Moreover, in the context of a case alleging employment discrimination, conclusory allegations of discrimination are insufficient to defeat summary judgment. *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985). While summary judgment may be inappropriate where intent and state of mind are implicated, "the mere incantation" of these issues does not "operate as a talisman to defeat an otherwise valid motion."

*2 "The salutary purposes of summary judgment--avoiding protracted, expensive and harassing trials--apply no less to discrimination cases than to commercial or other areas of litigation." *Id. see also Weinstock v. Columbia University*, 224 F.3d 33, 41 (2d Cir.2000). Nonetheless, the Second Circuit has recently reminded district courts that "careful scrutiny of the factual allegations may reveal circumstantial evidence to support the required inference of discrimination." *Graham v. Long Island Railroad*, 230 F.3d 34, 38 (2d Cir.2000).

B. *Elements of an ADEA Claim*

[1][2] The ADEA makes it unlawful for an employer to discriminate against employees that are at least forty years of age, on the basis of age. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 140-41, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); see 29 U.S.C. § 623(a)(1). A plaintiff alleging disparate treatment based upon age must show that age actually motivated the employer's action, that "the plaintiff's age must have 'actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome.'" *Reeves*, 530 U.S. at 141, 120 S.Ct. 2097, quoting, *Hazen Paper Co. v. Biggins*, 507

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993).

[3][4] Plaintiff's *prima facie* ADEA claim requires a showing: (1) that plaintiff was a member of the class sought to be protected by the ADEA; (2) that he was qualified for the position; (3) that he experienced an adverse employment action, (4) under circumstances giving rise to an inference of discrimination. *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 134 (2d Cir.2000); *Brennan v. Metropolitan Opera Ass'n, Inc.*, 192 F.3d 310, 317 (2d Cir.1999). While evidence that plaintiff was replaced by a younger individual is a "valuable indicator" of age discrimination, a plaintiff need not show, as part of the *prima facie* case, that he was replaced by a someone younger than he. *Brennan*, 192 F.3d at 317.

C. *Burden Shifting Analysis*

Claims of employment discrimination brought pursuant to Title VII are subject to the burden shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); see *Reeves*, 530 U.S. at 140, 120 S.Ct. 2097 (assuming that *McDonnell Douglas* framework applies to ADEA cases); *Brennan v. Metropolitan Opera Assoc., Inc.*, 192 F.3d 310, 316 (2d Cir.1999) (same).

[5][6] Under the *McDonnell Douglas* analysis, the plaintiff bears the burden of production in establishing a *prima facie* case of discrimination. The burden of production then shifts to defendant to offer a non-discriminatory reason for the employment action. Once this reason is established, the presumption of discrimination arising with the establishment of the prima facie case drops from the matter. See *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 510-11, 113 S.Ct. 2742, 2748-49, 125 L.Ed.2d 407 (1993); *Weinstock*, 224 F.3d at 42. Thereafter, it is for the plaintiff to show that the reason offered by defendant is a pretext for discrimination. See *Reeves*, 530 U.S. at 148, 120 S.Ct. 2097. Plaintiff's final burden of showing pretext may be satisfied either by the introduction of additional evidence or by reliance on the evidence submitted in support of the *prima facie* case of discrimination. See *id.*

*3 [7][8] To avoid summary judgment, plaintiff's evidence must be "sufficient to support a rational finding that the legitimate, non- discriminatory reasons proffered by the [employer] were false, and that more likely than not [discrimination] was the real reason" for the action taken. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir.1996), quoting, *Woroski v. Nashua Corp.*, 31 F.3d 105, 110 (2d Cir.1994). The determination of whether summary judgment is appropriate is case-specific. The court must examine the entire record to determine whether the plaintiff "could satisfy the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." *Schnabel v. Abramson*, 232 F.3d 83, 90-91 (2d Cir.2000), quoting, *Reeves*, 530 U.S. at 143, 120 S.Ct. 2097.

III. *Disposition of the Present Motion*

A. *Plaintiff's Prima Facie Case*

[9][10] Plaintiff's burden of establishing a *prima facie* discrimination case has been described as "de minimus." *Brennan*, 192 F.3d at 316-17, quoting, *Chambers v.*

*TRM Copy Centers,* 43 F.3d 29, 37 (2d Cir.1994); *see also Graham,* 230 F.3d at 38 (evidence required to satisfy *prima facie* case at summary judgment stage is "minimal"). In view of this light burden, the court holds that a *prima facie* case has been established. Plaintiff has clearly established that he falls within the class of individuals protected by the ADEA--he was fifty-nine years old when he left the Brookhaven Lab. Plaintiff's allegation of constructive discharge and intolerable working conditions satisfy the elements of adverse employment action leading to an inference of discrimination.

Defendants dispute the factual underpinnings of Plaintiff's claims. According to Defendants, the conditions under which Plaintiff worked never rose to the level required to show constructive discharge. Defendants further allege that the only reason that Plaintiff left his position with Brookhaven Labs was because he feared termination before the vesting of his medical benefits.

While Defendants dispute the facts of the incidents relied upon by Plaintiff, the fact-finding required to accept Defendants' version of the events is not an exercise that may be carried out in the context of a motion for summary judgment. The ultimate question for the court is whether, upon examination of the entire record, Plaintiff "could satisfy the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." *Schnabel v. Abramson,* 232 F.3d 83, 90-91 (2d Cir.2000), quoting, *Reeves,* 530 U.S. at 143, 120 S.Ct. 2097.. The court cannot say, at this juncture, that Plaintiff cannot satisfy this burden. Accordingly, the motion for summary judgment dismissing Plaintiff's claim of employment discrimination is denied. The court similarly denies the motion to dismiss the New York State Human Rights Law claim at this time. Defendants may renew their request for summary judgment at the close of the Plaintiff's case.

*CONCLUSION*

*4 For the foregoing reasons, Defendants' motion for summary judgment is denied. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.

2003 WL 22843082, --- F.Supp.2d ----, 2003 WL 22843082 (E.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works