# GEORGE P. BIRNBAUM
ATTORNEY AND COUNSELOR AT LAW
ADMITTED NY & CONN BARS

22 OLD STUDIO ROAD
NEW CANAAN, CONNECTICUT 06840
(203) 972-3063
(203) 966-9770

**PLAINTIFF'S EXHIBIT NO. H**

May 16, 2002

**BY FEDERAL EXPRESS**

Connecticut Commission on Human
Rights and Opportunities
1057 Broad Street
Bridgeport, CT 06604

    Re:   CHRO Case No. 0220357
           Lisa K. Blumenschine v. Professional
           Media Group LLC

To the Appropriate Commission Officer:

    I represent respondents Professional Media Group LLC ("Promedia") and Daniel Shannon; Mr. Shannon is an employee of Promedia and holds the title Publisher of its *University Business incorporating Matrix* Magazine.

    Enclosed, in response to the complaint of Lisa K. Blumenschine ("Blumenschine"), please find the following:

    1. Response to allegations in Blumenschine's complaint;

    2. Response to Commission's request for information;

    3. Respondents' Statement of Facts, which is to be read in connection with respondents' response to the allegations of Blumenschine's complaint;

Connecticut Commission on Human
Rights and Opportunities
Page 2
May 16, 2002

    4.   Affidavit of Daniel Shannon;

    5.   Verifications on oath of Respondents' submissions by both William Ziperman, Executive Vice President and General Manager of Promedia, and Daniel Shannon;

    6.   My notice of appearance in this matter.

    I also enclose a copy of Blumenschine's employee file, as requested by the Commission.

    I respectfully submit that the Commission's review of this material, and any other material the Commission may require, demonstrates that there is "no reasonable cause" for believing that discrimination or retaliation caused Blumenschine's termination in early 2002.

    In this regard, I would like to direct the Commission's attention to just some of the most significant facts contained in the accompanying responses:

    1.   Respondent is a small company (only 32 employees, 26 of whom are located in Connecticut) which publishes trade magazines in the educational field. The company earns its revenues through the sale of advertising, since almost all copies of the magazines are given away rather than sold by subscription. Blumenschine's job, like that

Connecticut Commission on Human
Rights and Opportunities
Page 3
May 16, 2002

of a number of other employees at Promedia, depended solely on her sale of advertising, since such advertising produced the revenue Promedia needed to stay in business. Blumenschine was a highly compensated employee; in the <u>less than two years</u> of her employment by Promedia, Blumenschine earned in excess of $200,000.

In 2001, Blumenschine sold 26.3 pages of ads, amounting to only $127,000 in revenue, while her subordinate Terry Nelson, <u>a 55-year-old woman</u>, sold 44.7 pages (amounting to $227,500 in advertising revenues).

Blumenschine was named Associate Publisher of Matrix in September of 2001, but after the promotion in title, her performance rapidly worsened. In the last three issues of the magazine published during her tenure, her contributions became increasingly negligible. In September of 2001 she sold 5.7 pages of advertising for a total of $27,400 in revenue; in October, 2001, she sold 2.7 pages of advertising (a total of $13,100 in revenue); finally, in November of 2001, she sold only 1.2 pages of advertising for a total of $5,500 in revenue.

Connecticut Commission on Human
Rights and Opportunities
Page 4
May 16, 2002

Blumenschine's comments to her superiors indicated that she was well aware that her performance was unsatisfactory, and that she was likely to be terminated for lack of sales, as happened immediately after the 2001 holidays. Accordingly, Blumenschine's termination was solely for inadequate performance, and for no other reason.

2. Blumenschine's complaints of sex and age discrimination cannot withstand the irrefutable facts of Promedia's treatment of other older women employees who <u>were</u> productive for the Company. As indicated in the attached response, the <u>highest paid employee</u> in the Company in 2001 was a 46-year-old female salesperson, Melanie Jenkins, who earned almost $180,000 in 2001, more than any male executive. Similarly, Blumenschine's subordinate, Terry Nelson, a 55-year-old woman salesperson -- who sold almost twice as much advertising as Blumenschine in 2001 -- is still with the Company and making more in 2002 than she did last year. Thus, older women are not only employed and valued by the Company; their compensation is in direct relation to their advertising production. Had Blumenschine been a productive employee, her employment would not have

Connecticut Commission on Human
Rights and Opportunities
Page 5
May 16, 2002

been terminated; as it was, her 2000-2001 production did not cover her salary, benefits and overhead.

    3. Finally, Blumenschine's after-the-fact complaint of "dismissal for retaliation" (the CHRO itself added this to her affidavit) is also wholly unsupported. Blumenschine never filed a formal complaint of discrimination with the Company, nor did she make any oral complaint of discrimination to any senior executive. Her casual comment to Daniel Shannon, to the effect that the small management group of the company was a "boys club," was answered by him and never repeated. One passing comment, followed up neither by written nor oral complaints, cannot be sufficient to inform the Company (some of whose executives Blumenschine had known for years but to none of whom she complained) that she had a complaint. Any true complaint would have been promptly investigated and dealt with. Where there is no knowledge that a complaint has occurred, there scarcely can be retaliatory firing based on that (non-)complaint.

    Blumenschine no doubt was disappointed not to retain her lucrative position when it became clear to everyone,

Connecticut Commission on Human
Rights and Opportunities
Page 6
May 16, 2002

including herself, that she had ceased to be a productive employee. Her complaints of discrimination and retaliatory treatment, however, are unsupported by hard facts, and should be dismissed.

                                  Yours very truly,

                                  George P. Birnbaum
                                  Attorney for Respondents

GPB:ts
Enclosures

cc:   Scott R. Lucas, Esq. (Certified Mail/RRR)
      Martin, Lucas & Chioffi, LLP
      1177 Summer Street
      Stamford, Connecticut 06905

      Attorneys for Complainant Lisa Blumenschine