UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA K. BLUMENSCHINE, | : | CIVIL ACTION NO. |
| | : | 302 CV 2244 (HBF) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| PROFESSIONAL MEDIA GROUP, LLC, | : | APRIL 17, 2006 |
| | : | |
| Defendant. | : | |

MOTION IN LIMINE SEEKING TO EXCLUDE TESTIMONY
OF DANIEL BOUCHER AND EVIDENCE
FROM IRRELEVANT TIME PERIODS

The Plaintiff, Lisa K. Blumenschine (hereafter "Plaintiff" or "Ms. Blumenschine") respectfully requests that this Court preclude and/or limit evidence proffered by Defendant, Professional Media Group, LLC's (hereafter "Defendant" or "ProMedia") to time periods relevant to this litigation and to individuals with firsthand knowledge of the facts and events surrounding this litigation.

## FACTS

The facts of this case are more fully set forth in pretrial memo, filed simultaneously herewith. However, the following is a brief summary of facts relevant to this Motion.

Plaintiff was terminated from her position with Defendant on or about January 2, 2002. Shortly thereafter, the Defendant hired Daniel Boucher as a Group Publisher. He remained employed until he was terminated on June 10, 2002 for reasons arising from a complaint of sexual harassment against him. Defendant seeks to introduce his testimony and evidence of the

sexual harassment charges against him, and actions taken in response thereto, all of which occurred long after Lisa Blumenschine had been terminated from the company and after the Defendant was aware of her claims. To proffer to the jury such after-the-fact evidence of compliance with the law is not probative and potentially highly prejudicial. The fact that a company, once accused of discrimination, "finds religion" and installs a never-before-followed policy of no tolerance is not probative of what happened to Plaintiff. It unfairly suggests Defendant had in place such a system to prevent and address discrimination, which it did not. Moreover, it remains a mystery how testimony of Mr. Boucher, who has never met Plaintiff and according to his deposition testimony only "heard" about her firing, can have anything admissible to say when he was not employed by Defendant until months after Plaintiff's termination.

Defendant also seeks to introduce a list of employees, showing their sex, age, position and employment status. The list contains information about all employees, a few who worked in the same time period as Lisa Blumenschine, but also includes information about hirings and firings that occurred outside the relevant time period in this litigation.

Plaintiff now moves for an order limiting the forgoing proposed evidence because it is irrelevant and highly prejudicial.

### *ARGUMENT*

Evidence must be relevant to be admitted at trial. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evidence 401. However, even relevant evidence must satisfy Rule 403

before it can be presented to the jury. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evidence 403.

Events occurring after the Plaintiff's discharge have "no bearing upon the question of whether the discharge decision was motivated by discriminatory intent." Johnson v. Yellow Freight System, Inc., 734 F.2d 1304, 1310 (8th Cir 1984). In Johnson, the plaintiff alleged termination in violation of Title VII and 42 U.S.C. §1981. Id., at 1306. Defendant wrote a letter summarizing the reasons for plaintiff's termination in which it cited poor performance and other issues, including an allegation that the plaintiff had threatened other employees. Id., at 1310. The defendant later discovered that the allegations of threats were not true, and plaintiff wanted to introduce defendant's error as proof of discriminatory intent. Id. The decision to exclude the evidence as irrelevant was upheld by the appellate court. Id.

Courts have routinely utilized Rule 401 to limit evidence to within a relevant time period. See, e.g., Tomkin v. Phillip Morris USA, Inc., 362 F.3d 882, 900 (6th Cir. 2004) (In products liability action, trial court did not err in excluding evidence after a certain date as irrelevant); Gulbranson v. Duluth, Missabe and Iron Range Ry. Co., 921 F.2d 139, 142 (8th Cir. 1990) (holding minutes of a meeting where defendant acknowledged the danger which caused the injury in this personal injury action irrelevant because the meeting occurred eight months after the accident, and the minutes had "no tendency to make the existence of any fact that is of consequence more or less probable because the evidence is too remote in time from the date of the accident.") The court in Gulbranson also noted that the fact that defendant "may have been

aware of a continuing problem in April of 1985 is not probative of its knowledge in July of 1984." Id.

In the case at bar, the Defendant's activities in June of 2002 in handling the allegations of sexual harassment against Dan Boucher are not probative of whether or not it discriminated against Ms. Blumenschine, nor is information about the employees hired and fired in the Defendant's company in the years prior to and following Ms. Blumenschine's tenure. Defendant is presenting this information in an attempt to persuade jurors that it is not a company that discriminates, by showing that they take firm stances on such issues, and also that they hire female and elderly employees. The only relevant issues in this case, however, stem from the company's activities surrounding Ms. Blumenschine's employment and, in particular, events leading up to Ms. Blumenschine's termination. The Second Circuit has made it clear that emotional appeals urged by Defendant are precisely the evidence that Rule 403 is meant to exclude.

> Evidence is prejudicial only when it tends to have some adverse effect upon a [party] beyond tending to prove the fact or issue that justified its admission into evidence. The prejudicial effect may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the [party]. (internal citations omitted.) Perry v. Ethan Allen, Inc., 115 F.3d 143, 151 (2d Cir. 1997) (citations omitted.)

The entirety of the testimony proposed by the Defendant through Dan Boucher and Exhibit 501 depicting the alleged employee history of Defendant is prejudicial, wasteful and not probative of any material issues at trial. Because its probative value is substantially outweighed by the danger of unfair prejudice, the testimony should not be admitted, pursuant to Federal Rule of Evidence 403.

4

## *CONCLUSION*

For the forgoing reasons, Plaintiff respectfully requests that the testimony of Daniel Boucher be precluded and that the proposed Exhibit 501 not be admitted into evidence.

By _____
Scott R. Lucas (ct00517)
Keith A. McBride (ct26929)
Attorneys for Plaintiff,
Lisa K. Blumenschine
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com
kmcbride@mlc-law.com

## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of April, 2006, a copy of the foregoing was mailed, first class, postage prepaid, to:

George P. Birnbaum, Esq.
Thomas P. Minogue, Esq.
Michael L. Ferch, Esq.
Minogue Birnbaum LLP
237 Elm Street
New Canaan, CT 06840
Phone: (203) 966-6916
Fax: (203) 966-6917

Scott R. Lucas