## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LISA K. BLUMENSCHINE,** | : | **CIVIL ACTION NO.** |
| | : | **302 CV 2244 (HBF)** |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | |
| **PROFESSIONAL MEDIA GROUP,** | : | |
| **LLC,** | : | **APRIL 17, 2006** |
| | : | |
| **Defendant.** | : | |

### MOTION IN LIMINE SEEKING TO EXCLUDE
### OPINION TESTIMONY AS TO DISCRIMINATION,
### TESTIMONY AS TO NEGATIVE CHARACTER
### AND UNTIMELY DISCLOSED WITNESSES

The Plaintiff, Lisa K. Blumenschine (hereafter "Plaintiff" or "Ms. Blumenschine"), respectfully requests that this Court preclude the proposed testimony regarding Plaintiff's alleged propensity to complain, testifying as to whether Plaintiff was discriminated against, and finally, the testimony of the new and additional witnesses not timely disclosed by Defendant, Professional Media Group, LLC (hereafter "Defendant" or "ProMedia"), after this Court's ruling on summary judgment and incident to the creation of the pretrial memo.

### *FACTS*

The facts of this case are more fully set forth in the pretrial memorandum filed simultaneously herewith. However, the following is a brief summary of facts relevant to this Motion.

Following the termination of her employment with Defendant, Plaintiff filed this action alleging discrimination on the basis of her sex and age in violation of Title VII and the ADEA, respectively, violation of Connecticut General Statutes §46a-60(a), retaliation in violation of Title VII and the ADEA, violation of Conn. Gen. Stat §46a-60(a)(4), as well as promissory estoppel, negligent misrepresentation, and unpaid wages in violation of Conn. Gen. Statutes §31-72. The parties filed a Planning Conference Report pursuant to Rule 16 of the Federal Rules of Civil Procedure, and made initial disclosures as is required by Rule 26. (See Defendant's Rule 26(a) Disclosures, attached hereto as Exhibit A.) The Court entered a Scheduling Order on March 14, 2003 setting September 18, 2003 as the deadline for all discovery. At the parties' request, the Court later signed an order extending the discovery deadline to October 2, 2003.

On or about February 13, 2003, the Plaintiff served its first interrogatories and requests for production on Defendant. In Interrogatory No. 14, Plaintiff sought the identity of "all witnesses with knowledge of any facts you rely upon in the defense of this matter and for each such witness, state the facts relied upon and/or known." Defendant served a timely response which disclosed a number of witnesses. (See Defendant's Response attached hereto as Exhibit B.) Relevant depositions were taken, and discovery in this case closed on October 2, 2003. Both parties filed summary judgment motions, which were denied by the Court on November 10, 2005. The case was set for trial, currently scheduled to begin on May 17, 2006.

Subsequent to this Court's ruling on the summary judgment motions, on or about January 19, 2006, the Defendant served a supplemental response to its interrogatory responses in which it stated, "In addition to . . . the individuals previously disclosed in ProMedia's answer to interrogatory 14 dated April 14, 2003, the following may be additional witnesses for ProMedia,"

2

and proceeded to disclose Carrie Abel, Maureen Mollahan, Rosetta Moore, and Frances Cassone. (See Supplemental Discovery Response attached hereto as Exhibit C.) These individuals had not previously been mentioned in the initial disclosures required by Rule 26(a), or during the Court's designated discovery period.

As the parties were exchanging pre-trial information, the Defendant disclosed "Defendant's List of Witnesses," in which it indicated its intention to call 3 other witnesses, Gloria Williams, Terry Nelson and Ellen Ziperman, as to similar facts and topics as the four females disclosed in the supplemental discovery. (See Joint Pretrial Memo "Defendant's List of Witnesses.") Gloria Williams and Ellen Ziperman had been previously disclosed, but this witness list, served on April 7, 2006, is the first time Defendant indicated its intention to call Terry Nelson as a witness, and she was not disclosed in Defendant's Rule 26(a) disclosures.

According to the Defendant, Ellen Ziperman, Gloria Williams, Terry Nelson, Carrie Abel, Maureen Mollahan, Rosetta Moore, and Frances Cassone are all employees or former employees of the Defendant. Assumedly, they are all also women. The documents do not list their current employer, location or contact information.[1] These women are being proffered by Defendant to testify that (1) though Ms. Blumenschine had made many complaints about ProMedia generally, she never complained about discrimination, (2) in their opinion, Defendant ProMedia is not a discriminatory workplace, as they feel they have been treated fairly, and (3) if they ever had concerns about unfair treatment, they would know to complain to Joe Hanson. (See Exhibit C hereto and Pretrial Memo.)

---

[1] In this respect, the discovery response remains incomplete, since the Plaintiff's interrogatory specifically asks that the Defendant identify these potential witnesses, which in accordance with Definition C in that document, should include their "present or last known address, and when referring to a natural person, additionally, the present or last known place of employment." (See Exhibit C).

Plaintiff moves for an order excluding opinion testimony as to discrimination, testimony as to negative character and all of the testimony of untimely disclosed witnesses.

### *ARGUMENT*

I.   ***DEFENDANT'S DISCLOSURE OF WITNESSES IS UNTIMELY, IN VIOLATION OF FEDERAL RULE OF CIVIL PROCEDURE 26 AND THE COURT'S SCHEDULING ORDER, AND UNFAIRLY PREJUDICES THE PLAINTIFF, AND THEREFORE THE TESTIMONY OF THE WITNESSES SHOULD BE PRECLUDED.***

Plaintiff first turns the Court's attention to Carrie Abel, Maureen Mollahan, Rosetta Moore, and Frances Cassone, the witnesses disclosed in Defendant's Supplemental Discovery Response of January 19, 2006, and to Terry Nelson, who was first disclosed as a potential witness on April 7, 2006. Rule 26(e) controls supplementation of interrogatory responses and initial disclosures. It states, in pertinent part,

> A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances: (1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. ... (2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Defendant's attempt to supplement its discovery response ***after*** the close of discovery and just prior to trial violates Rule 26 and this Court's Scheduling Order. Robbins v. Ryan's Family Steak Houses East, Inc., 223 F.R.D. 448, 454 (S.D.Miss. 2004) (serving supplemental responses

more than three months after discovery cutoff deadline and approximately one month before beginning of the case's trial calendar warranted bar against presentation at trial of any evidence first propounded in those supplemental responses); Royalty Petroleum Co. v. Arkla, Inc., 129 F.R.D. 674, 680 (W.D.Okl., 1990) ("Defense counsel's Supplemental Response filed more than two months after discovery cutoff, more than two weeks after jury selection and on the eve of trial, totally frustrates the intent and purpose of this Court's Scheduling Order."). "It is within the inherent power of the district court to impose sanctions for a violation of Rule 26(e)." Empressa Cubana Del Tabaco v. Culbro Corporation, 213 FRD 151, 159 (S.D.N.Y. 2003).

Courts have routinely excluded evidence as a sanction for a violation of Rule 26 or the Scheduling Order. See L-3 Communications Corp. v. OSI Systems, Inc., (No. 02Civ.9144(DC)) 2005 WL 712232, *2 (S.D.N.Y. 2005) ("Parties that fail to disclose evidence in discovery may be precluded from relying on that evidence at trial or in motion practice.") (attached as Exhibit F); Ty, Inc., v. Publications International, Ltd., (No. 99C5565) 2004 WL 421984 (N.D. Ill. 2004) (denying a motion to reconsider the court's decision to exclude witnesses disclosed in a supplemental interrogatory answer following the close of discovery and summary judgment rulings) (attached as Exhibit G). In the Seventh Circuit, "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of rule 26(a) was either harmless or justified." Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998). The Second Circuit has also held that exclusion of evidence is the proper sanction for such violations in certain cases. See Outley v. City of New York, 837 F.2d 587, 590 (2d Cir. 1988).

In Outley, the court looked to the Fifth Circuit, and adopted its four factor analysis for determining whether evidence should be excluded following a violation of Rule 26. Outley, 837

F.2d at 590. The four factors include (1) the explanation, if any, for the failure to disclose the witness, (2) the witness's importance, (3) the need for time to prepare to meet the testimony, and (4) the possibility of a continuance. Id. Looking at these factors, the appellate court reversed the trial judge's decision to preclude the evidence. Id., at 591. In this case, however, the situation surrounding the failure to disclose the witnesses makes exclusion an appropriate remedy in this case under Outley. Id., at 590.

In Outley, the Plaintiff's counsel listed two witnesses on his interrogatory responses whose contact information he did not have, and then neglected to supplement his discovery responses when he discovered their contact information. Id., at 588-89. In light of the plaintiff's attorney's "good faith mistake," and also in light of the defendant's failure to seek additional details during discovery about the witnesses listed in the interrogatory response, exclusion was not an appropriate remedy. Id., at 590. In Ms. Blumenschine's situation, the Defendant did not disclose its intention to call Ms. Abel, Ms. Mollahan, Ms. Moore, and Ms. Cassone as witnesses until January 19, 2006, long after discovery had closed. Disclosure regarding Ms. Nelson followed a few months later. Defendant has not, as of yet, stated any excuse as to why these individuals were not previously mentioned. These witnesses have all been employees with Defendant, and thus, the Defendant should have been aware of their identity and the fact that they purportedly had knowledge pertinent to the defense throughout this litigation. Despite the Outley court's acknowledgement of a harmless "good faith" mistake, the Second Circuit later noted that even in the absence of bad faith, delay arising from neglect was sufficient for precluding undisclosed evidence. See Wolak v. Spucci, 217 F.3d 157, 161 (2d Cir. 2000). Because of the proximate nature of the witnesses and the exceedingly untimely disclosure of

Defendant's intent to call them as witnesses, it is not likely that any absolvent excuse exists in this case.

The second factor, the importance of the witnesses, was critical to the Outley court, as the witnesses in question were the only eye-witnesses to an incident of alleged police brutality. Outley, 837 F.2d at 588. The court stated, "Because the evidence of these witnesses was so important, only extreme conduct on the part of the plaintiff or extreme prejudice suffered by the defendants . . ." would justify preclusion. However, as is more fully explained in Section II, infra, the proposed testimony of the witnesses in the current case has little or no probative value. This makes them highly susceptible to exclusion.

The third factor "goes to the prejudice suffered by the opposing party," who will need time to discover what the undisclosed witness intends to say, and to prepare an adequate cross examination. In Outley, the court felt that a "brief interview" might have been sufficient for probing the witness' factual knowledge and to uncover possible weaknesses in their testimony. Id., at 591. However, in the case at bar, Plaintiff would need to conduct five full depositions of these witnesses to delve into their interactions with Ms. Blumenschine, with Dan Shannon and with other critical actors at ProMedia, as well as into each witness' employment history and background to determine their knowledge regarding Plaintiff. This would take a great deal longer than a "brief interview."

Furthermore, trial is scheduled in this matter to begin on May 17, 2006. At the present time, a continuance is unlikely, and would be highly prejudicial to the Plaintiff. This matter has been pending for 3.5 years, and is currently scheduled for a trial date certain. It would be patently unfair to allow Defendant to wait until the close of discovery and after summary

7

judgment rulings to disclose crucial witnesses, and then force the Plaintiff to move for a continuance and further delay these proceedings  See, e.g., Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883-84 (5th Cir. 2004) (using the analysis adopted by the Second Circuit in Outley, and stating that where the other factors favor exclusion of the evidence, the court is under no obligation to continue the trial)

For these reasons, the witnesses improperly disclosed in Defendant's supplemental discovery response should be deemed inadmissible and excluded.

## II.    THE PROPOSED TESTIMONY FROM THE DISCLOSED WITNESSES SHOULD BE EXCLUDED BECAUSE IT IS NOT RELEVANT TO THE MATERIAL ISSUES OF THIS CASE, AND BECAUSE ITS PROBATIVE VALUE IS GREATLY OUTWEIGHED BY THE PREJUDICE TO THE PLAINTIFF.

To be admissible, evidence must be relevant.  Fed. R. Evidence 402.  The proposed testimony of the five witnesses not timely disclosed, as well as Ellen Ziperman and Gloria Williams, delves into areas which are irrelevant to the issues to be adjudicated in this matter, and are highly prejudicial to the plaintiff.  As such, they should be excluded.

### A.    The Proposed Testimony Of The Witnesses As Indicated In the Defendant's Supplemental Interrogatory Has No Tendency To Make The Existence of Any Fact Of Consequence More Or Less Probable.

Under Federal Rule of Evidence 401, "relevant" evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evidence 401.  Rule 402 states that irrelevant evidence is not admissible.  Fed. R. Evidence 402.  The entirety of the proposed testimony to be proffered by for which these witnesses is not relevant to

any "fact that is of consequence" in this matter, and therefore the testimony should not be admitted.

According to their Supplemental Discovery Response and Witness List, Defendant intends to utilize these witnesses to show that (1) ProMedia and its employees, including Dan Shannon, do not discriminate on any basis, (2) Ms. Blumenschine never complained of any discrimination, and (3) other employees felt that they could have taken any such complaints to Joe Hanson.

The second and third proposed areas of testimony attempt to suggest that the Plaintiff failed to take advantage of preventative or corrective opportunities provided by the employer, as is provided in the Farragher/Ellerth affirmative defense. See, Farragher v. City of Boca Raton, 524 U.S. 775, 807 (1998); Burlington Industries, Inc v. Ellerth, 524 U.S. 742, 765 (1998). Under Farragher and Ellerth, a defendant has a defense to discrimination and sexual harassment when it can show "a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and that b) the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." Farragher, 524 U.S. at 807; Ellerth, 524 U.S. at 765.

In its Answer, Defendant asserted various affirmative defenses, but the Farragher/Ellerth defense was not one of them. (See Defendant's Answer.) "Failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case." Mooney v. City of New York, 219 F.3d 123, 127 FN2 (2d Cir. 2000) (quoting Charles A. Wright and Arthur R. Miller, 5

Federal Practice and Procedure § 1278 at 477 (1990)) [2]  The existence of a Farragher/Ellerth defense is not at issue in this case, having been waived by the Defendant. Accordingly, facts tending to establish that defense without any other independent relevance should also be excluded.

Moreover, even if Defendant had asserted a Farragher defense, there are two reasons why this affirmative defense would not be applicable in this case. First, the Defendant admits that it did not have any human resources department, or established guidelines aimed at preventing unlawful discrimination. (See Hanson Depo., p.17, L14-16, attached hereto as Exhibit D). Therefore, evidence that Plaintiff could have or should have utilized some informal or unannounced complaint procedure is irrelevant. The Defendant cannot conclusively establish the second element of the defense, since the employer admittedly provided no formal "preventative or corrective opportunities."

Second, and most importantly, whether or not the Plaintiff complained or could have complained of discrimination is immaterial to this case. As the U.S. Supreme Court explained in Ellerth, "no affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge . . .." Ellerth, 524 U.S. at 765; See also Leopold v. Baccarat, Inc., 239 F.3d 243, 245 (2d Cir. 2001). Here, it is undisputed that the Plaintiff was subject to an adverse employment action, that of termination, and thus the Farragher/Ellerth affirmative defense would not be available to the Defendant as a matter of law.

---

[2] Rule 15 of the Federal Rules of Civil Procedure provides for amendment of the pleadings, including affirmative defenses, but at this stage of the proceedings, following Summary Judgment and after the close of discovery, it would be highly prejudicial and patently unfair to allow the Defendant to introduce a new defense

For these reasons, two of the three areas of testimony which Defendant intends to present through these witnesses have absolutely no bearing on any facts of consequence to the determination of this action, and are therefore irrelevant, in violation of Fed. Rule of Evidence 401 and 402, and should not be admitted.

**B.    The Testimony Of The Witnesses Should Not Be Admitted Since Its Probative Value Is Greatly Outweighed By Its Prejudicial Effect, And Therefore Violates Federal Rule of Evidence 403.**

In light of the minimal probative value of this evidence, the witnesses are also susceptible to exclusion under Rule 403 of the Federal Rules of Evidence. That rule states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." As described above, the proposed testimony has no probative value as to the issues remaining for adjudication. Allowing the jury to consider their testimony would be prejudicial, a waste of time, and cause confusion.

Defendant intends to have the witnesses testify as to the Plaintiff's "willingness to complain, repeatedly and persistently, with respect to office matters which did not satisfy her," and "complaints about her office discontents other than discrimination," in an attempt to portray her as a "natural complainer." This evidence has no probative value regarding Ms. Blumenschine's allegations of discrimination, retaliation, negligent misrepresentation, promissory estoppel, or unpaid wages, and serves only to persuade the jury to dislike the Plaintiff, painting her as an irritable and difficult person who made frivolous complaints.

Defendant intends to present this evidence in the hopes that the jury will render a verdict based on inflamed emotions.

The Second Circuit has made it clear that such emotional appeals are precisely the evidence that Rule 403 is meant to exclude.

> Evidence is prejudicial only when it tends to have some adverse effect upon a [party] beyond tending to prove the fact or issue that justified its admission into evidence. The prejudicial effect may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the [party]. (internal citations omitted.) Perry v. Ethan Allen, Inc., 115 F.3d 143, 151 (2d Cir. 1997) (citations omitted.)

The entirety of the testimony proposed by the Defendant through these witnesses is prejudicial, wasteful and not probative of any material issues at trial. Because its probative value is substantially outweighed by the danger of unfair prejudice, the testimony should not be admitted, pursuant to Federal Rule of Evidence 403.   See, e.g., Constantino v. Herzog, M.D., 203 F.3d 156, 176 (2d Cir. 2000)(holding that alleged detrimental character flaws such as propensity to litigate are not properly placed before the trier of fact).

## III.    THE TESTIMONY OF THESE WITNESSES AMOUNTS TO IMPROPER LAY WITNESS OPINION TESTIMONY AND SHOULD NOT BE ADMITTED.

The third proffered basis for calling these witnesses, the fact that they will testify as to a lack of discrimination at Defendant's workplace, is inadmissible as improper opinion testimony.

Rule 701 of the Federal Rules of Evidence governs opinion testimony by lay witnesses. The rule describes three qualifying criteria for a lay witness' opinion. It must be "(a) rationally based on the perception of the witness, (b) helpful to a clear understand of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge . . ." Fed. R. Evidence 701. Lay witness testimony on whether or not discrimination

occurred at the company is not helpful to the jury in understanding the facts at issue, and therefore should not be permitted.

In Jacobs v. General Electric Company, the Connecticut Supreme Court overturned the trial court's decision to admit lay witness opinion testimony in an age discrimination case. Jacobs v. General Electric, 275 Conn. 395, 408 (Conn. 2005). The Defendant presented testimony from two of the Plaintiff's former co-employees, neither of whom participated in the decision to lay-off the Plaintiff. Id. at 405. Based on personal observations and knowledge of operations and employees at the Defendant's facility, one employee testified that he had not seen anything supporting a conclusion that the Plaintiff had been discriminated against, and the other testified that the Plaintiff was "the right candidate" to be laid off. Id.

The Connecticut Supreme Court, quoting the Second Circuit, stated that,

> In an employment discrimination action, [r]ule 701(b) bars lay opinion testimony that amounts to a naked speculation concerning motivation for a defendant's adverse employment decision. Witnesses are free to testify fully as to their own observations of the defendant's interaction with the plaintiff or with other employees, but the witness's opinion as to the defendant's [ultimate motivations] will often not be helpful within the meaning of [r]ule 701 because the jury will be in as good a position as the witness to draw the inference as to whether or not the defendant was motivated by an impermissible animus.

Id., at 407, quoting Hester v. BIC Corp., 225 F.3d 178, 185 (2d Cir. 2000). The court agreed with the Second Circuit, stating that "a lay witness may not offer speculative testimony as to an employer's motivation for an employment decision." Jacobs, 275 Conn. at 407.

In the case at bar, the witnesses were also not part of the decision making process for terminating the Plaintiff,[3] but still intend to opine that no discrimination occurred at ProMedia.

---

[3] Only Dan Shannon, Joe Hanson and William Ziperman were arguably involved with the decision to terminate Plaintiff. (Ziperman Depo. P. 74-75, L23-7 attached hereto as Exhibit E).

This is pure speculation by these witnesses as it relates to the Plaintiff's termination. Besides not being involved in the termination process, these women did not have the same supervisor, position, job description or responsibilities. For example, the Plaintiff supervised Ms. Nelson, who worked in Illinois. Ellen Ziperman and Frances Cassone were both part-time employees. Gloria Williams and Rosetta Moore both worked in clerical positions. Carrie Abel worked on design and production and had no involvement with sales, while Maureen Mollahan worked on a different magazine altogether. Their opinions should not be admitted, since the jury will be in as good a position to determine whether discrimination occurred once they are presented with evidence relevant to Ms. Blumenschine.

Pursuant to Rule 701 of the Federal Rules of Evidence, this proposed testimony is improper lay witness testimony and should not be admitted at trial.

### *CONCLUSION*

The Defendant's untimely disclosure of witnesses violates Rule 26 of the Federal Rules of Civil Procedure and this Court's Scheduling Order, and in so doing, the Defendant has prejudiced the Plaintiff. The Plaintiff respectfully requests that this Court enter an order precluding the testimony of these untimely disclosed witnesses.

By

Scott R. Lucas (ct00517)
Keith A. McBride (ct26929)
*Attorneys for Plaintiff,*
*Lisa K. Blumenschine*
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com
kmcbride@mlc-law.com

14

## *CERTIFICATE OF SERVICE*

This is to certify that on this 17th day of April, 2006, a copy of the foregoing was mailed, first class, postage prepaid, to:

George P. Birnbaum, Esq.
Thomas P. Minogue, Esq.
Michael L. Ferch, Esq.
Minogue Birnbaum LLP
237 Elm Street
New Canaan, CT 06840
Phone: (203) 966-6916
Fax: (203) 966-6917

Scott R. Lucas

# EXHIBIT A

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

LISA K. BLUMENSCHINE,       :   CIVIL ACTION NO.
                          :   302CV2244 DJS
          Plaintiff,     : 

V.                       : 

PROFESSIONAL MEDIA GROUP, LLC  :   April 15, 2003
          Defendant.     : 

## DEFENDANT'S RULE 26(a) DISCLOSURE

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, defendant Professional Media Group, LLC ("ProMedia") hereby surrenders to plaintiff Lisa Blumenschine ("Blumenschine") the following:

A.    In addition to some of the witnesses previously disclosed by Blumenschine, the list of witnesses attached as Exhibit A may have discoverable information ProMedia may use to support its defenses in this matter. ProMedia reserves the right to identify additional witnesses once discovery is

commenced.  In addition, ProMedia may utilize the testimony of one or more expert witnesses to be disclosed at an appropriate time in accordance with the Court's scheduling order.

B.    Documents, data compilations, and tangible things in ProMedia's possession, custody or control which ProMedia may use to support its defenses consist of ProMedia's business and sales records which, to the extent they are not privileged, either have been produced in the prior proceeding before the Connecticut Commission on Human Rights and Opportunities or will be produced in response to Plaintiff's First Request for Production of Documents.

Defendant reserves the right to supplement its disclosure as discovery progresses in accordance with the Federal Rules of Civil Procedure.

Defendant Professional Media Group, LLC

By: _____
George P. Birnbaum (Ct04937)
MINOGUE BIRNBAUM LLP
237 Elm Street
New Canaan, CT 06840
(203) 966-6916

2

## SCHEDULE A

Joseph J. Hanson

Daniel Kinnaman

Ellen Ziperman

Gloria Williams

Jane Mitola

## CERTIFICATION

This is to certify that on this 15th day of April, 2003, a copy of the foregoing was mailed, first class, postage prepaid, to the following counsel of record:

    Scott R. Lucas, Esq.
    Mary Alice S. Canaday, Esq.
    Martin, Lucas & Chioffi, LLP
    Attorneys for Lisa K. Blumenschine
    117 Summer Street
    Stamford, CT  06905
    (203) 324-4200


                                    _____
                                    GEORGE P. BIRNBAUM

**<u>EXHIBIT B</u>**

Hanson had conversations between themselves, in pairs and collectively, at dates currently unknown during the weeks and months leading to Lisa Blumenschine's dismissal.  These conversations related to Lisa Blumenschine's inadequate and declining sales performance.  See also ProMedia's answer to Interrogatory 8.

**Answer to Interrogatory 14:**    Joseph J. Hanson, William Ziperman and Daniel Kinnaman of ProMedia will testify as to the history of Lisa Blumenschine's employment, their personal knowledge of Lisa Blumenschine, her inadequate and declining sales performance, the decision to terminate Lisa Blumenschine, her lack of complaints of discrimination, ProMedia's history, and the absence of discrimination in its employment decisions (including but not limited to Lisa Blumenschine), the decision to terminate Lisa Blumenschine's employment and the decision to discontinue Lisa Blumenschine's non-recoverable draw against commissions, as well as other facts in support of ProMedia's defenses.  Some

9

of the witnesses disclosed by plaintiff also may be called
to testify to some or all of the foregoing facts.

Gloria Williams, Jane Mitola and some of the witnesses
disclosed by plaintiff may be called to testify to
ProMedia's lack of discrimination, as well as to ProMedia's
sales and accounting records which warranted Lisa
Blumenschine's termination, and as to the employment status
of other women and older employees.

Ellen Ziperman may testify as to the absence of
complaints from Lisa Blumenschine regarding discrimination
prior to her termination.

The foregoing may be supplemented during discovery.
Other facts relied upon in defense of this matter are
contained elsewhere in these interrogatories and in
ProMedia's response to Lisa Blumenschine's Request for
Documents.

**Answer to Interrogatory 15**:  ProMedia specifically
objects to this interrogatory on the basis that Lisa

10

## **EXHIBIT C**

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

LISA K. BLUMENSCHINE,          :   CIVIL ACTION NO. 302CV2244 DJS
                               :
              Plaintiff,       :
                               :
vs.                            :
                               :
PROFESSIONAL MEDIA GROUP LLC   :   JANUARY 19, 2006
                               :
              Defendant.       :

## DEFENDANT'S SUPPLEMENTAL ANSWER
## TO PLAINTIFF'S WITNESS INTERROGATORY

Defendant PROFESSIONAL MEDIA GROUP LLC (hereinafter
"ProMedia"), by its attorneys, Minogue Birnbaum LLP,
respectfully supplements its answer to interrogatory 14 as
follows:

In addition to some of the witnesses disclosed by plaintiff
and the individuals previously disclosed in ProMedia's answer to
interrogatory 14 dated April 15, 2003, the following may be
additional witnesses for ProMedia:

Carrie Abel will testify to the quality of ProMedia's
non-discriminatory workplace and her experience that women
are valued by the company. She will also testify to her
experience of the respactful and appropriate behavior of

Dan Shannon; she will testify to her knowledge of the
absence of sales by Lisa Blumenschine; finally, she will
testify that she would know exactly how to make a complaint
of discrimination if one had been warranted.

Maureen Mollahan will testify to her experience with
Lisa Blumenschine's behavior and Ms. Blumenschine's
willingness to complain, repeatedly and persistently, with
respect to office matters which did not satisfy her. She
will also testify to ProMedia's lack of a discriminatory
workplace and the fact that in her relationship with Dan
Shannon, he was never other than an appropriate and
respectful colleague; additionally, because Ms. Mollahan
had, like Lisa Blumenschine, worked at a previous Hanson
company, she will testify that she would have known to take
any matter as serious as discrimination directly to Joe
Hanson.

Rosetta Moore will testify to the non-discriminatory
workplace at ProMedia; that she would have no hesitation in
speaking to Joe Hanson if she felt that there was something
wrong or illegal at ProMedia; that, to her observation, Dan
Shannon never acted improperly; that she never heard any
complaint of discrimination from Lisa Blumenschine and
thought that Lisa Blumenschine was satisfied at ProMedia.

2

Frances Cassone, a woman in her late 70's, who has worked for Joe Hanson in two different businesses, will testify to her observation that the ProMedia workplace does not discriminate in terms of age or sex; she will also testify that she would not hesitate to approach Joe Hanson if she believed there was any illegal activity at the company; she will testify that although Lisa Blumenschine was a "natural complainer," she never complained of discrimination.

DEFENDANT PROFESSIONAL MEDIA
GROUP LLC

By: _____

George P. Birnbaum (CT04937)
MINOGUE BIRNBAUM LLP
Attorneys for Defendant
237 Elm Street
New Canaan, CT 06840
(203) 966-6916

3

## VERIFICATION

STATE OF CONNECTICUT  )
                      )  ss.;
COUNTY OF FAIRFIELD   )

JOSEPH J. HANSON, being duly sworn, deposes and says:

I am an Officer of defendant Professional Media Group LLC
in the within action; I have read the foregoing Supplemental
Answer to Plaintiff's Witness Interrogatory and know the
contents thereof; the same is true to the best of my own
knowledge, except as to the matters therein stated to be alleged
on information and belief, and as to those matters I believe it
to be true.

_____
JOSEPH J. HANSON

Sworn to before me this

18th day of January, 2006.

_____
     Notary Public or
Commissioner of Superior Court

4

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed
to the following counsel of record, this    day of January,
2006:

                Scott R. Lucas, Esq.
                Martin, Lucas & Chioffi, LLP
                Attorneys for Lisa K. Blumenschine
                177 Broad Street
                Stamford, CT 06901


                                    _____
                                        George P. Birnbaum

5

**EXHIBIT D**

1   with those type of issues, a senior manager will
2   bring it to your attention?
3       A.   I'm trying to think of other issues like
4   that that I got involved with.  I think generally
5   speaking, I walk around and talk to everybody
6   every day.  I will walk into an office, an
7   assistant art director and say what are you
8   working on, what's happening.  Did I see that
9   before.  I will talk to a salesman who's going to
10  Chicago and say, hey, don't forget to see so and
11  so if you can.  What happened on the last trip.  I
12  have no clear-cut recollection of somebody saying,
13  hey, I'm not getting along with somebody.
14      Q.   There's no human resources department at
15  Professional Media, correct?
16      A.   No.
17      Q.   Is there any individual dedicated to
18  take care of those issues?
19      A.   I would think Bill Zipperman would have
20  that responsibility.
21      Q.   So is it fair to say you will get
22  involved in those type of issues in a more casual
23  way by going around talking to people?
24      A.   Let me think of another case.  We have a
25  woman who is in charge of IT for the company and