UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA K. BLUMENSCHINE, | : CIVIL ACTION NO. 302CV2244 DJS |
| Plaintiff, | : |
| vs. | : |
| PROFESSIONAL MEDIA GROUP LLC, | : APRIL 17, 2006 |
| Defendant. | : |

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION IN LIMINE TO
ATTEMPT TO EXCLUDE CERTAIN FACT WITNESSES**

Plaintiff Lisa K. Blumenschine ("Blumenschine") moves to exclude testimony from four employees of defendant Professional Media Group LLC ("ProMedia") -- Carrie Abel, Maureen Mollahan, Rosetta Moore, Frances Cassone -- all of whom were employed during the time period of Lisa Blumenschine's employment by ProMedia, on the basis that they were not timely disclosed in this litigation, or will otherwise testify in violation of the Federal Rules of Evidence.

In fact, however, these witnesses, and a summary of their testimony, were disclosed in ample time for plaintiff

to have taken each of their depositions and/or otherwise prepare to meet their testimony fully, and plaintiff cannot not now claim she will be harmed as a result.

For this Court in its discretion to preclude the offered testimony, the Court must consider: 1) ProMedia's explanation for noncompliance with the disclosure requirement (here, ProMedia has complied fully); 2) the importance of the testimony (ProMedia submits it will bear directly on facts at issue in this matter); 3) prejudice to Blumenschine in having to prepare for new testimony (again, ProMedia disclosed the witnesses and proposed testimony months ago, with Blumenschine declining to depose them); and 4) the possibility of a continuance (despite having months to prepare, Blumenschine at the last possible moment has chosen to move to preclude). See, Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006) (quoting Softel, Inc. v. Dragon Med. & Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997).

The truth of the matter is that plaintiff, who will admit that she did not depose every person on either party's witness list, simply chose not to take these depositions. Accordingly, she cannot be heard to complain that she is in any way surprised by this testimony, or that the proposed testimony is not evidence of and relevant to

2

the facts at issue in this matter. The facts are as follows:

1. This matter was dormant for almost two years, between December 2003 and November 2005, while cross-motions for summary judgment were *sub judice*.

2. Those motions were decided on November 9, 2005, and the case put on track for trial.

3. The four employee witnesses at issue were disclosed by defendant, first in a letter to plaintiff's counsel dated January 10, 2006, and then in a detailed supplement to defendant's answers to plaintiff's witness interrogatories on January 19, 2006, setting forth a summary of each witness' proposed testimony (both of which were written, signed, and served by mail on plaintiff's counsel in compliance with F.R.C.P. 26(a)(4), and well beyond the 30-day notice before trial requirement of Fed.R.Civ.P. Rule 26(a)(3)).

4. Plaintiff's counsel has been explicitly offered the opportunity, on regular or even short notice, to depose all four witnesses (see letter of George P. Birnbaum to Scott Lucas, dated January 12, 2006). Not surprisingly, because plaintiff had not previously deposed all of the witnesses on either party's witness list, plaintiff chose not to do so. Plaintiff's decision not to take any of

3

these depositions during the intervening <u>four months</u> is her right; however, it should not allow her to claim surprise or prejudice with respect to witnesses whose testimony she had full opportunity to anticipate.

Importantly, these four witnesses are all being called as <u>fact</u> and lay opinion witnesses (Fed.R.Evid. 701) regarding specific facts plaintiff has put in issue, including, among others: the management structure and (allegedly discriminatory) workplace environment at ProMedia, not to opine on the ultimate issue whether Blumenschine was in fact discriminated against.[1]  Further, these four witnesses may testify since they all have first-hand knowledge based on their employment by ProMedia and their interactions with plaintiff Blumenschine. Fed.R.Evid. 602.

ProMedia has fully complied with the notice requirements of the Federal Rules, and it is respectfully

---

[1] Blumenschine erroneously argues that these four witnesses may not testify because they are not "similarly situated." This qualification relates to Blumenschine's establishment of discrimination through circumstantial evidence -- that similarly situated employees were treated differently than her -- and ProMedia could find no Federal rules or court decisions stating that a witness must be "similarly situated" to a plaintiff before being allowed to share with the jury her knowledge of facts at issue.

4

submitted that this Court has no basis to preclude the testimony of these four witnesses. Fed.R.Civ.P. 37(c)(1).

                          Respectfully submitted,

                          DEFENDANT PROFESSIONAL MEDIA
                          GROUP LLC

                          By: _____

                          George P. Birnbaum (CT04937)
                          MINOGUE BIRNBAUM LLP
                          Attorneys for Defendant
                          237 Elm Street
                          New Canaan, CT 06840
                          (203) 966-6916

**CERTIFICATION**

    This is to certify that a copy of the foregoing was delivered by hand to the following counsel of record on this 17th day of April, 2006:

> Scott R. Lucas, Esq.
> Martin, Lucas & Chioffi, LLP
> 177 Broad Street
> Stamford, CT 06901

                                          _____
                                          GEORGE P. BIRNBAUM