19.1  Lisa Blumenschine bases part of her lawsuit, the Second and Third Counts, against defendant Professional Media Group LLC on the Age Discrimination in Employment Act ("ADEA"), and the comparable Connecticut State statute, which requires the same proof as the Federal one. The ADEA provides in pertinent part that it "shall be unlawful for an employer ... to discharge any individual ... because of the individual's age."[56]

## 20. Burden of Proof

20.1  In a moment I will tell you exactly what Blumenschine must prove in order to establish that defendant ProMedia violated the ADEA. Blumenschine must prove each of the elements I will list, and must do so by a preponderance of the evidence.[57]

20.2  To meet her burden of proving age discrimination, Blumenschine must prove by a preponderance of the evidence that ProMedia:

    1.  discharged Blumenschine because she was over forty (40) years of age, and

    2.  intended to discriminate against plaintiff Blumenschine because of her age.

20.3  If plaintiff Blumenschine does not prove each of these elements by a preponderance of the evidence, you may not infer that discrimination based on age has occurred. In that case, you must find for defendant ProMedia.

20.4  In order to prevail on this claim, Blumenschine must prove ProMedia intentionally discriminated against her by proving by a preponderance of the evidence that her age was a substantial or motivating factor that prompted ProMedia to terminate or take other action against her.

20.5  Further, Blumenschine must prove by a preponderance of the evidence that age discrimination can be attributed to the decision-maker responsible for her termination, Joseph P. Hanson, as the motivating factor behind his decision.[58]

---

[56] 5 MFJI, Inst. 88-23, pp. 88-91, et seq.
[57] Id., Inst. 88-26, pp. 88-104 (authority: Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089 (1981)).
[58] See, Lynch v. Pathmark Supermarkets, 152 F.3d 919, 1998 WL 425876 at *1 (2d Cir. 1998) (unpublished decision), citing Lynch v. Pathmark Supermarkets, 987 F.Supp. 236 (S.D.N.Y. 1997), McLee v. Chrysler, 109 F.3d 130, 137 (2d Cir. 1997).

20.6  If Blumenschine cannot prove that she was discharged by ProMedia because of her age (as opposed to some other reason), you must find for defendant ProMedia.

20.7  The term "motivating factor" means a consideration that moved defendant ProMedia toward its decision to terminate plaintiff Blumenschine's employment or take other action against her.[59]

20.8  The mere fact that plaintiff Blumenschine is a female and was terminated is not sufficient, in and of itself, to establish plaintiff's claim under the law.[60]

## 21. Legitimate, Nondiscriminatory Reason For Employment Decision

21.1  In connection with ProMedia's defense, you must consider any legitimate, nondiscriminatory reason or explanation stated by defendant ProMedia for its decision. If you determine that ProMedia has stated such a reason, then you must decide in favor of ProMedia unless plaintiff Blumenschine proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for defendant's discriminating against Blumenschine because of her age.

21.2  Thus, Blumenschine has the burden of establishing by a preponderance of the evidence that ProMedia's stated reason for her termination, *i.e.*, poor sales, was false, and that it is more likely than not that age discrimination was the real reason for ProMedia's action.[61]

I will now discuss the issue of pretext in greater detail.

## 22. Pretext

22.1  If defendant ProMedia has offered evidence to show a non-discriminatory reason for her termination, Blumenschine may introduce evidence that ProMedia's articulated reason for its action was nothing more than a pretext for age discrimination. In other words, plaintiff Blumenschine may introduce evidence to show that ProMedia's reason for terminating her employment -- her lack of sales performance -- is not worthy of belief, and that it was not the reason why defendant ProMedia terminated her

---

[59] 3C FJPI, §173.42, p.522.
[60] Id., §171.20, pp. 197-98.
[61] St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752 (1993); Viola v. Philips Medical Systems of N.A., 42 F.3d 712, 717 (2d Cir. 1994).

19

employment, and that, instead, the true reason for terminating her employment was age discrimination.[62]

22.2  When you consider this issue, keep in mind that the relevant question is whether ProMedia's reason was or was not the real reason for its action.  The question is not whether ProMedia's reason showed poor or erroneous business judgment by terminating plaintiff Blumenschine.  You are not to judge or question the wisdom of ProMedia's decision.[63]

22.3  Even if an employer is mistaken and in its business judgment is wrong, an employer is entitled to make its own policy and business judgment.  An employer may make those employment decisions as it sees fit, as long as it is not unlawful.[64]

22.4  Defendant ProMedia would be entitled to make its decision for a good reason, a bad reason, or for no reason at all, so long as the decision was not motivated by unlawful age discrimination.  Unless you find that defendant's reason for terminating plaintiff's employment was nothing more than a pretext or excuse for age discrimination, pretext is not established just because you disagree with the business judgment of defendant ProMedia.[65]

22.5  Ultimately, remember that the question you must decide is whether Blumenschine has proven by a preponderance of the evidence that defendant ProMedia terminated Blumenschine because of her age.

22.6  If you believe ProMedia's explanation for its action, then you must find for ProMedia.

12.7  Should you decide ProMedia's stated reason is not credible, you still must determine if Blumenschine has proven by a preponderance of the evidence that her age was a substantial or motivating factor in ProMedia's decision to terminate her.[66]

### 23. Same Decision

---

[62] See, 5 MFJI, Inst. 88-37, p. 88-151 (citations to 2d Cir. authorities omitted); 3C FJPI §173.66, p. 539.
[63] Id.
[64] Id.
[65] Id.
[66] Sanders v. New York City Human Resources Admin., 361 F.3d 749, 758-59 (2d Cir. 2004) (instructing jury on McDonnell Douglas burden-shifting analysis was harmless error where dearth of supporting proof of discrimination, and jury given instruction as to the ultimate question before it).

20

23.1   Even if you determine that Blumenschine has proved that plaintiff's age was a factor motivating ProMedia's decision to terminate her employment, you still must find for ProMedia if you determine that ProMedia has shown it would have reached the same decision to terminate Blumenschine's employment regardless of her age.[67]

### 24. Defenses

24.1   If, after considering Blumenschine's evidence and ProMedia's rebuttal of that evidence, you find Blumenschine has established each and every element of her claim, only then should you concern yourselves with the defenses offered by defendant ProMedia.[68]

24.2   With regard to any of ProMedia's defenses, remember that plaintiff Blumenschine must disprove the defense, that ProMedia terminated her because of her poor sales performance, by a preponderance of the evidence.  In other words, defendant ProMedia establishes the defense unless you find the evidence that opposes the existence of that defense has more convincing force to you than the evidence that supports it.  If you find defendant ProMedia has established its defense, then you must find for defendant ProMedia.[69]

---

[67] 5 MFJI, p. 88-230, Inst. 88-43 (authority: Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S.Ct. 2148 (2003).
[68] 3C FJPI, §171.70, pp. 268-69.
[69] Id.

## 25. Damages on ADEA Claim

25.1 Only if you find that Blumenschine has proven age discrimination and that ProMedia's expressed reason for terminating Blumenschine -- her lack of sales performance -- is merely a pretext to cover age discrimination, only then can you consider damages. The purpose of the ADEA is to make persons whole for injuries suffered as a result of unlawful employment discrimination. Under the ADEA, only a plaintiff who meets all of the burdens of proving age discrimination is entitled to recover any lost wages and benefits, including increases in wages. The amount of wages and benefits due is determined by calculating the amount that would have been earned from the date of adverse action to the date you, the jury, return a verdict, unless the plaintiff would have been terminated or discharged for a non-discriminatory reason prior to trial. In such circumstances, lost wages and benefits are calculated from the date of the adverse action to the date such discharge otherwise would have occurred.[70]

## 26. Liquidated Damages

26.1 Blumenschine also seeks what are called "liquidated damages" -- that is, an amount equal to the lost wages and benefits you award -- in addition to the lost wages and benefits she receives. However, no matter what Blumenschine claims, unless you find that defendant ProMedia's violation of the ADEA was "willful" -- that ProMedia deliberately, intentionally, and knowingly terminated Blumenschine's employment because of her age, and that it knew that such conduct was unlawful or showed reckless disregard of whether such conduct was unlawful or not -- you cannot award Blumenschine liquidated damages.[71]

## 27. Mitigation of Damages

27.1 You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages—that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.[72]

27.2 If you determine Blumenschine is entitled to lost compensation, you must reduce the loss by:

---

[70] 5 MFJI, Inst. 88-38, p. 88-155.
[71] 5 MFJI, Inst. 88-39, p. 88-158 (authority: Paolitto v. Brown E. & C., 151 F.3d 60 (2d Cir. 1998)).
[72] 3C FJPI §171.95, pp. 303-05.

      1.   What Blumenschine has earned subsequent to her termination and up to the date of this trial; and

      2.   What she could have earned by reasonable effort during the period from her discharge until the date of trial.

   27.3  Plaintiff must accept employment that is "of a like nature." In determining whether employment is of a like nature, you may consider the type of work, the hours worked, the compensation, the job security, the working conditions, and other conditions of employment. You must decide whether Blumenschine acted reasonably in not seeking or accepting a particular job after her termination. If you determine she did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from her failure to do so.[73]

   27.4  You must not compensate Blumenschine for any portion of her loss of compensation which results from her failure to make reasonable efforts to reduce her loss of compensation.

   27.5  So, if you find that plaintiff Blumenschine failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of her damages by the amount that could have been reasonably realized if Blumenschine had taken advantage of such opportunity.

28. <u>Punitive Damages, Pain And Suffering, And Front Pay Not Allowed</u>

   28.1  You are instructed that, even if Blumenschine persuades you that defendant ProMedia has violated the ADEA, you may not in any case award Blumenschine damages for pain and suffering or punitive damages on her age discrimination claim. These types of damages are simply not allowed under the ADEA.[74]

   28.2  You are similarly instructed that, even if plaintiff Blumenschine persuades you that defendant ProMedia has violated the ADEA, you may not award Blumenschine prospective damages, sometimes called "front pay" on her age discrimination claim.[75]

---

[73] Id.
[74] 5 MFJI, Inst. 88-40, p. 88-162; <u>Haskell v. Kaman Corp.</u>, 743 F.2d 113 (2d Cir. 1984); <u>Johnson v. Al Tech Specialties Steel Corp.</u>, 731 F.2d 143 (2d Cir. 1984); <u>Boise v. Boufford</u>, 121 Fed.Appx. 890 (2d Cir. 2005) (unreported decision).
[75] 5 MFJI, Inst. 88-41, p. 88-164 (authority: <u>Whittlesey v. Union Carbide Corp.</u>, 742 F.2d 724 (2d Cir. 1984).

23

29. <u>Nominal Damages</u>

    29.1  If you find Blumenschine has proven age discrimination, but you find that her damages have no monetary value, then you must return a verdict for Blumenschine in the nominal amount of one dollar.[76]

**JURY INSTRUCTIONS ON THE RETALIATORY DISCHARGE CLAIMS**

30.  <u>Retaliatory Discharge Because Of Claim Of Sex Discrimination</u>:

Fourth Count:   retaliatory discharge for complaining of sex discrimination in violation of Title VII.

Sixth Count:   retaliatory discharge for complaining of sex discrimination in violation of C.G.S. 46a-60(a).

    30.1  In her Fourth and Sixth Counts, Blumenschine also claims that defendant ProMedia discriminated against her by terminating her because she made a claim of unlawful discrimination on account of her sex or gender by Title VII of the Civil Rights Act of 1964.

    30.2  Here, in order to prevail on this claim, plaintiff Blumenschine must prove both of the following by a preponderance of the evidence:

        1.  that Blumenschine actually made such a claim of sex discrimination and that ProMedia understood it to be such a claim, and that

        2.  there was a causal connection between her claim and ProMedia's action -- that ProMedia terminated Blumenschine in retaliation for making such a claim.[77]

    30.3  If you find that Blumenschine has proved these facts, then you must consider defendant ProMedia's legitimate, nondiscriminatory reason for its termination of Blumenschine's employment.

---

[76] 3C <u>FJPI</u>, §171.93, p. 296.
[77] <u>See</u>, 5 <u>MJPI</u>, Inst. 88-46, p. 88-239 (authority: <u>Feingold v. NY</u>, 366 F.3d 138 (2d Cir. 2004) ); <u>see also</u>, <u>Foster-Bey v. Potter</u>, 296 F.Supp.2d 195, 208-09 (D.Conn. 2003); <u>Johnson v. Palma</u>, 931 F.2d 203, 207 (2d Cir. 1991); <u>Monahan v. United Technologies Corp.</u>, 113 F.3d 1229, 1997 WL 279887 at *2 (2d Cir. 1997) (unpublished decision)(appeal from decision of Squatrito, J.).

30.4  If you find ProMedia's stated reason to be the real reason for Blumenschine's termination, then you must find for defendant ProMedia.

30.5  If you do not find ProMedia's stated reason credible, you must still determine if Blumenschine has proven by a preponderance of the evidence that her complaint of sex discrimination was the motivating factor in ProMedia's retaliatory decision to terminate her employment.

30.6  In your determination of whether Blumenschine has proven by a preponderance of the evidence that there was a causal connection between her alleged complaint of discrimination and retaliation for making it, you are to consider whether Blumenschine has demonstrated a good faith belief that the challenged actions of ProMedia violated the law.[78]  Thus, you must consider whether Blumenschine adequately conveyed her concerns of discrimination at the time she allegedly complained to ProMedia.

30.7  You must also consider ProMedia's stated, nondiscriminatory reason for Blumenschine's termination, *i.e.*, poor sales performance, when you consider whether there is a causal connection between her complaint and ProMedia's alleged retaliatory acts.[79]

30.8  Plaintiff Blumenschine must show by a preponderance of the evidence that ProMedia intentionally discriminated against her by discharging her because she complained of sex discrimination and not because of some other reason.[80]

30.9  If you find that Blumenschine's remark about a "boys club" was made in such a manner that ProMedia reasonably did not understand that it was a claim of sex discrimination, you must find for ProMedia.[81]

30.10  Similarly, if you find that Joseph J. Hanson, the decision-maker at ProMedia who asserts sole responsibility for the decision to discharge Blumenschine, was unaware that she made any such remark or complaint about sex discrimination, Mr.

---

[78] *Lee v. State of Conn. Dep't of Motor Vehicles*, No. 3:02CV02214 (AWT), March 30, 2006, 2006 WL 910015 at *8 (D.Conn. 2006) (plaintiff brought suit for retaliatory discharge, claiming discharge in retaliation for voicing complaint about being excluded from a meeting. However, no evidence plaintiff complained at that time that exclusion from meeting was motivated by plaintiff's race; good faith belief not shown).
[79] *Johnson v. Palma*, *supra*.
[80] *Lee v. State*, *supra*.
[81] *Id.*

25

Hanson's decision cannot, as a matter of law, be viewed as illegal retaliation, and you must find for ProMedia on these claims.[82]

31. <u>Retaliatory Discharge Because Of Claim Of Age Discrimination</u>

Fifth Count:   retaliatory discharge for complaining of age discrimination in violation of the ADEA.

Sixth Count:   retaliatory discharge in violation of C.G.S. 46a-60(a).

    31.1  For her Fifth and Sixth Counts, Blumenschine claims that defendant ProMedia discriminated against her by terminating her employment because she actually complained that she was being discriminated against on account of her age.

    31.2  To establish a case of unlawful retaliation in violation of the ADEA, Blumenschine must prove both of the following by a preponderance of the evidence:

    1.  that Blumenschine actually made such a complaint of unlawful age discrimination and that ProMedia understood it to be such a claim, and that

    2.  there was a causal connection between her claim and ProMedia's action -- that ProMedia terminated Blumenschine in retaliation for making such a claim.[83]

    31.3  If you find that Blumenschine has proved these facts, then you must consider defendant ProMedia's legitimate, non-discriminatory reason for its termination of Blumenschine's employment.

    31.4  If you find that ProMedia's stated reason to be the real reason for Blumenschine's termination, then you must find for ProMedia.

    31.5  If you do not find ProMedia's stated reason credible, you must still determine if Blumenschine has proven by a preponderance of the evidence that her complaint of age discrimination was the motivating factor in ProMedia's retaliatory decision to terminate her employment.

---

[82] <u>See</u>, <u>Dorfman v. Moore Interactive</u>, 2004 WL 941813 (W.D.N.Y. 2004) (unpublished decision) (alleged complaint of discrimination not communicated to decision maker or discussed prior to decision to terminate plaintiff).
[83] <u>See</u>, 5 MJPI, Inst. 88-46, p. 88-239 (authority: <u>Feingold</u>, <u>supra</u>); <u>see also</u>, <u>Foster-Bey</u>, <u>supra</u>; <u>Johnson v. Palma</u>, <u>supra</u>; <u>Monahan v. United Technologies Corp.</u>, <u>supra</u>.

26

31.6  In your determination of whether Blumenschine has proven by a preponderance of the evidence that there was a causal connection between her alleged complaint of discrimination and retaliation for making it, you are to consider whether Blumenschine has demonstrated a good faith belief that the challenged actions of ProMedia violated the law.[84]  Thus, you must consider whether Blumenschine adequately conveyed her concerns of discrimination at the time she allegedly complained to ProMedia.

31.7  You must also consider ProMedia's stated, non-discriminatory reason for Blumenschine's termination, *i.e.*, poor sales performance, when you consider whether there is a causal connection between her complaint and ProMedia's alleged retaliatory acts.[85]

31.8  Plaintiff Blumenschine must show by a preponderance of the evidence that ProMedia intentionally discriminated against her by discharging her because she complained of age discrimination and not because of some other reason.[86]

31.9  If you find that Blumenschine's claim of age discrimination was made in such a manner that ProMedia reasonably did not understand that it was a claim of age discrimination, you must find for ProMedia.[87]

31.10  Similarly, if you find that Joseph J. Hanson, the decision-maker at ProMedia who asserts sole responsibility for the decision to discharge Blumenschine, was unaware that she made any such remark or complaint about age discrimination, Mr. Hanson's decision cannot, as a matter of law, be viewed as illegal retaliation, and you must find for ProMedia on these claims.[88]

---

[84] Lee v. State of Conn. Dep't of Motor Vehicles, *supra*.
[85] Johnson v. Palma, *supra*.
[86] Lee v. State, *supra*.
[87] Id.
[88] See, Dorfman v. Moore Interactive, *supra*.

27

## JURY INSTRUCTIONS ON STATE LAW CLAIMS

### 32. Seventh Count: Common Law Promissory Estoppel

32.1  Under certain circumstances, to prevent an injustice, a judge has the power to enforce a promise that is not supported by consideration. In this case, Blumenschine has asked me to exercise that power to enforce Blumenschine's claim that there was a promise by ProMedia to continue to employ her at the rate of $140,000 per year, that is an $80,000 base salary plus a $60,000 nonrecoverable draw against commissions, and that Promedia also promised that when Blumenschine's nonrecoverable draw was stopped, that it would be replaced with a compensation package which would guarantee Blumenschine the same total compensation as she received the first year.

32.2  Blumenschine is required to prove all of the following four elements by a preponderance of the evidence before I can exercise my power to enforce that promise:

1. That ProMedia made a clear and definite promise (to continue Blumenschine's employment at the rate of $140,000 per year, and that any stop to her nonrecoverable draw would be replaced with something that would guarantee her the same total compensation as she received the first year;[89]

2. That Blumenschine reasonably relied on the promise;

3. That the promise induced some action taken by Blumenschine which she would not otherwise have taken; and

4. That injustice can be avoided only by enforcement of the promise.[90]

32.3  It will be your duty in this case to determine whether Blumenschine has proven each of the elements I have just described by a preponderance of the evidence and if you find she has not done so, to render a verdict in favor of ProMedia.

---

[89] Complaint, paras. 10-11.
[90] Adair v. Pfizer, Inc., 245 F.Supp.2d 437, 444-45 (D.Conn. 2003), (citing Tabora v. Amdour, Inc., 2002 WL 652815 (Conn.Super. 2002)).

33. **Eighth Count: Common Law Negligent Misrepresentation**

33.1  In order to prevail on her claim of negligent misrepresentation, plaintiff Blumenschine must establish the following elements by a preponderance of the evidence:

    1.  that defendant ProMedia made a misrepresentation of fact to Blumenschine;

    2.  that ProMedia knew or should have known that it was false;

    3.  that Blumenschine reasonably relied on the misrepresentation; and

    4.  Blumenschine suffered pecuniary harm (i.e., money damages) as a result.[91]

33.2  To be clear, with respect to the last element, that plaintiff Blumenschine suffered money damages, she must prove by a preponderance of the evidence that the pecuniary loss was caused by justifiable reliance on the misrepresentation at issue, not by being terminated by ProMedia.[92]  If you do not find all of these elements, you must find for ProMedia.

33.3  Defendant ProMedia, when it filed its Answer in this lawsuit, denied all the claims Blumenschine alleged in her Complaint.  Among the claims defendant ProMedia denied was the claim of negligent misrepresentation.  Along with stating its denial, defendant ProMedia set forth what is called an affirmative defense to the claim of negligent misrepresentation.  In that affirmative defense, ProMedia states that if there was a negligent misrepresentation, any loss that Blumenschine suffered was caused not by the negligent misrepresentation, but was caused by plaintiff Blumenschine's own negligence.  Of course, if you find for ProMedia on the claim of negligent misrepresentation, you do not have to consider this defense.

33.4  ProMedia maintains that it made no false representations whatsoever to plaintiff Blumenschine, and that, even if it had, any harm that befell Blumenschine from any purported misrepresentation came to her through her own contributory negligence.

---

[91] Glazer v. Dress Barn, 274 Conn. 33, 73, 873 A.2d 929, 954 (Supreme Ct. 2005).

[92] Id. at 274 Conn. 78, 873 A.2d at 958 (citation omitted).

29

33.5  Whether Blumenschine was contributorily negligent is a question of fact for you to decide.

33.6  If defendant ProMedia has shown that Blumenschine was contributorily negligent, then two possibilities exist: either Blumenschine's claim of negligent misrepresentation is barred entirely, or any recovery on this claim would be reduced in proportion to her negligence. Only if you find that Blumenschine has proven her claim of negligent misrepresentation, and then you go on to find that she was contributorily negligent herself, you would have to combine the negligence of both ProMedia and plaintiff Blumenschine, call that 100%, and then decide how much fault is attributable to Blumenschine.

33.7  Accordingly, if you find Blumenschine more than 50 percent negligent, she cannot recover under the negligent misrepresentation claim. If her negligence was 50 percent or less, she could still recover under this claim, but her recovery would be reduced by her percentage of fault.[93]

33.8  Again, it is Blumenschine's duty to prove this claim first, by a fair preponderance of the evidence. That is, she is obliged to offer better or weightier evidence than the evidence offered by ProMedia. If Blumenschine fails in her proof of any of the facts at issue, or the evidence seems evenly balanced, then this claim is not proven by a preponderance of the evidence.

33.9  If you do find that plaintiff Blumenschine has proven her claim of negligent misrepresentation, then you must consider whether defendant ProMedia has then proved its affirmative defense by a preponderance of the evidence, that is, that Blumenschine was contributorily negligent to her own harm, and then determine what the percentages of fault are and render your verdict accordingly.

34. **Ninth Count: Violation of the "Connecticut Wage Statute,"**
C.G.S. Sect. 31-72.

34.1  Plaintiff Blumenschine has also made a claim that ProMedia has violated Connecticut state law by failing to pay her wages owed, and therefore she is entitled by the law to recover twice the full amount of such unpaid wages, with costs and reasonable attorneys' fees.

---

[93] Kramer v. Petisi, 91 Conn.App. 26, 879 A.2d 526 (App.Ct. 2005) (instructing jury on comparative negligence is permitted regarding contributory negligence affirmative defense).

30

34.2  This law does not create any substantive rights for Blumenschine, but instead provides a remedy of twice the wages owed, but only if you find plaintiff Blumenschine has proven by a preponderance of the evidence that her underlying agreement for employment was violated by ProMedia.[94]

34.3  That Connecticut law, commonly referred to as the "Connecticut Wage Statute," defines "Wages" to mean "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation."[95]

34.4  For Blumenschine to be entitled under the Connecticut Wage Statute to "twice the amount of unpaid wages" for labor or services rendered, you must first find that Blumenschine has proven the following facts by a preponderance of the evidence:

   1.  That Blumenschine is entitled to monies that were withheld, that is, she rendered labor and services for ProMedia for which she was not compensated;

   2.  That ProMedia wrongfully withheld wages from Blumenschine, that is, she was not paid all her "wages" on services rendered for ProMedia; and

   3.  That the amounts sought to be recovered are to be considered "wages" under the Connecticut Wage Statute.

34.5  Further, you must determine the amount, if any, of such "unpaid wages."

34.6  Blumenschine is also seeking double damages, costs, and attorney's fees under the statute, but you cannot award any of these things -- double wages, costs and attorney's fees -- unless Blumenschine has shown, by a preponderance of the evidence, that defendant ProMedia acted in bad faith, arbitrarily, or unreasonably in withholding wages from her.[96]

34.7  Thus, only if you find that Blumenschine has proven these facts by a preponderance of the evidence, and a calculation of her "unpaid wages" can be made, may you award her double the full amount of what ProMedia owes her, together with costs and reasonable attorney's fees.  If you find that Blumenschine has

---

[94] Ycaza v. CT Transit-Stamford Div., 289 F.Supp.2d 180, 182 (D.Conn. 2003) (Hall, J.).
[95] 31-71a.
[96] Butler v. Cadbury Beverages, 1999 WL 464527 (D.Conn. 1999) (Burns, J.) (unreported decision).

failed to prove each and every one of these facts, you must find in favor of ProMedia on this claim.

### 35. Punitive Damages

35.1  In addition to the damages which I spoke about earlier and which are designed to compensate plaintiff Blumenschine for her injury or losses, if any, as alleged, plaintiff Blumenschine claims that her claims under Connecticut State law entitle her to recover from ProMedia certain additional, so-called punitive damages. Damages of this type are designed to punish the proven offender and deter others from committing like offenses.

35.2  Now, keep in mind that Connecticut law doesn't allow for punitive damages unless you find that plaintiff Blumenschine has proven, by a preponderance of the evidence, that her termination, any discrimination or any other harm against her by ProMedia, arose from hatred or ill will by ProMedia against plaintiff Blumenschine, or from malice, that is, from some improper or unjustifiable motive or intent; or that ProMedia acted wantonly or with reckless disregard, that is, was aware or should have been aware, from its knowledge of the circumstances, that its conduct would naturally or probably harm plaintiff Blumenschine, yet acted anyway.[97]

35.3  If plaintiff Blumenschine has proven to you that the conduct of ProMedia had any one of these characteristics -- hatred, ill will, or malice toward, or a wanton disregard for or reckless indifference of, the plaintiff -- then she is entitled to have you add to the damages, if any, given in compensation for her losses and injury, an additional sum as punitive damages. The measure of these damages, which Blumenschine must offer evidence of, is the reasonable expense which she has incurred, including attorney fees, in prosecuting this action, less the taxable costs, which if she recovers, would be included in the judgment, and which, I instruct you, will amount to
$_____ .[98]

### 36. Multiple Claims/Single Recovery for Compensatory Damages

36.1  If you do find that Blumenschine has proven that the evidence supports her entitlement to damages, bear in mind that, with respect to compensatory damages, you may not award compensatory damages more than once for the same injury. Compensatory damages are allowed to make a deserving plaintiff

---

[97] CJI, §256, pp. 481-82.
[98] Id.

32

whole again, not to create a windfall or otherwise allow a plaintiff to recover more than what was lost. Thus, you are not permitted to award Blumenschine a certain sum of dollars for each and every claim where she is entitled by law to compensatory damages.[99]

### 37. Conclusion

37.1  While it is the duty of the jurors to confer and deliberate with one another, before arriving at a verdict, nevertheless, if any juror after such deliberation conscientiously reaches a decision on the facts, that juror has no right to surrender his or her decision to the decision of the majority, if the juror believes that his or her decision is correct.

37.2  The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

37.3  It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to your own individual judgment. Each of you must decide the case for yourself. You should not surrender your honest conviction as to the weight and effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. You are not partisans. You are the judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

37.4  You will have with you in the jury room all of the exhibits and a copy of these instructions. You may notice that the written copy of the instructions is divided by headings which I did not read to you. These headings have no significance except to identify the topics so that we can find them in reference books. Pay no attention to them.

37.5  When you retire to your jury room, you will elect one of your own members as foreperson, and he or she will preside over your deliberations and will be your spokesperson here in court.

37.6  If you have any questions you wish to ask during deliberations, do so by a written note, signed by your foreperson and delivered to the court officer outside the jury room door.

---

[99] 4 MFJI, Inst. 77-2, p. 77-5.

    37.7  Now proceed to your deliberation in the jury room. Determine the facts on the basis of the evidence, as you have heard it, and apply the law as I have outlined it to you.  Render your verdict fairly, uprightly, and without a scintilla of prejudice.  When you have reached your verdict, inform the clerk through the court officer.  Then you will return to the courtroom and announce your verdict.

                                      Respectfully submitted,

                                        DEFENDANT PROFESSIONAL MEDIA
                                      GROUP LLC

                                      By: _____

                                      George P. Birnbaum (CT04937)
                                      MINOGUE BIRNBAUM LLP
                                      Attorneys for Defendant
                                      237 Elm Street
                                      New Canaan, CT 06840
                                      (203) 966-6916

## CERTIFICATION

This is to certify that a copy of the foregoing was hand delivered, to the following counsel of record on April 17, 2006:

> Scott R. Lucas, Esq.
> Martin, Lucas & Chioffi, LLP
> 177 Broad Street
> Stamford, CT  06901

_____
GEORGE P. BIRNBAUM