### Defendant's Contested Issues.

1. Was Lisa Blumenschine's termination motivated by sex discrimination on the part of ProMedia?

2. Did Dan Shannon foster an atmosphere at ProMedia which was disrespectful of women?

3. Was Lisa Blumenschine's primary obligation, at all times and regardless of her title, her own sale of advertising?

4. Does Blumenschine's evidence constitute a *prima facie* case of sex discrimination?

5. Was ProMedia's stated motive for terminating Lisa Blumenschine -- her poor performance -- a pretext for sex discrimination?

6. Who made the decision to terminate Lisa Blumenschine and why?

7. Did ProMedia's actions constitute knowing and willful sex discrimination?

8. Did ProMedia act out of malice?

9. What, if any, damages did Lisa Blumenschine suffer and how should they be calculated?

10. Was Lisa Blumenschine's termination motivated by age discrimination?

11. Was Lisa Blumenschine's primary obligation, at all times and regardless of her title, her own sale of advertising?

12. Does Blumenschine's evidence constitute a *prima facie* case of age discrimination?

13. Was ProMedia's stated motive for terminating Lisa Blumenschine -- her poor performance -- a pretext for age discrimination?

14. Did ProMedia's actions constitute knowing and willful age discrimination?

15. Did ProMedia act out of malice?

16. What, if any, damages did Lisa Blumenschine suffer and how should they be calculated?

17. Did ProMedia terminate Lisa Blumenschine in retaliation for a complaint of sex (or age) discrimination?

18. Did Lisa Blumenschine say or do anything which constituted a legitimate complaint of sex (or age) discrimination which would reasonably be understood as such?

19. How did ProMedia handle a legitimate complaint of sex discrimination (Dan Boucher)?

20. Did Joseph Hanson, the person who decided to terminate Lisa Blumenschine, ever learn or understand that Lisa Blumenschine had made a complaint of sex (or age) discrimination?

21. Did ProMedia's actions constitute a knowing and willful retaliatory discharge?

22. Did ProMedia act out of malice?

23. What, if any, damages did Lisa Blumenschine suffer and how should they be calculated?

24. Did ProMedia ever promise, with sufficient definiteness, to pay Lisa Blumenschine anything more than her base salary of $80,000 after May, 2001, regardless of what her level of sales were?

25. Did ProMedia make any negligent misrepresentation to Lisa Blumenschine regarding her compensation on or after May, 2001?

26. If so, was Lisa Blumenschine's own negligence the cause of part or all of her damage?

27. Does ProMedia owe Lisa Blumenschine any outstanding wages for the year 2001?

28. Has ProMedia withheld those wages maliciously or willfully?

29. Does Lisa Blumenschine have any legitimate damages on her wage claims (however designated)?

## 8.    *LIST OF WITNESSES.*

### A.    *PLAINTIFF'S WITNESSES:*

(1)    ***Lisa K. Blumenschine***, *435 Flax Hill Road, Norwalk, CT 06854.* Plaintiff will testify as to her employment history, her hiring and employment with defendant, including all factual events surrounding the claims alleged in the Complaint; her termination by defendant; damages suffered as a result of the defendants' actions.

(2)    ***William Ziperman***, *357 Kenmure Drive, Flat Rock, NC 28731.* Mr. Ziperman will testify about his role and duties with defendant, the hiring of plaintiff, plaintiff's compensation package, discussions with plaintiff about her compensation and job security, plaintiff's promotion, the termination of plaintiff, the hire of two young male sales representatives to defendant's sales force, the acquisition of University Business, the hiring of Daniel Boucher, the roles and duties of others with defendant, the lack of any documents regarding plaintiff's compensation and commission reconciliation, and the authenticity of defendant's documents.

(3)    ***Daniel Shannon***, *1200 Highgrove Drive, Chapel Hill, NC 27516.* Mr. Shannon will testify about his role and duties with defendant, the hiring of plaintiff, plaintiff's compensation package, discussions with plaintiff about her compensation and job security, plaintiff's promotion, the termination of plaintiff, the hire of two young male sales

representatives to defendant's sales force, the acquisition of University Business, the hiring of Daniel Boucher, the roles and duties of others with defendant, the lack of any documents regarding plaintiff's compensation and commission reconciliation, and the authenticity of defendant's documents.

(4)    **_Joseph Hanson_**, _76 Turtle Back Lane, West New Canaan, CT 06840_. Mr. Hanson will testify about his role and duties with defendant, the hiring of plaintiff, plaintiff's compensation package, discussions with plaintiff about her compensation and job security, plaintiff's promotion, the termination of plaintiff, the hire of two young male sales representatives to defendant's sales force, the acquisition of University Business, the hiring of Daniel Boucher, the roles and duties of others with defendant, the lack of any documents regarding plaintiff's compensation and commission reconciliation, and the authenticity of defendant's documents

(5)    **_Daniel Kinnaman_**, _36 Clipper Court, Mystic, CT 06355_. Mr. Kinnaman will testify about his role and duties with defendant, the hiring of plaintiff, plaintiff's compensation package, discussions with plaintiff about her compensation and job security, plaintiff's promotion, the termination of plaintiff, the hire of two young male sales representatives to defendant's sales force, the acquisition of University Business, the hiring of Daniel Boucher, the roles and duties of others with defendant, the lack of any documents regarding plaintiff's compensation and commission reconciliation, and the authenticity of defendant's documents.

(6)    **_Sheldon Wishnick, FSA, MAAA, FLMI_**, _Actuarial Litigation Service, 94 Stagecoach Lane, Newington, CT 06111_ Mr. Wishnick will testify that Ms. Blumenschine has

suffered loss of earnings capacity and employee benefits consistent with his expert report and analysis bearing Bates Nos. 00010-00015. He will testify about the method by which he calculated these damages and the general actuary and economic principles, methods and assumptions utilized. He will further testify about any factual assumptions utilized, and any updates of his report necessitated by the trial of this matter.

   (7) ***Jamie Tomasic****, 19 Marvel Road, New Haven, CT 06515,* Ms. Tomasic will testify about the impact of the job loss on plaintiff's emotional state and behavior.

   (8) ***Nancy Switkes****, 445 East 86th Street, Apt. 11J, New York, NY 10028.* Ms. Swyitkes will testify about the impact of the job loss on plaintiff's emotional state and behavior.

   (9) ***Sara Sikes****, 77 Sunrise Hill Road, Norwalk, CT 06851.* Ms. Sikes will testify about the impact of the job loss on plaintiff's emotional state and behavior. Ms. Sikes with also testify as to plaintiff's role at defendant while employed, plaintiff's complaints regarding treatment, as well as the management structure of defendant.

### *DEFENDANT'S WITNESSES:*

Defendant ProMedia anticipates calling some or all of the following witnesses to testify at trial:

Name and Address. Daniel Kinnaman, 36 Clipper Court, Mystic, CT 06355.

Summary of Anticipated Testimony. Mr. Kinnaman may testify as to the history of Lisa Blumenschine's employment; his personal knowledge of Lisa Blumenschine, the nature of the ProMedia workplace, and the lack of any complaint of discrimination on Ms. Blumenschine's part; the availability of Joseph Hanson and himself to receive any such complaints; the structure of ProMedia's management and ownership; the absence of discrimination in its employment

decisions (including but not limited to those regarding Lisa Blumenschine); his understanding of the decision to terminate Lisa Blumenschine's employment; the termination of George Saroyan for inadequate sales.

Name and Address. Daniel Shannon, 211 Overlake Drive, Chapel Hill, North Carolina 27516.

Summary of Anticipated Testimony. Mr. Shannon may testify as to his personal knowledge of Lisa Blumenschine; her inadequate and declining sales performance; the decision to terminate Lisa Blumenschine; her lack of complaints of discrimination; the absence of discrimination in ProMedia's employment decisions; and the absence of discriminatory behavior in ProMedia's workplace. He may also testify as to his own contacts with Lisa Blumenschine; the hiring of new sales personnel in connection with the acquisition of University Business; the structure of ownership and decision-making at ProMedia; the absence of discriminatory behavior of any type in connection with Lisa Blumenschine and her termination; the termination of George Saroyan for inadequate sales and Lisa Blumenschine's part in such termination.

Name and Address. Ellen Ziperman, 357 Kenmure Drive, Flat Rock, NC 28731.

Summary of Anticipated Testimony. Ms. Ziperman may testify as to her personal knowledge of Lisa Blumenschine, both at Hanson Publishing and at ProMedia, her interactions with Ms. Blumenschine at both companies and her observations of Ms. Blumenschine's conduct at each company, the nature of the ProMedia workplace, and the lack of any complaint of discrimination on Ms. Blumenschine's part; Ms. Blumenschine's lack of sales success at ProMedia; her own experience of the absence of discrimination among ProMedia's management;

the structure of ProMedia's management and ownership; the availability of Joseph Hanson at ProMedia to receive any legitimate complaints of discrimination.

Name and Address. Gloria Williams, 26 Knapp Street, Norwalk, CT 06854.

Summary of Anticipated Testimony. Ms. Williams may testify about her acquaintance with Lisa Blumenschine, both at ProMedia and at a previous Hanson company; Lisa Blumenschine's complaints about her office discontents other than discrimination; the lack of discrimination at ProMedia; Lisa Blumenschine's continuing drop in sales; the availability of Joseph Hanson to receive any legitimate complaint of illegal activity at ProMedia; her work experience with Dan Shannon.

Name and Address. William Ziperman, 357 Kenmure Drive, Flat Rock, NC 28731.

Summary of Anticipated Testimony. Mr. Ziperman may testify, in person or by deposition, as to the history of Lisa Blumenschine's hiring, employment and termination; his personal knowledge of Lisa Blumenschine; Ms. Blumenschine's inadequate and declining sales performance; the origin of the memorandum regarding Lisa Blumenschine's change in title; the ownership structure and decision-making at ProMedia; the lack of any complaints of discrimination on Lisa Blumenschine's part; the absence of discrimination in ProMedia's employment decisions (including but not limited to those related to Lisa Blumenschine); ProMedia's decision to terminate Lisa Blumenschine's employment; ProMedia's earlier decision to discontinue Lisa Blumenschine's non-recoverable draw against commissions; the termination of George Saroyan for inadequate sales.

Name and Address. Terry Nelson, 7619 Loch Glen Drive, Crystal Lake, IL 60014.

Summary of Anticipated Testimony. Ms. Nelson may testify as to her own sales success at ProMedia; the absence of sex and age discrimination at ProMedia; her own interactions with Lisa Blumenschine as a manager and co-employee; Lisa Blumenschine's complaints about matters other than discrimination; Ms. Nelson's understanding of how she would handle any genuine complaint of illegal behavior at ProMedia; Lisa Blumenschine's awareness of her own poor sales performance and her knowledge that her performance made her termination probable.

Name and Address.   Carrie Abel, 16 Albert Road, Danbury, CT 06811.

Summary of Anticipated Testimony.   Carrie Abel may testify to the quality of ProMedia's non-discriminatory workplace; her experience of the behavior of Dan Shannon; her knowledge of the absence of sales by Lisa Blumenschine; her understanding of how she would handle any genuine complaint of illegal behavior at ProMedia.

Name and Address. Maureen Mollahan, 42D Greenhouse Road, Bridgeport, CT 06606.

Summary of Anticipated Testimony. Maureen Mollahan may testify to her experience with Lisa Blumenschine and Ms. Blumenschine's complaints about matters other than discrimination; ProMedia's lack of a discriminatory workplace; her experience with Dan Shannon; her understanding of how she would handle any genuine complaint of illegal behavior at ProMedia.

Name and Address. Rosetta Moore, 8 Ryan Avenue, Norwalk, CT 06854.

Summary of Anticipated Testimony. Rosetta Moore may testify to ProMedia's non-discriminatory workplace; her understanding of how she would handle any genuine complaint of

illegal behavior at ProMedia; her experience of the behavior of Dan Shannon; her experience of the lack of any complaint of discrimination from Lisa Blumenschine.

Name and Address. Frances Cassone, 65 Davenport Farm Lane E, Stamford, CT 06903.

Summary of Anticipated Testimony. Frances Cassone may testify to her experience working for companies run by Joe Hanson; that the ProMedia workplace does not discriminate in terms of age or sex; her understanding of how she would handle any genuine complaint of illegal behavior at ProMedia; her experience with Lisa Blumenschine and Ms. Blumenschine's complaints about matters other than discrimination.

Name and Address. Joseph J. Hanson, 76 Turtleback Lane West, New Canaan, CT 06840.

Summary of Anticipated Testimony. Mr. Hanson may testify as to his business experience, both at ProMedia and other companies under his ownership; the structure of ProMedia's ownership; the nature of ProMedia's business and its decision-making structure; the history of Lisa Blumenschine's employment, including her offering letter and her sales and other performance; his personal knowledge of Lisa Blumenschine's conduct and performance; the status of *Matrix* as a start-up magazine; Lisa Blumenschine's inadequate and declining sales performance; his decision to terminate Lisa Blumenschine and the reasons therefor; the absence of discrimination in ProMedia's employment decisions (including but not limited to those concerning Lisa Blumenschine); the decision to discontinue Lisa Blumenschine's non-recoverable draw against commissions and an explanation of the underlying facts in support of that decision; the lack of complaints of discrimination by Lisa Blumenschine and his lack of awareness of any such complaints; the business reasons for terminating Lisa Blumenschine's

employment; the business reasons for the hiring of two salesmen in connection with the acquisition of *University Business*; the details and rationale of the acquisition of *University Business*; the lack of any discriminatory motive in the termination of Lisa Blumenschine's employment; the reason why Lisa Blumenschine was and is not owed any draw against commission or any further compensation after her termination.

Name and Address. Beverly Silverman, CSW, 21 Bridge Square, Westport, CT 06880.

Summary of Anticipated Testimony. Ms. Silverman may be asked to testify as a fact witness, to authenticate the notes she took treating Lisa Blumenschine, and about the substance of her interactions and conversations with Ms. Blumenschine.

Name and Address. Daniel Boucher, 179 Ivy Hill Road, Ridgefield, CT 06877.

Summary of Anticipated Testimony. Mr. Boucher may testify about his termination by ProMedia following the Company's investigation of complaints of sexual harassment on his part.

## 11.    *EXHIBITS.* [6]

### *PLAINTIFF'S EXHIBITS.*

1.    January 7, 2000 letter from Ziperman to Blumenschine re: offer of employment (Depo. Ex. A).

2-4.    March 4, 1999, March 7, 2001 and January 28, 2002 letters from Ziperman to Melanie Jenkins re: salary and incentive earnings formula (all part of Depo. Ex. B).

5-7.    January 21, 2000 and February 19, 2002 and January 21, 2000 letters from Ziperman to Terry A. Nelson re: offer of employment (all part of Depo. Ex. C).

---

[6] The following exhibits are to be used by plaintiff and/or defendant in their case-in-chief. Not included are all exhibits to potentially be used for rebuttal and/or impeachment purposes, and plaintiff and defendant reserve the right to use additional documents for rebuttal and/or impeachment in accordance with this Court's March 21, 2006 Pretrial Order.

8.    October 20, 2000 memo from Lynn Keeler to Terry Nelson re: Third Quarter Sales Commission (Depo. Ex. D).

9.    April 30, 2000 memo from Wendy Donen to Melanie Jenkins re: First Quarter Sales Commission (Depo. Ex. E).

10.    January 2000 through November 2001 and February 2002 "Sales by Issue" for Matrix (Depo. Ex. F).

11.    September 26, 2001 email from Ziperman to "all@promediagrp.com" re: "Lisa Blumenschine's Promotion" (Depo. Ex. G).

12.    May 16, 2002 letter from George P. Birnbaum, Esq. to Connecticut Commission on Human Rights and Opportunities ("CHRO") in response to plaintiff's CHRO complaint affidavit (Depo. Ex. H).

**_Defendant's Objection:_** Relevance, Materiality and Independent Admissibility. This submission in a separate administrative proceeding is not independently admissible.

13.    May 16, 2002 "Statement of Facts" of PMG in response to plaintiff's CHRO complaint affidavit (Depo. Ex. I).

**_Defendant's Objection:_** Relevance, Materiality and Independent Admissibility. This submission in a separate administrative proceeding is not independently admissible.

14.    April 15, 2003 responses of defendant to plaintiff First Set of Interrogatories (retyped to include questions) (Depo. Ex. J).

15.    Announcement of Dan Boucher joining company (Depo. Ex. K).

**_Defendant's Objection:_** Relevance and Materiality. These documents, relating to the hiring of an employee after the date of Lisa Blumenschine's termination have no bearing on

her claims, particularly since there is no defense that her termination was caused by a reduction in force.

16.     February 21, 2002 letter from Ziperman to Boucher re: offer of employment (Depo. Ex. L).

**_Defendant's Objection:_** Relevance and Materiality. These documents, relating to the hiring of an employee after the date of Lisa Blumenschine's termination have no bearing on her claims, particularly since there is no defense that her termination was caused by a reduction in force.

17.     February 26, 2002 Boucher employment agreement (Depo. Ex. M).

**_Defendant's Objection:_** Relevance and Materiality. These documents, relating to the hiring of an employee after the date of Lisa Blumenschine's termination have no bearing on her claims, particularly since there is no defense that her termination was caused by a reduction in force.

18.     April 16, 2002 memo from Lynn Keeler to Dan Boucher re: First Calendar Quarter Sales Commission (Depo. Ex. N).

**_Defendant's Objection:_** Relevance and Materiality. These documents, relating to the hiring of an employee after the date of Lisa Blumenschine's termination have no bearing on her claims, particularly since there is no defense that her termination was caused by a reduction in force.

19.     May 16, 2002 Affidavit of Daniel Shannon (Depo. Ex. Q).

**_Defendant's Objection:_** Relevance, Materiality and Independent Admissibility. This submission in a separate administrative proceeding is not independently admissible.

20.   "Key Dates re: LB Tenure" (Depo. Ex. R).

**_Defendant's Objection:_** Relevance, Materiality and Independent Admissibility. This document was an aide-memoir which is not independently admissible, particularly since Mr. Hanson will testify at trial.

21.   December 28, 2001 letter from Ziperman to Darren Sikorski re: offer of employment

22.   December 28, 2001 letter from Ziperman to Thomas Terry re: offer of employment

23.   Silverman Medical Opinion and documents relied upon

**_Defendant's Objection:_** We are willing to stipulate to the admissibility of Ms. Silverman's handwritten notes, but not to her opinion, which is being offered in the absence of any foundation.

24.   Wishnick Opinion and documents relied upon (updated to bring current to trial date)

**_Defendant's Objection:_** Our motion *in limine* to preclude Mr. Wishnick's testimony includes an objection to these documents, which would, in any event, require him to lay a foundation. In addition, we have not received any opinion from him other than his initial opinion; we object to his attempt to change or supplement that opinion in the one month before trial. This objection includes the new documents sent to me earlier this week.

25.   Wishnick curricular vitae

**_Defendant's Objection:_** Our motion *in limine* to preclude Mr. Wishnick's testimony includes an objection to these documents, which would, in any event, require him to

lay a foundation. In addition, we have not received any opinion from him other than his initial opinion; we object to his attempt to change or supplement that opinion in the one month before trial. This objection includes the new documents sent to me earlier this week.

26. January 2, 2002 unemployment notice signed by William Ziperman

***Defendant's Objection:*** Relevance, Materiality and Independent Admissibility. This submission in a separate administrative proceeding is not independently admissible.

27. January 2, 2002 termination letter signed by William Ziperman and attached Release

28. Plaintiff's personnel file (except with respect to Ex. 26)

29. Resume of Darren Sikorski (from defendant's files)

30. February 26, 2002 offer letter to Daniel Boucher

***Defendant's Objection:*** Relevance and Materiality. These documents relating to the hiring of an employee after the date of Lisa Blumenschine's termination have no bearing on her claims, particularly since there is no defense that her termination was caused by a reduction in force.

31. Resume of Thomas Terry (from defendant's files)

### *DEFENDANT'S EXHIBITS:*

Defendant's Exhibit 501: List of employees (Exhibit "P" to the deposition of Dan Shannon)

***Plaintiff's Objection:*** Relevance and materiality. This documents includes employees not employed during the term of plaintiff's employment, or within a reasonable period thereafter.

Defendant's Exhibit 502: Sales by issue (Bates-stamped documents 001036 to 001050) (Exhibit F to the deposition of William Ziperman)

Defendant's Exhibit 503: Sample issue of "Matrix" from Fall 2001

Defendant's Exhibit 504: Sample issue of "University Business" from Spring 2002

Defendant's Exhibit 505: Two documents dated 5/5/02 and 4/22/02 in Dan Boucher's personnel file concerning the termination of Dan Boucher following the claim of sexual harassment against him

    ***Plaintiff's Objection:*** Relevance and materiality. The termination occurred months after plaintiff's employment ended and after defendant was on notice of her claims. The fact defendant decides subsequently to crack down on managers who discriminate has no relevance to this case and is an attempt to unfairly prejudice the jury.

Defendant's Exhibit 506: Federally posted notice regarding discrimination laws (supplied to you in discovery).

    ***Plaintiff's Objection:*** Relevance and materiality. The notice is a restatement of the law, and only the Court may instruct the jurors on the law. Further, there is no evidence that Ms. Blumenschine ever saw it, nor when, where and if it was ever posted by defendant. Even if it was posted during the relevant time, it has no bearing on any defense or element of plaintiff's claim and therefore its prejudicial usurpation of this Court's function on instructing the jury as to the law far outweighs any probative value.

***12.***      ***DEPOSITIONS.*** Neither plaintiff nor defendant has any witnesses who are currently expected to testify by deposition at trial, except that the availability of Mr. Ziperman is not certain at present. If Mr. Ziperman proves unavailable, plaintiff and defendant agree to cooperate and exchange designated deposition excerpts subject to reservation of any objections as to admissibility. Said objections will be brought to the Court's attention during the May 1, 2006 motion in limine arguments.

### _Plaintiff's Excerpts from Deposition of William Ziperman:_

Page 5 Line 22 – Page 6 Line 1

Page 6 Lines 7-18

Page 8 Lines 4-23

Page 9 Lines 10-22

Page 11 Line 15 – Page 13, Line 21

Page 14 Line 9 – Page16, Line 5

Page 16 Lines 21-25

Page 17 Lines 8-24

Page 18 Lines 4-17

Page 19 Lines 1-17

Page 20 Lines 4-14

Page 23 Line 4 – Page 24 Line 7

Page 24 Line 14 – Page 26 Line 20

Page 28 Line 16 – Page 30 Line 25

Page 31 Line 8 – Page 32 Line 10

Page 33 Line 25 – Page 38 Line 15

Page 38 Line 23 – Page 39 Line 15

Page 40 Lines 8-16

Page 40 Line 22 – Page 41 Line 6

Page 41 Lines 9-14

Page 41 Line 19 – Page 42 Line 21

Page 43 Lines 6-8

Page 48 Line 20 – Page 49 Line 2

Page 53 Lines 13-15

Page 54 Line 4 – Page 55 Line 25

Page 56 Line 14 – Page 57 Line 13

Page 58 Line 22 – Page 60 Line 24

Page 62 Lines 7-16

Page 63 Line 25 – Page 64 Line 9

Page 64 Lines 16-23

Page 66 Line 8 – Page 67 Line 1

Page 67 Line 19 – Page 70 Line 25

Page 71 Lines 15-23

Page 72 Lines 2-3 and 12-13

Page 73 Line 9 – Page 74 Line 22

Page 75 Line 16 – Page 80 Line 9

Page 80 Line 15 – Page 81 Line 10

Page 83 Lines 1-8

Page 83 Line 17 – Page 84 Line 8

Page 86 Lines 18-24

Page 87 Line 1 – Page 88 Line 15

Page 90 Lines 7-24

Page 92 Line 9 – Page 93 Line 22

Page 94 Lines 2-18

*__Defendant's Excerpts from Deposition of William Ziperman:__*

> p. 5, ll. 4-21
>
> p. 6, ll. 2-6
>
> p. 9, ll. 3-9
>
> p. 10, l. 1 to p. 11, l.14
>
> p. 13, l. 22 to p. 14, l. 8
>
> p. 16, ll. 6-20
>
> p. 19, l. 18 to p. 20, l. 3
>
> p. 20, l. 15 to p. 23, l. 3
>
> p. 26, l. 21 to p. 27, l. 13
>
> p. 27, l. 24 to p. 28, l. 15
>
> p. 49, l. 5 to p. 51, l. 14
>
> p. 51, l. 22 to p. 53, l. 12
>
> p. 57, l. 14 to p. 58, l. 21
>
> p. 60, l. 25 to p. 62, l. 6
>
> p. 62, l. 17 to p. 63, l. 24
>
> p. 64, l. 24 to p. 66, l. 7
>
> p. 67, ll. 2-18
>
> p. 71, ll. 1-7; 10-14
>
> p. 74, l. 23 to p. 75, l. 15
>
> p. 81, l. 11 to p. 82, l. 9

p. 83, ll. 9-16

p. 95, ll. 8-17

13. ***JURY INSTRUCTIONS.*** Provided herewith.

14. ***EVIDENTIARY PROBLEMS.*** See objections to Exhibits. Also, objections to Ziperman deposition designations need to be addressed. Furthermore, defendant seeks to preclude the testimony of plaintiff's economic expert. Defendant also seeks to exclude testimony relating to certain lost or missing documents. Plaintiff seeks to preclude the testimony of Carrie Abel, Maureen Mollahan, Rosetta Moore, Frances Cassone and Terry Nelson on the grounds that they were not timely disclosed under 26(a), and further seeks to preclude their testimony, as well as that of Ellen Ziperman, with regard to their observation/opinion as to plaintiff's negative characteristics (which defendant admits was not a factor in termination) and their opinion as to the lack of discrimination. Plaintiff also moves to limit Defendant's Exhibit 505 and to exclude the testimony of Daniel Boucher since the proposed evidence is not probative and is potentially prejudicial. See Memoranda provided herewith. The parties have agreed, subject to this Court's approval, to the submission of opposition memoranda on or before May 1, 2006.

15.   **_FURTHER PROCEEDINGS._**   Argument on motions in limine currently scheduled for

May 1, 2006. No further pretrial proceedings necessary.

Dated: April 17, 2006

By

     Scott R. Lucas (ct00517)
     Keith A. McBride (ct26929)
     *Attorneys for Plaintiff*
     Martin Lucas & Chioffi, LLP
     177 Summer Street
     Stamford, CT 06901
     Phone: (203) 973-5200
     Fax: (203) 973-5250
     slucas@mlc-law.com

By

     George P. Birnbaum (ct04937)
     Michael L. Ferch, Esq. (ct24764)
     *Attorneys for Defendant*
     Minogue Birnbaum LLP
     237 Elm Street
     New Canaan, CT 06840
     Phone: (203) 966-6916
     Fax: (203) 966-6917
     minoguellp@sbcglobal.net
     mlferchesq@aol.com
     gpbscout@aol.com

### *CERTIFICATE OF SERVICE*

This is to certify that on this 17th day of April, 2006, a copy of the foregoing was ~~mailed~~,

~~first class, postage prepaid~~, to:

*hand-delivered*

George P. Birnbaum, Esq.
Michael L. Ferch, Esq.
Minogue Birnbaum LLP
237 Elm Street
New Canaan, CT 06840
Phone: (203) 966-6916
Fax: (203) 966-6917

By _____
Scott R. Lucas