UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA K. BLUMENSCHINE, | : | CIVIL ACTION NO. |
| | : | 302 CV 2244 (HBF) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| PROFESSIO NAL MEDIA GROUP, LLC, | : | |
| | : | APRIL 26, 2006 |
| Defendant. | : | |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
## PURPORTED EXPERT TESTIMONY BY SHELDON WISHNICK

Plaintiff Lisa K. Blumenschine hereby files her opposition to Professional Media Group, LLC's Motion in Limine to Preclude Purported Expert Testimony by Sheldon Wishnick. As demonstrated below, Mr. Wishnick readily meets the federal criteria for testifying as an expert, and defendant's attempt to preclude same on the basis he has the "wrong expertise" as he is not an economist is ill-founded.

### *ARGUMENT*

Defendant goes to great lengths here to describe what it sees as shortcomings in the facts relied on by Mr. Wishnick, pointing out that his calculation of plaintiff's lost wages did not include considerations specific to the magazine publishing industry, start-up magazines, or to this particular defendant. Defendant's arguments fail to establish that any of the assumptions of Mr. Wishnick are unreasonable or that the factual basis utilized by Mr. Wishnick somehow renders his conclusions unreliable. Defendant contends that Mr. Wishnick should have taken additional

factors into account when forming his opinion, and specifically contends Mr. Wishnick should be an economist to opine on lost wages.

Defendant's argument, however, ignores the law regarding expert testimony laid down by the United States Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), and Kumho Tire Company, Ltd. v. Carmichael, 526 U.S. 137 (1999). In those cases, the U.S. Supreme Court interpreted the Federal Rules of Evidence and created the standard for the admissibility of expert opinion testimony. Those cases state that in order for an expert's opinion to be admissible, it must be both relevant and reliable. Daubert, 509 U.S. at 589; Kumho Tire Company, 526 U.S. at 147.

Relevancy, Daubert explains, is a determination of whether "the evidence or testimony [will] assist the trier of fact to understand or to determine a fact in issue." Daubert, 509 U.S. at 591 (quoting Fed. R. Evidence 702). Relevancy also includes a requirement that the expert's opinion be sufficiently tied to the facts of the case. Id.

An inquiry into the expert's reliability, on the other hand, focuses on whether the reasoning or methodology underlying the testimony is scientifically valid. Id. at 592-93. The Supreme Court outlined a nonexclusive list of factors for consideration in determining whether the methodology is reliable:

> "(1) whether the theory or technique on which the expert relies has been tested- that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability; (2) whether the theory or technique has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the theory or method has been generally accepted by the scientific community."

Travelers Property and Casualty Corp. v. General Electric Co., 150 F.Supp.2d 360, 262 (D.Conn. 2001) (citing Daubert, 509 U.S. at 593-94).

Mr. Wishnick's opinion is based on facts closely tied to this case and this plaintiff, including her actual earnings, her educational background and her work history, including her present employment situation. The plaintiff's lost wages and future earnings are clearly issues for the jury's determination, and Mr. Wishnick's testimony will be useful in assisting the jury with making the necessary calculations. See, e.g., Ballantine v. Central Railroad of New Jersey, 460 F.2d 540, 542-43 (3d Cir. 1972) (holding that the jury was entitled to hear expert testimony on reducing future losses to present worth, saying, "in determining the amount of compensation, the jury should not be left free to roam between confusion and conjecture."); Miller v. Burlington Northern Santa Fe Railway, (No. 7:99-CV-0149R) 2001 WL 1326552 (N.D.Tex., October 16, 2001) ("I could not conceive of a more difficult challenge to a trial attorney than presenting lost wage data without an expert to summarize the voluminous data and calculations.") (attached as Exhibit A).

The defendant does not suggest that Mr. Wishnick used methodologies outside of accepted actuarial practices to reach the conclusions presented in his report. Though the defendant may prefer an economist's methodologies, an economist is not required. Actuaries have consistently been admitted as experts to calculate lost wages. See Stevenson v. Hearst Consol Publications, 214 F.2d 902, 907-08 (2d Cir. 1954); see also Eirhart v. Libbey-Owens-Ford Co., 996 F.2d 837, 842 (7th Cir. 1993); Freeman v. Package Machinery Co., 865 F.2d 1331 (1st Cir. 1988); MacLeod v. American Synthetic Rubber Corp., 805 F.2d 1035 (6th Cir. 1986). Naeem v. McKesson Drug Co., (No. 04-3816) 2006 WL 932354, *16 (7th Cir. 2006) (attached as

3

Exhibit B); McKenzie v. Berggren, (No. 02-2108) 2004 WL 116546 (6th Cir. 2004) (attached as Exhibit C); McGrory v. City of New York, (No. 99-Civ-4062FM) 2004 WL 2290898 (S.D.N.Y. October 8, 2004) (attached as Exhibit D); Miller v. Alldata Corp., (No. 99-2035) 2001 WL 777432 (6th Cir. 2001) (attached as Exhibit E).

Furthermore, Mr. Wishnick has been recognized as an expert qualified to testify as to lost wages and compensation in a number of cases. See EEOC v. Morgan Stanley & Co., 324 F.Supp.2d 451, 468-69 (S.D.N.Y. 2004) (holding that defendant's objections to Mr. Wishnick's assumptions "are the types of issues that should be decided by the jury and tested through cross examination."); Cendant Corp. v. Commissioner, (No.CV030520241S) 2004 WL 574880 (Conn.Super. March 9, 2004) (attached as Exhibit F); Lee v. Axiom Laboratories, (No. CV-980594562) 2001 WL 128917 (Conn.Super. January 24, 2001) (attached as Exhibit G). In fact, this Court, and specifically Your Honor, has previously recognized Sheldon Wishnick as an expert to testify as to a plaintiff's front pay and future losses. Palma v. Pharmedica Communications, Inc., (No. 3:00CV1128(HBF)) 2003 WL 22750600 *4 (D.Conn. September 30, 2003) (attached as Exhibit H).

It is clear under applicable law that the defendant's arguments regarding the assumptions made and actuarial methodology used do not render the testimony inadmissible. Instead, to the extent they have any merit at all, they are proper for attacking the weight of his testimony on cross-examination. Unless assumptions made by Mr. Wishnick are "so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison, other contentions that the assumptions are unfounded go to the weight, not the admissibility of the testimony." Bic Corp. v. Far Eastern Source Corp., (No. 01-7074) 2001 WL 1230706 23 (2d Cir.

October 12, 2001) (citations and quotation marks omitted); <u>Boucher v. U.S. Suzuki Motor Corp.</u>, 73 F.3d 18, 21 (2d Cir. 1996) (attached as Exhibit I).

> It is inherent in projecting future earnings that certain assumptions need be made. These assumptions were disclosed by [the expert] in his report. The assumptions he made are not clearly mistaken, unsupportable, or fanciful. They appear to be fairly made. But if mistaken, they are certainly fodder for cross-examination, not exclusion.

<u>Miller v. Burlington Northern Santa Fe Railway</u>, (No. 7:99-CV-0149R) 2001 WL 1326552 (N.D.Tex., October 16, 2001) (Ex. A hereto).

Accordingly, where alleged weaknesses exist in the factual basis for an expert's opinion, these concerns go only to the weight given to the expert's conclusions, but not to admissibility. <u>Martin v. Shell Oil Co.</u>, 180 F.Supp.2d 313, 319 (D.Conn. 2002) (defendant attacked the admissibility of plaintiff's expert's opinion as to the origin of pollutants at plaintiff's site by pointing out that the expert never visited the site, used data collected 75 miles away, and did not conduct hydrogeologic tests, but the court held that these objections went merely to the weight of the evidence); <u>see</u> <u>also</u> <u>Sun Microfinancial, Inc. v. Premier Holdings International, Inc.</u>, 385 F.3d 72, 81 (1st Cir. 2004) (court rejected defendants' attempt to exclude expert based on insufficient factual basis, stating, "The objection regarding the scope of [expert's] investigation . . . goes to the weight, not the admissibility, of his testimony.").

Mr. Wishnick's testimony is based on the applicable facts in order to estimate the plaintiff's lost income. He uses time-tested and well-recognized actuarial methodologies to estimate lost wages and benefits. Defendant's suggestion that Mr. Wishnick's opinion would be more accurate if different data had been considered is an appropriate point for cross-examination, but does not render Mr. Wishnick's opinion inadmissible.

## *CONCLUSION*

For the forgoing reasons, plaintiff respectfully requests that defendant's Motion in Limine to Preclude Purported Expert Testimony by Sheldon Wishnick be denied.

By_____/S/_____
Scott R. Lucas (ct00517)
Keith A. McBride (ct26929)
*Attorneys for Plaintiff,*
*Lisa K. Blumenschine*
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com
kmcbride@mlc-law.com

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on this 26th day of April, 2006, a copy of the foregoing was mailed, first class, postage prepaid, to:

George P. Birnbaum, Esq.
Thomas P. Minogue, Esq.
Michael L. Ferch, Esq.
Minogue Birnbaum LLP
237 Elm Street
New Canaan, CT 06840
Phone: (203) 966-6916
Fax: (203) 966-6917

                                      _____/S/_____
                                      Scott R. Lucas