```
             UNITED STATES DISTRICT COURT
               DISTRICT OF CONNECTICUT
                                    :
LISA K. BLUMENSCHINE                 :
                                    :
v.                                   :   CIV. NO. 3:02CV2244 (HBF)
                                    :
PROFESSIONAL MEDIA GROUP, LLC        :
                                    :
                                    :
                                    :
```

<u>RULING ON MOTIONS IN LIMINE</u>

On May 1, 2006, the Court heard oral argument on the parties' pending Motions in Limine. [Doc. ## 54, 55, 57, 58]. Jury selection is scheduled for Monday, May 8, 2006 at 9:30 AM with presentation of the evidence to begin Wednesday, May 17, 2006 at 10:00 AM.

**<u>Plaintiff's Motion In Limine [Doc. #54]</u>**

Plaintiff first seeks to exclude Daniel Boucher from testifying at trial.  Mr. Boucher was an employee of the defendant who was hired <u>after</u> plaintiff's termination of employment and whose employment was terminated <u>after</u> the company was aware of plaintiff's discrimination claims.  Plaintiff argues that Boucher's testimony is not probative and potentially highly prejudicial. On the current record, plaintiff's motion is **GRANTED**.

Plaintiff next seeks to exclude defendant from introducing proposed Exhibit 501, an employee list showing each one's sex, age, position and employment status. Plaintiff states that some

of the employees worked in the same time period as plaintiff, but the list also includes information about hirings and firings that occurred outside the relevant time period in this litigation. Plaintiff moves to limit the proposed evidence as irrelevant and highly prejudicial. Because defendant has not yet provided a copy to the Court, the Court will reserve decision. Defendant will provide a copy of the exhibit to the court for consideration.

**Plaintiff's Motion in Limine [Doc. #55]**

Plaintiff's motion to exclude testimony from Carrie Abel, Maureen Mollahan, Rosetta Moore and Frances Cassone as untimely is **GRANTED**.

Plaintiff also seeks to exclude the testimony of Gloria Williams, Terry Nelson and Ellen Ziperman. There is no dispute that these witnesses were timely disclosed. Plaintiff objects to their testimony, contending that they will offer lay witness opinion testimony regarding the non-discriminatory atmosphere at Professional Media Group and testify that plaintiff never complained of discrimination to them. Plaintiff's motion is **DENIED**. While lay witness opinions will not be permitted, these witnesses may testify to facts within their personal knowledge. Plaintiff may raise objections at trial to pending questions.

**Defendant's Motion in Limine [Doc. #57]**

Defendant's motion to preclude testimony regarding lost/missing sales and commission documents for plaintiff is **DENIED**. The Court will consider plaintiff's request for a spoilation charge at the charge conference on Monday, May 22, 2006.

**Defendant's Motion in Limine [Doc. #58]**

Defendant's motion to preclude plaintiff's expert Sheldon Wishnick from testifying is **DENIED**. Mr. Wishnick's opinion may be tested through cross-examination and the import of his testimony may be weighed by the jury. EEOC v. Morgan Stanley & Co., 324 F. Supp. 2d 451, 469 (S.D.N.Y. 2004).

CONCLUSION

For the reasons stated, plaintiff's Motions in Limine **[Doc. ##54 and 55]** are **GRANTED** and **DENIED** in part; and defendant's Motions in Limine **[Doc. ##57 and 58]** are **DENIED** in accordance with this ruling.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. #48] on

February 9, 2006, with appeal to the Court of Appeals.

SO ORDERED at Bridgeport this 5th day of May 2006.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE