UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                                    |   |                          |
|------------------------------------|---|--------------------------|
| LISA K. BLUMENSCHINE               | : |                          |
|                                    | : |                          |
| v.                                 | : | CIV. NO. 3:02CV2244 (HBF)|
|                                    | : |                          |
| PROFESSIONAL MEDIA GROUP, LLC      | : |                          |
|                                    | : |                          |
|                                    | : | May 23, 2006             |
|                                    | : |                          |

JURY INSTRUCTIONS

CHARGE TO THE JURY                                      3
FUNCTION OF THE COURT AND JURY                          4
EVIDENCE                                                5
DIRECT AND CIRCUMSTANTIAL EVIDENCE                      8
WEIGHT OF THE TESTIMONY                                10
DEPOSITIONS                                            13
IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS           14
COURT'S QUESTIONS TO WITNESSES                         17
BURDEN OF PROOF-CIVIL                                  18
BIAS                                                   20
INTEREST IN OUTCOME                                    21
STIPULATION OF FACTS                                   22
OPINION EVIDENCE                                       23
CORPORATE DEFENDANT                                    25
MULTIPLE CLAIMS

NATURE OF THE SUIT                                     27
TITLE VII-SEX DISCRIMINATION                           29
AGE DISCRIMINATION IN EMPLOYMENT ACT                   32
RETALIATION CLAIMS                                     34
     PARTICIPATION IN A PROTECTED ACTIVITY             36
     EMPLOYER                                          38
     CAUSAL CONNECTION                                 40
OTHER CONSIDERATIONS                                   41
ADVERSE EMPLOYMENT DECISION                            42
MOTIVATING FACTOR                                      44
DEFENDANT'S PROFFERED EXPLANATION                      47
BUSINESS JUDGMENT                                      49
CONSIDERATION OF EVIDENCE                              51
WORKPLACE COMMENTS                                     52
MISSING DOCUMENTS                                      53

CONNECTICUT EMPLOYMENT PRACTICES ACT                   55

STATE LAW CLAIMS TO RECOVER COMPENSATION         56
PROMISSORY ESTOPPEL                               57
NEGLIGENT MISREPRESENTATION                       58
CONNECTICUT'S WAGE STATUTE                        62


FACTORS TO CONSIDER WHILE DELIBERATING            64
NOTE TAKING                                       66
ACCESS TO TESTIMONY                               68
USE OF THE VERDICT FORM                           69
CONCLUSION                                        70

## CHARGE TO THE JURY

MEMBERS OF THE JURY, YOU HAVE LISTENED TO AND SEEN THE

EVIDENCE IN THIS CASE, AND YOU HAVE HEARD THE ARGUMENTS OF

COUNSEL.  YOU ARE NOW TO RECEIVE FROM ME THE RULES OF LAW THAT

LIE AT THE FOUNDATION OF THE VARIOUS MATTERS HERE IN ISSUE:  THE

RULES WHICH, WHEN APPLIED BY YOU, WILL LEAD TO YOUR ULTIMATE

DECISIONS.

IT IS YOUR DUTY AS CITIZENS AND AS JURORS TO DELIBERATE ON

THIS CASE, AND TO ARRIVE AT FAIR AND JUST DECISIONS BASED UPON

THE EVIDENCE AND THE LAW.  SYMPATHY AS WELL AS BIAS HAVE NO PLACE

IN THE CASE AND YOU SHOULD CONSCIENTIOUSLY AND DEFINITELY AVOID

ANY CONSIDERATION OF SYMPATHY OR BIAS AS A BASIS FOR YOUR

DECISIONS.  AND THAT APPLIES EQUALLY TO THE PLAINTIFF AND TO THE

DEFENDANT.

I WILL FIRST, IF I MAY, DIRECT YOUR ATTENTION TO CERTAIN

GENERAL PRINCIPLES THAT WILL GUIDE YOUR CONSIDERATION OF THE

MATTERS IN THIS CASE BEFORE DISCUSSING THE SPECIFICS OF THIS CASE

AND THE LAW APPLICABLE TO THEM.

3

## FUNCTION OF THE COURT AND JURY

FIRST, LET ME REMIND YOU AGAIN THAT YOU ARE THE SOLE JUDGES OF THE FACTS.  IT IS YOUR DUTY TO FIND THE FACTS.  YOU ARE TO RECOLLECT AND WEIGH THE EVIDENCE AND DRAW YOUR OWN CONCLUSIONS AS TO WHAT THE ULTIMATE FACTS ARE.

IT IS MY FUNCTION AND INDEED MY DUTY TO INSTRUCT YOU ON THE LAW APPLICABLE TO THIS CASE.  YOU MUST APPLY THE LAW, AS I GIVE IT TO YOU, TO THE FACTS YOU FIND PROVED.  YOU ARE TO ACCEPT THE LAW FROM THE COURT, THAT IS FROM ME, CONSIDERING MY CHARGE AS A WHOLE, WITHOUT REGARD TO ANY LEGAL CLAIMS WHICH HAVE BEEN MADE BY COUNSEL AND WITHOUT REGARD, ALSO, TO ANY CONVICTIONS YOU YOURSELVES MAY HAVE AS TO WHAT THE LAW IS OR WHAT YOU THINK THE LAW OUGHT TO BE.  YOU WILL THEN RENDER YOUR VERDICT BY UNANIMOUS VOTES.

## EVIDENCE

AT THE OUTSET, I SHOULD INFORM YOU THAT I AM NOT GOING TO REVIEW OR "MARSHALL" THE EVIDENCE FOR YOU.  I AM SURE THE EVIDENCE IS STILL FRESH IN YOUR MINDS, AND COUNSEL HAVE JUST REVIEWED THEIR FACTUAL CONTENTIONS IN THEIR SUMMATIONS.  IF ANY COMMENTS THAT I DO MAKE ABOUT THE EVIDENCE DIFFER FROM YOUR OWN RECOLLECTION, IT IS ALWAYS YOUR RECOLLECTION THAT CONTROLS, NOT MINE.

YOU MUST ONLY CONSIDER THE EVIDENCE PROPERLY ADMITTED IN THE CASE.  THE EVIDENCE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES, AND ALL EXHIBITS.

STATEMENTS, ARGUMENTS, AND CHARACTERIZATIONS OF COUNSEL, HOWEVER, INCLUDING THOSE MADE IN THE FORM OF A QUESTION TO A WITNESS, ARE NOT EVIDENCE IN THE CASE AND SHOULD NOT BE CONSIDERED BY YOU IN YOUR DELIBERATIONS ON THE CASE.  AGAIN, IT IS YOUR RECOLLECTION OF THE EVIDENCE THAT GOVERNS.

YOU MUST ENTIRELY DISREGARD ANY EVIDENCE AS TO WHICH AN

OBJECTION HAS BEEN SUSTAINED BY THE COURT.  IT IS THE DUTY OF THE

LAWYERS ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE

OFFERS TESTIMONY OR OTHER EVIDENCE THAT THE LAWYER BELIEVES IS

NOT PROPERLY ADMISSIBLE.  YOU SHOULD NOT SHOW PREJUDICE AGAINST A

LAWYER OR HIS CLIENT BECAUSE THE LAWYER HAS MADE OBJECTIONS.  AND

YOU MUST NOT ALLOW OUR DISCUSSIONS OR MY RULINGS ON THOSE

TECHNICAL MATTERS TO INFLUENCE YOU IN ANY WAY, FOR OR AGAINST

EITHER SIDE.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED

OVER THE OBJECTIONS OF ONE OF THE LAWYERS, THE COURT HAS NOT

INDICATED, NOR HAVE I MEANT TO INDICATE, ANY OPINION AS TO THE

WEIGHT OR EFFECT OF SUCH TESTIMONY OR EVIDENCE.  YOU, THE JURORS,

ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE

WEIGHT AND EFFECT OF ALL EVIDENCE -- EACH AND EVERY ITEM OF IT AS

WELL AS ITS TOTALITY. I HAVE NO OPINION ABOUT THE MERIT OF ANY

TESTIMONY.  IF I DID, I WOULD BE ENCROACHING ON YOUR JOB, AND

THAT I WILL NOT DO.

ANYTHING YOU HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT

EVIDENCE IN THE CASE, AND MUST BE ENTIRELY DISREGARDED.  BUT IN

YOUR CONSIDERATION OF THE EVIDENCE, YOU ARE NOT LIMITED TO THE

BALD STATEMENTS OF WITNESSES. IN OTHER WORDS, YOU ARE NOT LIMITED

TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY.  YOU ARE

PERMITTED TO DRAW, FROM FACTS THAT YOU FIND PROVED, SUCH

REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF

EXPERIENCE.  AN INFERENCE IS A DEDUCTION OR CONCLUSION THAT

REASON AND COMMON SENSE LEAD YOU TO DRAW FROM FACTS THAT YOU FIND

HAVE BEEN PROVED.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

AS A GENERAL RULE, THERE ARE TWO TYPES OF EVIDENCE FROM

WHICH YOU MAY FIND THE TRUTH AS TO THE FACTS OF THIS OR ANY OTHER

CASE:  DIRECT AND CIRCUMSTANTIAL EVIDENCE.  SIMPLY PUT, DIRECT

EVIDENCE IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF

A FACT, FOR EXAMPLE, AN EYEWITNESS.  CIRCUMSTANTIAL EVIDENCE,

GENERALLY PUT, IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES

THAT MAY INDICATE THE EXISTENCE OR NON-EXISTENCE OF A FACT.

NOW, TO ILLUSTRATE THE DIFFERENCE BETWEEN DIRECT AND

CIRCUMSTANTIAL EVIDENCE, LET US ASSUME THAT THE FACT IN ISSUE IN

A CASE IS WHETHER IT WAS RAINING ON A PARTICULAR AFTERNOON.  IF A

WITNESS TESTIFIED THAT HE OR SHE PERSONALLY SAW IT RAINING THAT

DAY, THEN WE WOULD SAY THAT WE HAD DIRECT EVIDENCE OF THAT FACT.

ON THE OTHER HAND, IF A WITNESS TESTIFIES THAT HE OR SHE WAS

IN A WINDOWLESS ROOM ON THAT AFTERNOON, BUT THAT WHEN THE WITNESS

CAME INSIDE, THE SKY WAS OVERCAST, AND THAT WHILE THE WITNESS WAS

IN THE ROOM, ONE PERSON ENTERED WITH A DRIPPING WET UMBRELLA

WHILE ANOTHER WALKED IN WEARING A WET RAINCOAT, WE WOULD SAY THAT

WE HAVE CIRCUMSTANTIAL EVIDENCE OF THE FACT THAT IT WAS RAINING.

THAT IS A VERY SIMPLE ILLUSTRATION.

IMPORTANTLY, AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION

BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES

THAT, BEFORE FINDING A CHARGE PROVEN, OR A FACT ESTABLISHED, THE

JURY BE SATISFIED OF THE PROOF OF THAT CHARGE OR FACT BY THE

APPROPRIATE STANDARD -- A MATTER I WILL DISCUSS WITH YOU SHORTLY.

## WEIGHT OF THE TESTIMONY

IN FULFILLING YOUR DUTY AS FINDERS OF FACT, YOU AS JURORS

ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE

WEIGHT, IF ANY, THEIR TESTIMONY DESERVES.  THIS IS ALSO TRUE AS

TO THE VERACITY AND WEIGHT OF THE OTHER EVIDENCE, INCLUDING

EXHIBITS.  THERE IS NO MAGICAL FORMULA BY WHICH ONE MAY EVALUATE

TESTIMONY.  YOU BRING WITH YOU TO THIS COURTROOM ALL THE

EXPERIENCE AND BACKGROUND OF YOUR DAILY LIVES.  IN YOUR EVERYDAY

AFFAIRS YOU DETERMINE FOR YOURSELVES THE RELIABILITY OR

UNRELIABILITY OF STATEMENTS MADE TO YOU OR DOCUMENTS GIVEN TO YOU

BY OTHERS.  THE SAME TESTS THAT YOU USE IN YOUR EVERYDAY DEALINGS

ARE THE TESTS THAT YOU SHOULD APPLY IN YOUR DELIBERATIONS HERE.

YOU MAY CONSIDER THE DEMEANOR OF THE WITNESS ON THE STAND AND ANY

INTEREST HE OR SHE MAY HAVE IN THE OUTCOME OF THE CASE.  YOU MAY

ALSO CONSIDER ANY BIAS OR PREJUDICE FOR OR AGAINST ANY PARTY; THE

WITNESS' OPPORTUNITY TO OBSERVE; ANY REASON FOR THE WITNESS TO

REMEMBER OR FORGET; THE INHERENT PROBABILITY OF HIS OR HER STORY;

10

ITS CONSISTENCY OR LACK OF CONSISTENCY; AND ITS CORROBORATION OR

LACK OF CORROBORATION BY OTHER CREDIBLE EVIDENCE.

YOU MAY DECIDE NOT TO ACCEPT A WITNESS' TESTIMONY EVEN IF IT

STANDS UNCONTRADICTED AND UNIMPEACHED.  ON THE OTHER HAND, YOU

MAY FIND A PARTICULAR FACT ESTABLISHED EVEN THOUGH IT IS

SUPPORTED ONLY BY THE TESTIMONY OF ONE WITNESS.  IN SUM, JURORS,

YOU ALONE DETERMINE WHAT WEIGHT, IF ANY, TO GIVE TO THE EVIDENCE

PRESENTED.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE

CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY

MATTER IN EVIDENCE WHICH TENDS TO INDICATE WHETHER A WITNESS IS

WORTHY OF BELIEF.  CONSIDER EACH WITNESS' INTELLIGENCE, MOTIVE,

STATE OF MIND AND DEMEANOR WHILE ON THE STAND.  CONSIDER ALSO ANY

RELATION EACH WITNESS MAY BEAR TO EITHER SIDE OF THE CASE, THE

MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE VERDICT AND

THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED

OR CONTRADICTED BY OTHER CREDIBLE EVIDENCE IN THE CASE.

YOU MAY ALSO BEAR IN MIND THAT IF YOU SHOULD FIND THAT ANY

WITNESS HAS <u>DELIBERATELY</u> TESTIFIED FALSELY ON ANY <u>MATERIAL</u> POINT,

YOU MAY TAKE THAT INTO CONSIDERATION IN DETERMINING WHETHER THAT

WITNESS HAS TESTIFIED FALSELY ON OTHER POINTS.  SIMPLY BECAUSE

YOU FIND THAT A WITNESS HAS NOT TESTIFIED ACCURATELY WITH RESPECT

TO ONE FACT, IT DOES NOT NECESSARILY FOLLOW THAT THE WITNESS IS

WRONG ON EVERY OTHER POINT.  A WITNESS MAY HONESTLY BE MISTAKEN

ON ONE POINT OF TESTIMONY YET ENTIRELY ACCURATE ON OTHERS.  BUT

IF YOU FIND THAT A WITNESS HAS DELIBERATELY LIED ON ANY MATERIAL

POINT, IT IS ONLY NATURAL THAT YOU SHOULD BE SUSPICIOUS OF THE

TESTIMONY OF THAT WITNESS ON ALL POINTS.  UNDER THOSE

CIRCUMSTANCES, YOU ARE ENTITLED, IF YOU DEEM IT APPROPRIATE, TO

DISBELIEVE THE ENTIRE TESTIMONY OF THAT WITNESS.  WHETHER YOU

DISBELIEVE IT OR NOT LIES IN YOUR SOUND JUDGMENT AND SOLE

PREROGATIVE.

## DEPOSITIONS

DURING THE TRIAL YOU HEARD WITNESSES ASKED ABOUT THEIR

"DEPOSITIONS."  OCCASIONALLY, LAWYERS INCLUDE DEPOSITION

TESTIMONY IN THEIR QUESTIONS.  AFTER A LAWSUIT IS FILED, THERE IS

A PERIOD OF TIME, CALLED THE "DISCOVERY" PERIOD, WHEN THE PARTIES

EXCHANGE INFORMATION AND DOCUMENTS.  DURING THIS PERIOD, EACH

SIDE MAY ASK QUESTIONS OF POTENTIAL WITNESSES UNDER OATH. THAT

QUESTIONING, WHICH DOES NOT HAPPEN IN FRONT OF A JUDGE, IS CALLED

A DEPOSITION.  A STENOGRAPHER RECORDED THE QUESTIONS AND ANSWERS

AND TRANSCRIBED THEM INTO A DOCUMENT WHICH EACH WITNESS LATER HAD

AN OPPORTUNITY TO REVIEW AND SIGN BEFORE A NOTARY PUBLIC.  THE

RULES OF EVIDENCE WHICH APPLY AT TRIALS ARE NOT IN EFFECT AT

DEPOSITIONS; WITH LIMITED EXCEPTIONS, LAWYERS CAN ASK ANY

QUESTIONS THEY WISH.

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

AS A GENERAL MATTER, THE TESTIMONY OF A WITNESS MAY BE

DISCREDITED OR IMPEACHED BY SHOWING THAT HE OR SHE HAS PREVIOUSLY

MADE STATEMENTS THAT ARE INCONSISTENT WITH HIS OR HER PRESENT

TESTIMONY.  GENERALLY, THE INCONSISTENT STATEMENTS ARE ADMITTED

INTO EVIDENCE SOLELY FOR THE PURPOSE OF SHEDDING LIGHT ON THE

WITNESS' CREDIBILITY.  THEREFORE, SHOULD YOU FIND THAT A WITNESS'

PRIOR STATEMENTS ARE INCONSISTENT WITH THE IN COURT TESTIMONY,

YOU MAY CONSIDER SUCH PRIOR STATEMENTS BUT ONLY IN CONNECTION

WITH YOUR EVALUATION OF THE CREDENCE TO BE GIVEN TO THE WITNESS'

PRESENT TESTIMONY IN COURT.  THAT IS, YOU MAY CONSIDER SUCH PRIOR

INCONSISTENT STATEMENTS ONLY FOR THE PURPOSE OF JUDGING THE

WITNESS' PRESENT TESTIMONY IN COURT, AND YOU ARE NOT TO CONSIDER

SUCH PRIOR STATEMENTS FOR THEIR TRUTH OR FALSITY OR FOR HOW THEY

BEAR ON THE MERITS OF THE CASE.  THIS IS THE GENERAL RULE.

THERE IS AN EXCEPTION TO THIS GENERAL RULE.  IF YOU FIND

THAT  A PRIOR INCONSISTENT STATEMENT OF A WITNESS WAS GIVEN UNDER

14

OATH, SUBJECT TO THE PENALTY OF PERJURY, SUCH AS IN A DEPOSITION,

THAT PRIOR STATEMENT MAY BE CONSIDERED BY YOU, BOTH FOR ITS OWN

TRUTH OR FALSITY AS WELL AS IN YOUR EVALUATION OF THE WITNESS'

CREDIBILITY.

LET ME GIVE YOU AN EXAMPLE.  SUPPOSE THE FACT AT ISSUE IN A

CASE IS THE COLOR OF A CAR.  A WITNESS TESTIFIES THAT THE CAR IN

QUESTION WAS BLUE.  HE IS IMPEACHED WITH AN EARLIER STATEMENT IN

WHICH HE DESCRIBES THE CAR AS GREEN.  THE JURY CAN USE THE

EARLIER STATEMENT IN EVALUATING WHETHER TO BELIEVE THE TESTIMONY

AT TRIAL THAT THE CAR WAS BLUE.  BUT THE PREVIOUS STATEMENT

CANNOT BE USED TO PROVE THAT THE CAR WAS GREEN.  AND IF THERE IS

NOTHING OTHERWISE IN EVIDENCE TO PROVE THAT THE CAR WAS GREEN

(ANOTHER WITNESS, FOR EXAMPLE), THERE IS NO EVIDENCE ON WHICH TO

BASE A CONCLUSION THAT THE CAR WAS ACTUALLY GREEN (AS OPPOSED TO

NOT BLUE).  THE EXCEPTION COMES IN IF THE WITNESS'S PREVIOUS

STATEMENT THAT THE CAR WAS GREEN WAS MADE UNDER OATH.  IF SO, THE

JURY CAN USE THE PREVIOUS STATEMENT FOR TWO PURPOSES: (1) TO

JUDGE WHETHER THE TRIAL TESTIMONY THAT THE CAR WAS BLUE IS

ACCURATE, AND (2) TO PROVE THAT THE CAR WAS GREEN.

## COURT'S QUESTIONS TO WITNESSES

DURING THE COURSE OF THE TRIAL, I HAVE OCCASIONALLY ASKED QUESTIONS OF A WITNESS TO TRY TO CLARIFY FACTS NOT THEN FULLY COVERED BY THE TESTIMONY.  PLEASE DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTIONS MAY HAVE RELATED OR THAT THE AREAS ARE OF ANY PARTICULAR IMPORTANCE TO YOU.  REMEMBER THAT YOU, AS JURORS, DECIDE WHAT SIGNIFICANCE EACH ITEM OF EVIDENCE HAS. QUESTIONS OR COMMENTS I MAKE ARE NOT EVIDENCE, JUST AS WHAT THE LAWYERS SAY IS NOT EVIDENCE.

## BURDEN OF PROOF -- CIVIL

IN A CIVIL ACTION, A PLAINTIFF BEARS THE BURDEN OF PROVING

EACH ESSENTIAL ELEMENT OF EACH OF HER CLAIMS BY A "PREPONDERANCE

OF THE EVIDENCE."

I WISH TO POINT OUT THAT THE BURDEN OF PROOF IN CIVIL CASES

SUCH AS THIS ONE DIFFERS FROM THE BURDEN OF PROOF IN CRIMINAL

CASES.  IN A CRIMINAL CASE, THE BURDEN OF PROOF IS PROOF "BEYOND

A REASONABLE DOUBT"; IN A CIVIL CASE, THE BURDEN OF PROOF IS

GENERALLY PROOF "BY A PREPONDERANCE OF THE EVIDENCE."  TO PROVE

BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE THAT SOMETHING

IS MORE LIKELY SO THAN NOT SO.  IN OTHER WORDS, A PREPONDERANCE

OF THE EVIDENCE MEANS SUCH EVIDENCE, AS WHEN CONSIDERED AND

COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE AND

PRODUCES IN YOUR MINDS BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS

MORE LIKELY TRUE THAN NOT TRUE.  THIS IS NOT NECESSARILY

DETERMINED BY THE GREATER NUMBER OF WITNESSES PRODUCED BY A

PARTY, BUT IT MEANS THAT THE CREDIBLE EVIDENCE ON BEHALF OF THE

18

PARTY ON WHOM THE BURDEN RESTS MUST HAVE GREATER WEIGHT IN YOUR

JUDGMENT, THAT IS, GREATER PROBATIVE VALUE.

IT MIGHT BE HELPFUL TO VISUALIZE A PAIR OF SCALES IN EQUAL

BALANCE.  IMAGINE THAT YOU CAN PUT CREDIBLE EVIDENCE SUPPORTING

PLAINTIFF ON ONE SIDE OF THE SCALE AND CREDIBLE EVIDENCE

SUPPORTING A DEFENDANT ON THE OTHER.  IF THE SCALES TIP EVER SO

SLIGHTLY IN FAVOR OF THE PLAINTIFF, THE PLAINTIFF'S EVIDENCE

PREPONDERATES, AND SHE HAS SUSTAINED HER BURDEN OF PROOF.  IF THE

SCALES TIP THE OTHER WAY, EVER SO SLIGHTLY IN FAVOR OF THE

DEFENDANT, THEN OBVIOUSLY THE PLAINTIFF HAS NOT SUSTAINED HER

BURDEN OF PROOF.  SHOULD YOU FEEL THAT THE SCALES ARE EVENLY

BALANCED, THAT THE CREDIBLE EVIDENCE DOES NOT FAVOR EITHER SIDE,

THEN THE PLAINTIFF HAS FAILED TO MEET THE BURDEN OF PROVING HER

CASE BY A PREPONDERANCE OF THE EVIDENCE.

## BIAS

IN DECIDING WHETHER TO BELIEVE ANY WITNESS, YOU SHOULD

SPECIFICALLY NOTE ANY EVIDENCE OF HOSTILITY OR AFFECTION WHICH

THE WITNESS MAY HAVE TOWARDS EITHER ONE OF THE PARTIES.

LIKEWISE, YOU SHOULD CONSIDER EVIDENCE OF ANY OTHER INTEREST OR

MOTIVE THAT THE WITNESS MAY HAVE IN COOPERATING WITH A PARTICULAR

PARTY.

IT IS YOUR DUTY TO CONSIDER WHETHER A WITNESS HAS PERMITTED

ANY SUCH BIAS OR INTEREST TO COLOR HIS OR HER TESTIMONY.  IN

SHORT, IF YOU FIND THAT A WITNESS IS BIASED, YOU SHOULD VIEW HIS

OR HER TESTIMONY WITH CAUTION, WEIGH IT WITH CARE, AND SUBJECT IT

TO CLOSE AND SEARCHING SCRUTINY.

## INTEREST IN OUTCOME

IN EVALUATING THE CREDIBILITY OF A WITNESS, YOU SHOULD TAKE INTO ACCOUNT THE POSSIBILITY THAT THAT WITNESS MAY BENEFIT IN SOME WAY FROM THE OUTCOME OF THE CASE.  SUCH INTEREST IN THE OUTCOME MAY CREATE A MOTIVE TO TESTIFY FALSELY AND MAY SWAY A WITNESS TO TESTIFY IN A WAY THAT ADVANCES HIS OR HER OWN INTERESTS.  THEREFORE, IF YOU FIND THAT ANY WITNESS WHOSE TESTIMONY YOU ARE CONSIDERING HAS OR MAY HAVE AN INTEREST IN THE OUTCOME OF THIS TRIAL, THEN YOU SHOULD BEAR THAT IN MIND WHEN EVALUATING THE CREDIBILITY OF HIS OR HER TESTIMONY, AND ACCEPT THE TESTIMONY WITH GREAT CARE.

KEEP IN MIND, THOUGH, THAT IT DOES NOT AUTOMATICALLY FOLLOW THAT TESTIMONY GIVEN BY AN INTERESTED WITNESS IS TO BE DISBELIEVED.  THERE ARE MANY PEOPLE WHO, NO MATTER WHAT THEIR INTEREST IN THE OUTCOME OF THE CASE MAY BE, WOULD NOT TESTIFY FALSELY.  IT IS FOR YOU TO DECIDE, BASED ON YOUR OWN PERCEPTIONS AND COMMON SENSE, TO WHAT EXTENT, IF AT ALL, A WITNESS' INTEREST HAS AFFECTED HIS OR HER TESTIMONY.

## STIPULATION OF FACTS

A STIPULATION OF FACTS IS AN AGREEMENT AMONG THE PARTIES THAT CERTAIN FACTS ARE TRUE.  YOU MUST REGARD SUCH AGREED FACTS AS TRUE.

UNLESS YOU ARE OTHERWISE INSTRUCTED, THE EVIDENCE IN THE CASE ALWAYS CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM; AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM; AND ALL FACTS WHICH MAY HAVE BEEN ADMITTED OR STIPULATED; AND ALL FACTS AND EVENTS WHICH MAY HAVE BEEN JUDICIALLY NOTICED.

## OPINION EVIDENCE

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO OPINIONS OR CONCLUSIONS.  AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE WHOM WE CALL "EXPERT WITNESSES."  WITNESSES WHO, BY EDUCATION AND EXPERIENCE, HAVE BECOME EXPERT IN SOME ART, SCIENCE, PROFESSION, OR CALLING, MAY STATE THEIR OPINIONS AS TO RELEVANT AND MATERIAL MATTERS, IN WHICH THEY PROFESS TO BE EXPERT, AND MAY ALSO STATE THEIR REASONS FOR THE OPINION.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE, AND GIVE IT SUCH WEIGHT AS YOU THINK IT DESERVES. IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION OR THE FACTS UNDERLYING IT ARE NOT SOUND, OR IF YOU FEEL THAT IT IS OUTWEIGHED BY OTHER EVIDENCE, YOU MAY DISREGARD THE OPINION ENTIRELY.

## CORPORATE DEFENDANT

IN THIS CASE, THE PLAINTIFF BRINGING THE CASE IS LISA BLUMENSCHINE.

THE DEFENDANT IS PROFESSIONAL MEDIA GROUP, LLC.

IN THIS CASE, DEFENDANT IS A CORPORATION.  THE MERE FACT THAT DEFENDANT IS A CORPORATION DOES NOT MEAN IT IS ENTITLED TO ANY GREATER OR LESSER CONSIDERATION BY YOU.  ALL PARTIES ARE EQUAL BEFORE THE LAW, AND CORPORATIONS, BIG OR SMALL, ARE ENTITLED TO THE SAME FAIR CONSIDERATION AS YOU WOULD GIVE ANY INDIVIDUAL PARTY.

WHEN A CORPORATION IS INVOLVED, IT ACTS ONLY THROUGH NATURAL PERSONS AS ITS AGENTS OR EMPLOYEES.  THE ACTS AND DECLARATIONS OF AN AGENT OR EMPLOYEE OF A CORPORATION MADE WHILE ACTING AS THE CORPORATION HAS AUTHORIZED, THAT IS, WITHIN THE SCOPE OF THE AUTHORITY DELEGATED BY THE CORPORATION, ARE DEEMED BY THE LAW TO BE THE ACTS OR DECLARATIONS OF THE CORPORATION.

## MULTIPLE CLAIMS

THERE ARE NINE CLAIMS RAISED BY PLAINTIFF'S COMPLAINT. THEY
ARE EMPLOYMENT DISCRIMINATION ON THE BASIS OF HER SEX (GENDER) IN
VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964; ON THE
BASIS OF HER AGE IN VIOLATION OF  THE AGE DISCRIMINATION IN
EMPLOYMENT ACT OR THE "ADEA"; AND SEX AND AGE DISCRIMINATION IN
VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT OR
"CFEPA".  PLAINTIFF ALSO CLAIMS RETALIATION BECAUSE SHE
COMPLAINED ABOUT SEX AND AGE DISCRIMINATION.  IN ADDITION,
PLAINTIFF SEEKS RECOVERY OF UNPAID COMPENSATION UNDER THE LEGAL
THEORIES OF PROMISSORY ESTOPPEL AND NEGLIGENT MISREPRESENTATION
AND PURSUANT TO THE  CONNECTICUT FAIR WAGE STATUTE.

WHILE EVIDENCE MAY PERTAIN TO MORE THAN ONE CLAIM, YOU
SHOULD CONSIDER EACH CLAIM, AND THE EVIDENCE PERTAINING TO IT
SEPARATELY, AS YOU WOULD HAD EACH CLAIM BEEN TRIED BEFORE YOU
SEPARATELY.

IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A

25

PREPONDERANCE OF THE EVIDENCE, THE JURY MAY CONSIDER THE

TESTIMONY OF ALL THE WITNESSES, AND ALL THE EXHIBITS RECEIVED IN

EVIDENCE, REGARDLESS OF WHO MAY HAVE CALLED THEM OR PRODUCED

THEM.

## NATURE OF THE SUIT

MS. BLUMENSCHINE BRINGS THREE SEPARATE CLAIMS OF

DISCRIMINATION AGAINST HER EMPLOYER, PROFESSIONAL MEDIA GROUP

UNDER FEDERAL AND STATE LAW:

-THAT SHE WAS DISCRIMINATED AGAINST ON THE BASIS OF HER SEX

(GENDER) IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF

1984 AND THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT;

-THAT SHE WAS DISCRIMINATED AGAINST ON THE BASIS OF HER AGE IN

VIOLATION OF THE AGE DISCRIMINATION EMPLOYMENT ACT AND

CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT; AND

-THAT SHE WAS RETALIATED AGAINST FOR COMPLAINING ABOUT SEX AND

AGE DISCRIMINATION.

THESE ARE THREE DISTINCT CLAIMS AND YOU MUST CONSIDER THEM

SEPARATELY. IN ORDER TO PREVAIL, MS. BLUMENSCHINE MUST PROVE EACH

ELEMENT OF THE CLAIM YOU ARE CONSIDERING BY A PREPONDERANCE OF

THE EVIDENCE.

DEFENDANT PROFESSIONAL MEDIA GROUP DENIES THESE ALLEGATIONS

27

AND ASSERTS THAT IT TERMINATED PLAINTIFF'S EMPLOYMENT BASED ON

HER POOR SALES PERFORMANCE.

_____MS. BLUMENSCHINE ALSO MAKES SEVERAL CLAIMS AGAINST

PROFESSIONAL MEDIA GROUP WHICH ARE SEPARATE AND DISTINCT FROM HER

CLAIMS OF SEX AND AGE DISCRIMINATION AND RETALIATION AND WHICH

DEFENDANTS ALSO DENY. SHE SEEKS WAGES THAT SHE SAYS ARE DUE AND

OWING TO HER FOR THE YEAR 2001.  REGARDLESS OF WHETHER YOU FIND

FOR OR AGAINST HER ON HER DISCRIMINATION AND RETALIATION CLAIMS

YOU WILL DECIDE WHETHER MS. BLUMENSCHINE IS ENTITLED TO RECOVER

WAGES BASED ON THE LEGAL THEORIES OF PROMISSORY ESTOPPEL OR

NEGLIGENT MISREPRESENTATION, AND CONNECTICUT'S WAGE STATUTE,

SECTION 31-72.

## **EMPLOYMENT DISCRIMINATION ON THE BASIS OF SEX (GENDER) UNDER**

## **TITLE VII**

THE CIVIL RIGHTS ACT OF 1964, TITLE VII PROVIDES THAT

IT SHALL BE AN UNLAWFUL EMPLOYMENT PRACTICE FOR AN

EMPLOYER--

(1) TO DISCHARGE ANY INDIVIDUAL, OR OTHERWISE TO
DISCRIMINATE AGAINST ANY INDIVIDUAL WITH RESPECT TO
[HER] COMPENSATION, TERM, CONDITIONS, OR PRIVILEGES OF
EMPLOYMENT, BECAUSE OF SUCH INDIVIDUAL'S RACE, COLOR,
RELIGION, SEX, OR NATIONAL ORIGIN.

(2) TO LIMIT, SEGREGATE, OR CLASSIFY HIS EMPLOYEES OR
APPLICANTS FOR EMPLOYMENT IN ANY WAY WHICH WOULD
DEPRIVE OR TEND TO DEPRIVE ANY INDIVIDUAL OF EMPLOYMENT
OPPORTUNITIES OR OTHERWISE ADVERSELY AFFECT HIS STATUS
AS AN EMPLOYEE, BECAUSE OF SUCH INDIVIDUAL'S RACE,
COLOR, RELIGION, SEX OR NATIONAL ORIGIN.

42 U.S.C. §2000e-2(A)

### **PURPOSE**

IT IS UNLAWFUL FOR AN EMPLOYER TO INTENTIONALLY DISCHARGE

ANY PERSON OR OTHERWISE DISCRIMINATE AGAINST ANY PERSON WITH

RESPECT TO COMPENSATION, TENURE, CONDITIONS, OR PRIVILEGES OF

EMPLOYMENT BECAUSE OF SUCH PERSON'S SEX.

PLAINTIFF CLAIMS THAT DEFENDANT INTENTIONALLY DISCRIMINATED

29

AGAINST HER BECAUSE OF HER SEX. DEFENDANT DENIES THIS CHARGE AND

CONTENDS THAT PLAINTIFF WAS DISCHARGED BASED ON HER POOR SALES

PERFORMANCE.

IN ORDER FOR PLAINTIFF TO PROVE HER CLAIM OF SEX

DISCRIMINATION, PLAINTIFF MUST PROVE ALL OF THE FOLLOWING

ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE.

FIRST, THAT SHE WAS DISCHARGED OR SUBJECTED TO ANOTHER

ADVERSE EMPLOYMENT ACTION.  THE PARTIES STIPULATE THAT

PLAINTIFF'S EMPLOYMENT WAS TERMINATED AND THAT THIS WAS AN

ADVERSE EMPLOYMENT ACTION.  YOU MAY TAKE THIS FACT AS PROVEN. MS.

BLUMENSCHINE HAS ALSO ALLEGED TWO OTHER ADVERSE EMPLOYMENT

ACTIONS: THAT SHE WAS EXCLUDED FROM MANAGERIAL FUNCTIONS AT

PROFESSIONAL MEDIA GROUP; AND THAT  THE COMPANY WITHHELD

COMPENSATION DUE TO HER AT THE TIME OF HER TERMINATION.

SECOND, THAT SEX (GENDER) WAS A MOTIVATING FACTOR IN

DEFENDANT'S DECISION TO: (1) TERMINATE PLAINTIFF'S EMPLOYMENT; OR

(2) IN EXCLUDING HER FROM MANAGERIAL FUNCTIONS; OR (3) BY

WITHHOLDING COMPENSATION DUE TO HER AT THE TIME OF HER

TERMINATION, IF YOU FIND THAT EITHER OF THOSE OCCURRED.

## AGE DISCRIMINATION IN EMPLOYMENT "ADEA"

PLAINTIFF ALSO ALLEGES SHE SUFFERED UNLAWFUL DISCRIMINATION ON THE BASIS OF AGE. THE DEFENDANT DENIES IT DISCRIMINATED AGAINST MS. BLUMENSCHINE ON THE BASIS OF AGE.

FEDERAL LAW MAKES IT UNLAWFUL FOR AN EMPLOYER TO DISCHARGE OR OTHERWISE DISCRIMINATE AGAINST ANY EMPLOYEE BECAUSE OF THAT EMPLOYEE'S AGE, WHEN THE EMPLOYEE IS FORTY (40) YEARS OF AGE OR OLDER.

IN ORDER FOR PLAINTIFF TO PREVAIL ON HER AGE CLAIM, THE PLAINTIFF MUST PROVE ALL OF THE FOLLOWING THREE ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

FIRST, THAT PLAINTIFF WAS FORTY YEARS OF AGE OR OLDER. THE PARTIES HAVE STIPULATED THAT PLAINTIFF WAS FORTY (40) OR OLDER DURING HER EMPLOYMENT WITH PROFESSIONAL MEDIA GROUP. YOU MAY TAKE THIS FACT AS PROVEN;

SECOND, THAT PLAINTIFF WAS DISCHARGED BY DEFENDANT OR SUBJECTED TO ANOTHER ADVERSE EMPLOYMENT ACTION.  THE PARTIES DO

NOT DISPUTE THAT PLAINTIFF'S EMPLOYMENT WAS TERMINATED AND THAT

THIS WAS AN ADVERSE EMPLOYMENT ACTION.  YOU MAY TAKE THIS FACT AS

PROVEN.  MS. BLUMENSCHINE HAS ALSO ALLEGED TWO OTHER ADVERSE

EMPLOYMENT ACTIONS: THAT SHE WAS EXCLUDED FROM MANAGERIAL

FUNCTIONS AT PROFESSIONAL MEDIA GROUP; AND THAT THE COMPANY

WITHHELD COMPENSATION DUE TO HER AT THE TIME OF HER TERMINATION;

AND

    THIRD, THAT AGE WAS A MOTIVATING FACTOR IN DEFENDANT'S

DECISION TO TERMINATE PLAINTIFF'S EMPLOYMENT OR IN HER EXCLUSION

FROM MANAGERIAL FUNCTIONS OR THE WITHHOLDING OF COMPENSATION, IF

YOU FIND THAT THOSE ACTIONS OCCURRED.

## RETALIATION CLAIM

IT IS UNLAWFUL FOR AN EMPLOYER TO DISCRIMINATE OR TO RETALIATE AGAINST AN EMPLOYEE FOR THE EXERCISE OF RIGHTS CREATED UNDER TITLE VII OR THE ADEA.

MS. BLUMENSCHINE ALLEGES THAT PROFESSIONAL MEDIA GROUP RETALIATED AGAINST HER BECAUSE SHE COMPLAINED ABOUT A PRACTICE MADE UNLAWFUL BY TITLE VII, WHICH PROHIBITS SEX (GENDER) DISCRIMINATION, OR THE ADEA, WHICH PROHIBITS AGE DISCRIMINATION. IN ORDER TO PROVE HER CLAIM OF RETALIATION, PLAINTIFF MUST PROVE EACH OF THE FOLLOWING THREE ELEMENTS, BY THE PREPONDERANCE OF THE EVIDENCE:

FIRST, THAT SHE PARTICIPATED IN AN ACTIVITY PROTECTED UNDER TITLE VII OR THE ADEA;

SECOND, THE EMPLOYER WAS AWARE OF THE ACTIVITY;

THIRD, THAT SHE WAS SUBJECTED TO AN ADVERSE EMPLOYMENT ACTION AT THE TIME, OR AFTER, THE PROTECTED CONDUCT TOOK PLACE. THE PARTIES DO NOT DISPUTE THAT PLAINTIFF'S EMPLOYMENT WAS

34

TERMINATED AND THAT THIS WAS AN ADVERSE EMPLOYMENT ACTION.  YOU

SHOULD TAKE THIS FACT AS PROVEN.  MS. BLUMENSCHINE HAS ALSO

ALLEGED OTHER RETALIATORY ACTIONS: THAT, SHE WAS EXCLUDED FROM

MANAGERIAL FUNCTIONS, AND THAT THE COMPANY WITHHELD COMPENSATION

DUE TO HER AT THE TIME OF HER TERMINATION. YOU WILL DECIDE IF

THIS OCCURRED.

FOURTH, THAT THERE IS A CAUSAL CONNECTION BETWEEN THE

EMPLOYEE'S PROTECTED ACTIVITY AND THE EMPLOYER'S ADVERSE

EMPLOYMENT ACTION.

**RETALIATION: PARTICIPATION IN A PROTECTED ACTIVITY**

MS. BLUMENSCHINE ALLEGES THAT SHE WAS RETALIATED AGAINST FOR COMPLAINING TO HER SUPERVISOR ABOUT SEX AND AGE DISCRIMINATION.

TO ESTABLISH THIS FIRST ELEMENT, MS. BLUMENSCHINE MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT SHE OPPOSED OR COMPLAINED ABOUT A PRACTICE THAT WAS ILLEGAL UNDER TITLE VII OR THE ADEA, YOU MUST DECIDE:

(1) IF SHE OPPOSED OR COMPLAINED ABOUT A PRACTICE; AND

(2) WHETHER THE PRACTICE SHE OPPOSED WAS UNLAWFUL UNDER TITLE VII OR THE ADEA.

THE TERM "PROTECTED ACTIVITY" REFERS TO ACTION TAKEN TO PROTEST OR OPPOSE STATUTORILY PROHIBITED DISCRIMINATION. THE EMPLOYEE'S OPPOSITION TO AN UNLAWFUL EMPLOYMENT PRACTICE MUST REFER TO SOME PRACTICE BY THE EMPLOYER THAT IS ALLEGEDLY UNLAWFUL. IT IS NOT NECESSARY, HOWEVER, THAT THE PRACTICE BE DEMONSTRABLY UNLAWFUL; THE ACTIVITY IS PROTECTED WHENEVER THE OPPOSITION IS BASED ON A REASONABLE BELIEF THAT THE EMPLOYER HAS

36

ENGAGED IN AN UNLAWFUL EMPLOYMENT PRACTICE.

IF YOU FIND THAT MS. BLUMENSCHINE OPPOSED OR COMPLAINED ABOUT A PRACTICE MADE UNLAWFUL BY TITLE VII, WHICH PROHIBITS SEX (GENDER) DISCRIMINATION, OR THE ADEA, WHICH PROHIBITS AGE DISCRIMINATION, THEN YOU SHOULD ANSWER YES ON THE VERDICT FORM AND CONSIDER THE SECOND ELEMENT OF HER RETALIATION CLAIM.

IF YOU FIND THAT SHE DID NOT OPPOSE OR COMPLAIN ABOUT A PRACTICE MADE UNLAWFUL BY TITLE VII OR THE ADEA, THEN YOU SHOULD ANSWER "NO" ON THE VERDICT FORM AND YOUR CONSIDERATION OF THE RETALIATION CLAIM IS CONCLUDED.

## "EMPLOYER"

AN EMPLOYER MAY BE LIABLE TO AN EMPLOYEE FOR A TANGIBLE EMPLOYMENT ACTION TAKEN BY A SUPERVISOR.

A "SUPERVISOR" IS A PERSON WITH IMMEDIATE OR SUCCESSIVELY HIGHER AUTHORITY OVER THE EMPLOYEE.  AN INDIVIDUAL QUALIFIES AS AN EMPLOYEE'S "SUPERVISOR" IF:

A.    THE INDIVIDUAL HAS AUTHORITY TO UNDERTAKE OR RECOMMEND

      TANGIBLE EMPLOYMENT DECISIONS AFFECTING THE EMPLOYEE; OR

B.    THE INDIVIDUAL HAS AUTHORITY TO DIRECT THE EMPLOYEE'S DAILY

      WORK ACTIVITIES.

A "TANGIBLE EMPLOYMENT ACTION" IS A SIGNIFICANT CHANGE IN EMPLOYMENT STATUS, SUCH AS HIRING, FIRING, FAILING TO PROMOTE, REASSIGNMENT WITH SIGNIFICANTLY DIFFERENT RESPONSIBILITIES, OR A DECISION CAUSING A SIGNIFICANT CHANGE IN BENEFITS.

SO YOU MUST DETERMINE WHETHER MS. BLUMENSHINE'S PARTICIPATION IN PROTECTED ACTIVITY WAS KNOWN TO A SUPERVISOR. IF A SUPERVISOR WAS AWARE, YOU WILL FIND THE EMPLOYER TO HAVE BEEN

AWARE.

## RETALIATION: CAUSAL CONNECTION

TO ESTABLISH THE FOURTH ELEMENT OF PLAINTIFF'S RETALIATION CLAIM, SHE MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT A CAUSAL CONNECTION EXISTED BETWEEN HER COMPLAINTS AND THE DECISION TO TERMINATE PLAINTIFF'S EMPLOYMENT, EXCLUDE HER FROM MANAGERIAL FUNCTIONS OR IN WITHHOLDING COMPENSATION OWED AT THE TIME OF HER TERMINATION; THAT IS, THAT A RETALIATORY MOTIVE PLAYED A PART IN THE ADVERSE EMPLOYMENT ACTION. IN OTHER WORDS, MS. BLUMENSCHINE'S COMPLAINT ABOUT OR OPPOSITION TO THE UNLAWFUL PRACTICE MUST HAVE BEEN A MOTIVATING FACTOR IN THE DECISION TO TERMINATE HER EMPLOYMENT, EXCLUDE HER FROM MANAGEMENT OR WITHHOLD COMPENSATION FROM HER.

## OTHER CONSIDERATIONS

ALTHOUGH THERE ARE THREE SEPARATE FEDERAL CLAIMS OF

DISCRIMINATION, MANY OF THE FOLLOWING INSTRUCTIONS AND

DEFINITIONS APPLY TO MORE THAN ONE CLAIM.

## ADVERSE EMPLOYMENT DECISION

YOU MUST DETERMINE WHETHER SEX (GENDER) OR AGE OR

RETALIATION WAS A MOTIVATING FACTOR IN THE DECISION TO TERMINATE

MS. BLUMENSCHINE'S EMPLOYMENT OR IN ANOTHER ADVERSE EMPLOYMENT

ACTION WHICH YOU FIND THE DEFENDANT TOOK AGAINST HER.

IT IS UNDISPUTED THAT PROFESSIONAL MEDIA GROUP TERMINATED

MS. BLUMENSCHINE'S EMPLOYMENT ON JANUARY 2, 2002, AND THAT THIS

WAS AN ADVERSE EMPLOYMENT ACTION, WITHIN THE MEANING OF THE LAW.

YOU CAN TAKE THIS FACT AS PROVEN.

MS. BLUMENSCHINE HAS ALSO ALLEGED TWO OTHER ADVERSE

EMPLOYMENT ACTIONS: THAT SHE WAS EXCLUDED FROM MANAGERIAL

FUNCTIONS AT PROFESSIONAL MEDIA GROUP; AND THAT  THE COMPANY

WITHHELD COMPENSATION OWED AT THE TIME OF HER TERMINATION.  YOU

MUST DETERMINE WHETHER EITHER OF THESE WAS AN ADVERSE EMPLOYMENT

ACTION WITHIN THE MEANING OF THE INSTRUCTIONS I AM NOW GOING TO

GIVE YOU.

AN "ADVERSE EMPLOYMENT ACTION" IS ONE THAT, STANDING ALONE,

42

ACTUALLY CAUSES DAMAGE, TANGIBLE OR INTANGIBLE, TO AN EMPLOYEE.

THE FACT THAT AN EMPLOYEE IS UNHAPPY WITH SOMETHING HIS OR HER

EMPLOYER DID OR FAILED TO DO IS NOT ENOUGH TO MAKE THAT ACT OR

OMISSION AN ADVERSE EMPLOYMENT ACTION.  AN EMPLOYER TAKES ADVERSE

ACTION AGAINST AN EMPLOYEE ONLY IF IT: (1) TAKES SOMETHING OF

CONSEQUENCE AWAY FROM THE EMPLOYEE, FOR EXAMPLE BY DISCHARGING OR

DEMOTING THE EMPLOYEE, REDUCING HIS OR HER SALARY, OR TAKING AWAY

SIGNIFICANT RESPONSIBILITIES; OR (2) FAILS TO GIVE THE EMPLOYEE

SOMETHING THAT IS A CUSTOMARY BENEFIT OF THE EMPLOYMENT

RELATIONSHIP.

## MOTIVATING FACTOR

THE TERM 'MOTIVATING FACTOR' MEANS A CONSIDERATION THAT MOVED PROFESSIONAL MEDIA GROUP TOWARD ITS DECISION.

THE BURDEN IS ON PLAINTIFF TO PROVE THAT AN IMPERMISSIBLE FACTOR (SEX OR AGE OR PARTICIPATION IN A PROTECTED ACTIVITY, DEPENDING ON THE CLAIM), WAS A MOTIVATING FACTOR IN DEFENDANT'S DECISION TO TERMINATE HER OR TAKE ONE OF THE OTHER ALLEGED ADVERSE EMPLOYMENT ACTIONS AGAINST HER.

SIMPLY BECAUSE AN EMPLOYER TAKES AN UNFAVORABLE ACTION TOWARD AN EMPLOYEE WHO IS WITHIN A PROTECTED CLASS, DOES NOT MEAN THAT AN ACT OF DISCRIMINATION HAS TAKEN PLACE.

YOU NEED NOT FIND THAT PLAINTIFF'S SEX, AGE, OR PARTICIPATION IN A PROTECTED ACTIVITY WAS THE ONLY REASON FOR DEFENDANT'S DECISION FOR IT TO BE A MOTIVATING FACTOR. MS. BLUMENSCHINE MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT HER SEX, HER AGE, OR RETALIATION WAS ONE OF THE FACTORS INFLUENCING THE DECISION OF PROFESSIONAL MEDIA GROUP TO TAKE AN ADVERSE EMPLOYMENT ACTION

44

AGAINST HER.

YOU MUST DETERMINE IF PLAINTIFF'S SEX, AGE, OR HER

PARTICIPATION IN A PROTECTED ACTIVITY  HAD A DETERMINATIVE

INFLUENCE ON THE OUTCOME, THAT IT MADE A DIFFERENCE IN THE

DEFENDANT'S DECISION.

WHILE MS. BLUMENSCHINE MUST SHOW THAT PROFESSIONAL MEDIA

GROUP INTENTIONALLY DISCRIMINATED AGAINST HER, SHE IS NOT REQUIRED

TO PRODUCE DIRECT EVIDENCE OF INTENTIONAL DISCRIMINATION.

INTENTIONAL DISCRIMINATION MAY BE INFERRED FROM THE EXISTENCE OF

OTHER FACTS.  AMONG THE FACTS THAT YOU MAY CONSIDER, IF YOU FIND

THEM PROVED BY CREDIBLE EVIDENCE, ARE: PROXIMITY IN TIME BETWEEN

THE PROTECTED ACTIVITY AND THE TERMINATION; THE REASON OR REASONS

GIVEN FOR THE TERMINATION, AND STATEMENTS MADE BY PARTICIPANTS IN

THE DECISION MAKING PROCESS ABOUT THEIR MOTIVATION.

PLAINTIFF MAY ONLY PREVAIL IF SHE HAS ESTABLISHED, BY THE

PREPONDERANCE OF THE EVIDENCE, THAT THE  EMPLOYMENT DECISION WAS

THE RESULT OF INTENTIONAL DISCRIMINATION BASED ON SEX, AGE, OR

RETALIATION.

45

YOU WILL NEED TO CONSIDER WHO AT PROFESSIONAL MEDIA GROUP MADE OR INFLUENCED THE DECISION TO TERMINATE PLAINTIFF OR TAKE THE OTHER ALLEGED ADVERSE EMPLOYMENT ACTIONS WHICH YOU FIND OCCURRED. IF THE DECISION WAS MADE SOLELY BY ONE PERSON, WITHOUT INPUT FROM OTHERS, YOU SHOULD CONFINE YOUR CONSIDERATION OF WHETHER SEX OR AGE OR PARTICIPATION IN A PROTECTED ACTIVITY  WAS A MOTIVATING FACTOR TO THE SOLE DECISION MAKER.

IF YOU DETERMINE THAT AN ADVERSE EMPLOYMENT ACTION WAS JOINTLY TAKEN BY MORE THAN ONE PERSON, OR THAT MORE THAN ONE PERSON HAD INPUT INTO THE DECISION, THEN YOU WILL CONSIDER WHETHER SEX OR AGE OR RETALIATION WAS A MOTIVATING FACTOR FOR ANY OF THOSE WITH INPUT.  DISCRIMINATORY INTENT CAN BE IMPUTED TO THE ULTIMATE DECISION MAKER IF PLAINTIFF HAS SHOWN THAT AN INDIVIDUAL WITH DISCRIMINATORY ANIMUS WAS IN A POSITION TO AND DID INFLUENCE THE DECISION.

## DEFENDANT'S PROFFERED EXPLANATION

PROFESSIONAL MEDIA GROUP ASSERTS THAT ALL ITS EMPLOYMENT ACTIONS REGARDING PLAINTIFF WERE BASED SOLELY ON HER POOR JOB PERFORMANCE, SPECIFICALLY LACK OF SALES.  IF YOU FIND THAT THE DECISION MAKER(S) RELIED ON PERFORMANCE, THAT WOULD BE A LEGITIMATE NONDISCRIMINATORY BASIS FOR A BUSINESS DECISION.

IF YOU DISBELIEVE THE DEFENDANT'S EXPLANATION OF ITS REASONS FOR TERMINATING MS. BLUMENSCHINE'S EMPLOYMENT, YOU MAY TAKE THAT INTO ACCOUNT IN DECIDING WHETHER A MOTIVATING FACTOR FOR TERMINATING MS. BLUMENSCHINE'S EMPLOYMENT WAS HER SEX (GENDER), HER AGE, OR HER COMPLAINTS ABOUT DISCRIMINATION ON THE BASIS OF SEX OR AGE. PROOF THAT THE DEFENDANT'S EXPLANATION IS NOT TRUE IS ONE FORM OF CIRCUMSTANTIAL EVIDENCE THAT CAN - BUT DOES NOT NECESSARILY - PROVE INTENTIONAL DISCRIMINATION. YOU MUST DETERMINE FROM ALL THE EVIDENCE THAT THERE WAS INTENTIONAL DISCRIMINATION BECAUSE OF PLAINTIFF'S SEX (GENDER), AGE OR BECAUSE MS. BLUMENSCHINE COMPLAINED ABOUT OR OPPOSED AN UNLAWFUL PRACTICE.

47

IF YOU FIND THAT MS. BLUMENSCHINE'S SEX (GENDER), AGE OR OPPOSITION TO AN UNLAWFUL PRACTICE WAS A MOTIVATING FACTOR IN THE DECISION TO TERMINATE HER EMPLOYMENT, AND YOU FIND THAT LEGITIMATE BUSINESS CONSIDERATIONS ALSO PLAYED A ROLE IN THE DECISION, THEN THE DECISION WAS UNLAWFUL.

SIMILARLY, IF YOU FIND THAT ANOTHER ADVERSE EMPLOYMENT ACTION WAS TAKEN AGAINST MS. BLUMENSCHINE, AND THAT HER SEX (GENDER), AGE OR OPPOSITION TO AN UNLAWFUL PRACTICE WAS A MOTIVATING FACTOR IN THE DECISION TO TAKE THAT ACTION, AND YOU FIND THAT LEGITIMATE BUSINESS CONSIDERATIONS ALSO PLAYED A ROLE IN THE DECISION, THEN THAT ADVERSE EMPLOYMENT ACTION WAS UNLAWFUL.

## BUSINESS JUDGMENT

TITLE VII AND THE ADEA DO NOT PRECLUDE AN EMPLOYER FROM

ACTING ON ITS OWN SUBJECTIVE BUSINESS JUDGMENTS, HOWEVER WISE OR

MISGUIDED THEY MAY APPEAR, SO LONG AS THE EMPLOYER'S JUDGMENTS DO

NOT DISCRIMINATE AGAINST EMPLOYEES ON THE BASIS OF ILLEGAL

CONSIDERATIONS.  IN OTHER WORDS, UNDER FEDERAL LAW, AN EMPLOYER

MAY PROMOTE, DEMOTE, FIRE OR DISCIPLINE AN EMPLOYEE FOR A GOOD

REASON, A BAD REASON, A REASON BASED ON ERRONEOUS FACTS, OR FOR NO

REASON AT ALL, AS LONG AS ITS ACTION IS NOT FOR AN ILLEGALLY

DISCRIMINATORY REASON, AS I HAVE PREVIOUSLY DEFINED IT FOR YOU..

TITLE VII AND THE ADEA DO NOT PROHIBIT AN EMPLOYER FROM

DISCHARGING AN EMPLOYEE ON THE BASIS OF JOB PERFORMANCE.

YOUR JOB IS NOT TO DETERMINE WHETHER PROFESSIONAL MEDIA GROUP

TREATS ITS EMPLOYEES WITH GENERAL FAIRNESS OR WHETHER YOU APPROVE

OR DISAPPROVE OF ITS POLICIES AND PROCEDURES, OR ITS PERSONNEL

DECISIONS.  YOU MUST CONFINE YOUR DELIBERATIONS TO THE QUESTION OF

WHETHER MS. BLUMENSCHINE HAS PROVED HER TITLE VII AND ADEA AND

49

RETALIATORY DISCHARGE CLAIMS.  IF SHE HAS, YOU MUST RETURN A

VERDICT FOR HER.

IF YOU CONCLUDE THAT MS. BLUMENSCHINE HAS NOT PROVED SEX OR

AGE DISCRIMINATION OR THAT EXERCISING HER RIGHTS UNDER TITLE VII

OR THE ADEA WAS A  MOTIVATING OR DETERMINATIVE FACTOR IN THE

DECISION TO TERMINATE HER EMPLOYMENT, OR TAKE OTHER ADVERSE ACTION

AGAINST HER, THEN YOU WILL RETURN A VERDICT FOR THE DEFENDANT ON

THE DISCRIMINATION CLAIM YOU ARE CONSIDERING.

## CONSIDERATION OF EVIDENCE

IN DECIDING WHETHER MS. BLUMENSCHINE HAS PROVED HER SEX AND AGE DISCRIMINATION AND RETALIATION CLAIMS, YOU SHOULD CONSIDER ALL THE EVIDENCE AND ANY REASONABLE INFERENCES YOU CHOOSE TO DRAW FROM THE CREDIBLE EVIDENCE OR LACK OF EVIDENCE.

FOR EXAMPLE, YOU MAY CONSIDER ANY COMMENTS OR ACTIONS BY A PARTICIPANT IN THE DECISION MAKING PROCESS THAT YOU FIND REFLECT SEX OR AGE BIAS, AND ANY COMMENTS OR ACTIONS WHICH SUGGEST MOTIVATION OTHER THAN SEX OR AGE BIAS.  YOU MAY CONSIDER THE DEFENDANT'S TREATMENT OF ANY OTHER PERSON YOU FIND TO BE SIMILARLY SITUATED TO THE PLAINTIFF IN POSITION, RESPONSIBILITY AND PERFORMANCE.  YOU MAY ALSO CONSIDER THE NATURE AND TIMING OF PLAINTIFF'S COMPLAINTS, IF ANY, AND HOW THEY RELATED IN TIME TO THE TERMINATION OF MS. BLUMENSCHINE'S EMPLOYMENT OR OTHER ADVERSE EMPLOYMENT ACTIONS YOU FIND WERE TAKEN AGAINST HER BY DEFENDANT.

## WORKPLACE COMMENTS

FOR COMMENTS MADE IN THE WORKPLACE TO SUPPORT AN INFERENCE OF DISCRIMINATION, THEY MUST BE MADE BY AN INDIVIDUAL WHO PARTICIPATED IN THE EMPLOYMENT DECISION OR ACTION AT ISSUE.  YOU MAY NOT CONSIDER EVIDENCE OF WORKPLACE REMARKS UNLESS PLAINTIFF HAS DEMONSTRATED BY A PREPONDERANCE OF THE EVIDENCE THAT THE INDIVIDUAL WHO MADE THE ALLEGED COMMENTS PARTICIPATED IN THE DECISION MAKING PROCESS.  ABSENT SUCH A SHOWING, EVIDENCE OF WORKPLACE REMARKS CANNOT SUPPORT AN INFERENCE OF INTENTIONAL DISCRIMINATION OR RETALIATION EVEN IF YOU BELIEVE THE COMMENTS WERE IN FACT MADE.

## MISSING EVIDENCE

THE PARTIES HAVE DISAGREED AT TRIAL ABOUT THE EXISTENCE AND

CONTENT OF EVIDENCE DESCRIBING THE TERMS OF LISA BLUMENSCHINE'S

EMPLOYMENT AND RECORDS OF HER SALES.

IF YOU DECIDE THAT: (1) THE DOCUMENTS OR RECORDS AT ISSUE

WOULD BE RELEVANT TO THE CLAIMS MADE BY THE PLAINTIFF; (2) THAT

THE RECORDS WERE DESTROYED; AND (3) AT THE TIME THE RECORDS WERE

DESTROYED, PROFESSIONAL MEDIA KNEW OR SHOULD HAVE KNOWN THEY WOULD

BE RELEVANT IN LITIGATION THAT WAS REASONABLY FORESEEABLE, THEN

YOU MAY INFER THAT THE CONTENTS OF THESE DESTROYED RECORDS WOULD

BE HARMFUL TO THE DEFENDANT'S POSITION IN THIS CASE. THE

DESTRUCTION NEED NOT BE INTENTIONAL OR MALICIOUS. NEGLIGENT

DESTRUCTION OR FAILURE TO PRESERVE THE EVIDENCE WOULD BE A BASIS

FOR YOU TO CONSIDER WHETHER THIS INFERENCE IS APPROPRIATE.

YOU NEED NOT DRAW THIS INFERENCE; I MERELY INSTRUCT YOU THAT

YOU MAY.  YOU AS JURORS DECIDE ALL QUESTIONS OF FACT AND THE

REASONABLE INFERENCES TO DRAW FROM THE FACTS YOU FIND PROVED, FROM

53

THE EVIDENCE, OR FROM THE LACK OF EVIDENCE.

## CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT ("CFEPA")
## SEX AND AGE DISCRIMINATION AND RETALIATION

MS. BLUMENSCHINE HAS ALSO ALLEGED SEX AND AGE DISCRIMINATION, AS WELL AS RETALIATION, IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT ("CFEPA").  IF YOU FIND FOR PLAINTIFF ON HER FEDERAL CLAIMS OF SEX OR AGE DISCRIMINATION OR RETALIATION, THEN YOU MUST ALSO FIND FOR MS. BLUMENSCHINE ON HER CORRESPONDING STATE DISCRIMINATION OR RETALIATION CLAIM.

**PLAINTIFF'S STATE LAW CLAIMS TO RECOVER UNPAID COMPENSATION**

MS. BLUMENSCHINE HAS ALSO MADE SEVERAL CLAIMS AGAINST

PROFESSIONAL MEDIA GROUP WHICH ARE SEPARATE AND DISTINCT FROM HER

CLAIMS OF SEX AND AGE DISCRIMINATION AND RETALIATION. SHE SEEKS

COMPENSATION THAT SHE SAYS IS OWED TO HER FOR THE YEAR 2001 UNDER

THE LEGAL THEORIES OF PROMISSORY ESTOPPEL AND NEGLIGENT

MISREPRESENTATION, AND CONNECTICUT'S WAGE STATUTE, CONNECTICUT

GENERAL STATUTE SECTION 31-72. YOU WILL DECIDE WHETHER MS.

BLUMENSCHINE IS ENTITLED TO RECOVER UNDER ANY OF THESE CLAIMS,

REGARDLESS OF WHETHER YOU FIND FOR OR AGAINST HER ON HER

DISCRIMINATION AND RETALIATION CLAIMS.

IN ORDER TO PREVAIL ON ANY OF THESE CLAIMS, MS. BLUMENSCHINE

MUST PROVE ALL THE ELEMENTS OF THE CLAIM YOU ARE CONSIDERING BY A

PREPONDERANCE OF THE EVIDENCE.

56

## PROMISSORY ESTOPPEL

PLAINTIFF CLAIMS THAT PROFESSIONAL MEDIA GROUP FAILED TO PAY HER COMPENSATION THAT WAS PROMISED TO HER.  TO RECOVER ON A THEORY OF PROMISSORY ESTOPPEL, PLAINTIFF MUST PROVE FOUR ELEMENTS:

(1) PROFESSIONAL MEDIA GROUP MADE A CLEAR AND DEFINITE PROMISE TO COMPENSATE HER;

(2) MS. BLUMENSCHINE REASONABLY RELIED ON THE PROMISE;

(3) THE PROMISE INDUCED AN ACTION TAKEN BY MS. BLUMENSCHINE; AND

(4) AN INJUSTICE CAN BE AVOIDED ONLY BY ENFORCEMENT OF THE PROMISE.

## NEGLIGENT MISREPRESENTATION

ONE WHO, IN THE COURSE OF BUSINESS, PROFESSION OR EMPLOYMENT,

SUPPLIES FALSE INFORMATION FOR THE GUIDANCE OF OTHERS IN THEIR

BUSINESS TRANSACTIONS, IS LIABLE FOR ANY PECUNIARY LOSS CAUSED TO

A PERSON WHO JUSTIFIABLY RELIED UPON THE FALSE INFORMATION, IF THE

DECLARANT FAILS TO EXERCISE REASONABLE CARE OR COMPETENCE IN

OBTAINING OR COMMUNICATING THE INFORMATION.

EVEN AN INNOCENT MISREPRESENTATION MAY BE ACTIONABLE IF THE

PERSON MAKING THE REPRESENTATION HAS THE MEANS OF KNOWING, OUGHT

TO KNOW, OR HAS THE DUTY OF KNOWING THE TRUTH.

FOR MS. BLUMENSCHINE TO PREVAIL ON HER CLAIM OF NEGLIGENT

MISREPRESENTATION, YOU MUST FIND:

FIRST, THAT PROFESSIONAL MEDIA GROUP MADE A MISREPRESENTATION

OF FACT REGARDING MS. BLUMENSCHINE'S COMPENSATION THAT

PROFESSIONAL MEDIA GROUP KNEW OR SHOULD HAVE KNOWN WAS FALSE;

SECOND, THAT PLAINTIFF DID IN FACT RELY ON THIS

MISREPRESENTATION IN MAKING A DECISION TO REMAIN EMPLOYED WITH

DEFENDANT, AND

THIRD, THAT PLAINTIFF SUFFERED PECUNIARY HARM AS A RESULT OF

HER RELIANCE. PECUNIARY HARM IS FINANCIAL HARM.

IF YOU FIND THAT PLAINTIFF HAS PROVED ALL OF THE ELEMENTS OF

NEGLIGENT MISREPRESENTATION, THEN YOU MUST CONSIDER THE

AFFIRMATIVE DEFENSE OF CONTRIBUTORY NEGLIGENCE. "CONTRIBUTORY

NEGLIGENCE" IS A PLAINTIFF'S OWN NEGLIGENCE THAT PLAYED A PART IN

CAUSING THE PLAINTIFF'S INJURY AND THAT IS SIGNIFICANT ENOUGH TO

AFFECT THE PLAINTIFF'S RIGHT TO RECOVER. "NEGLIGENCE" IS THE

FAILURE TO EXERCISE THE STANDARD OF CARE THAT A REASONABLY PRUDENT

PERSON WOULD HAVE EXERCISED IN A SIMILAR SITUATION.

WHETHER MS. BLUMENSCHINE WAS CONTRIBUTORILY NEGLIGENT IS A

QUESTION OF FACT FOR YOU TO DECIDE.  TO PREVAIL ON THIS DEFENSE,

PROFESSIONAL MEDIA GROUP HAS THE BURDEN TO PROVE CONTRIBUTORY

NEGLIGENCE BY A PREPONDERANCE OF THE EVIDENCE.  THIS SPECIAL

DEFENSE ONY APPLIES TO THE CLAIM OF NEGLIGENT MISREPRESENTATION.

IF THE DEFENDANT HAS PROVEN THAT PLAINTIFF WAS CONTRIBUTORILY

NEGLIGENT, THEN TWO POSSIBILITIES EXIST; EITHER HER CLAIM OF

NEGLIGENT MISREPRESENTATION IS BARRED ENTIRELY OR ANY RECOVERY ON

THAT CLAIM WOULD BE REDUCED IN PROPORTION TO HER NEGLIGENCE.  IF

YOU FIND THAT SHE HAS PROVEN THE CLAIM OF NEGLIGENT

MISREPRESENTATION, AND IF YOU FURTHER FIND THAT SHE WAS

CONTRIBUTORILY NEGLIGENT HERSELF, THEN YOU WOULD HAVE TO COMBINE

THE NEGLIGENCE OF ALL THE PARTIES, CALL THAT 100 PERCENT, AND THEN

DECIDE HOW MUCH FAULT IS ATTRIBUTABLE TO PLAINTIFF AND HOW MUCH TO

DEFENDANT.

    IF YOU FIND THAT PLAINTIFF WAS MORE THAN 50 PERCENT AT FAULT,

SHE CAN NOT RECOVER UNDER THE NEGLIGENT MISREPRESENTATION CLAIM.

IF YOU FIND THAT SHE WAS 50 PERCENT OR LESS AT FAULT, THEN SHE MAY

STILL RECOVER UNDER THIS CLAIM, BUT HER RECOVERY WILL BE REDUCED

BY HER PERCENTAGE OF FAULT.

    IF YOU FIND THAT MS. BLUMENSCHINE HAS PROVEN THE THREE

ELEMENTS OF NEGLIGENT MISREPRESENTATION, THEN YOU WILL CONSIDER

WHETHER PROFESSIONAL MEDIA GROUP HAS PROVED ITS AFFIRMATIVE

DEFENSE THAT MS. BLUMENSCHINE WAS CONTRIBUTORILY NEGLIGENT.  IF

PROFESSIONAL MEDIA GROUP PROVES CONTRIBUTORY NEGLIGENCE BY A

PREPONDERANCE OF THE EVIDENCE, THEN YOU WILL DETERMINE WHAT THE

PERCENTAGES OF FAULT ARE.

## VIOLATION OF CONNECTICUT'S WAGE STATUTE

FINALLY, PLAINTIFF ALLEGES THAT DEFENDANT VIOLATED

CONNECTICUT GENERAL STATUTE 31-72 BY FAILING TO PAY ALL THE TOTAL

WAGES FOR THE YEAR 2001 TO WHICH SHE CLAIMS SHE WAS ENTITLED.

CONNECTICUT GENERAL STATUTES SECTION 31-71C, "PAYMENT OF

WAGES ON TERMINATION OF EMPLOYMENT," PROVIDES IN PERTINENT PART:

"(B) WHENEVER AN EMPLOYER DISCHARGES AN EMPLOYEE, THE EMPLOYER

SHALL PAY THE EMPLOYEE'S WAGES IN FULL NOT LATER THAN THE BUSINESS

DAY NEXT SUCCEEDING THE DATE OF SUCH DISCHARGE." "WAGES" ARE

DEFINED AS "COMPENSATION FOR LABOR OR SERVICES RENDERED BY AN

EMPLOYEE, WHETHER THE AMOUNT IS DETERMINED ON A TIME, TASK, PIECE,

COMMISSION OR OTHER BASIS OF CALCULATION. . . ."  CONN. GEN. STAT.

§31-71A(3).

PLAINTIFF ALLEGES THAT DEFENDANT OWED HER WAGES AT THE TIME

OF HER TERMINATION, THAT IS, THE BALANCE OF THE COMPENSATION THAT

SHE ALLEGES SHE EARNED THE LAST YEAR OF HER EMPLOYMENT, AND THAT

DEFENDANT FAILED TO PAY HER THOSE WAGES AS CONNECTICUT'S WAGE

STATUTE REQUIRED. YOU MUST DETERMINE WHETHER DEFENDANT OWED

PLAINTIFF WAGES AT THE TIME OF HER TERMINATION OF EMPLOYMENT, AND

IF SO, HOW MUCH.

## FACTORS TO CONSIDER WHILE DELIBERATING

I CAUTION YOU THAT THE FILING OF A LAWSUIT IS NOT EVIDENCE OF ANY WRONGDOING ON THE PART OF A DEFENDANT.  EACH PLAINTIFF WHO BRINGS A LAWSUIT MUST PROVE HER CASE THROUGH EVIDENCE FROM WHICH YOU CAN FIND THAT A VIOLATION OF THE LAW HAS OCCURRED. AS I TOLD YOU, MS. BLUMENSCHINE MUST PROVE EACH ELEMENT OF EACH OF HER CLAIMS BY A PREPONDERANCE OF THE EVIDENCE TO PREVAIL ON THOSE CLAIMS.  YOUR VERDICT MUST NOT BE BASED ON UNSUPPORTED CONCLUSIONS OR ON SYMPATHY OR ANY EMOTION, BUT INSTEAD MUST BE BASED ON YOUR CAREFUL ASSESSMENT OF ALL THE EVIDENCE IN THE CASE.  THE QUESTION FOR YOU IS NOT WHETHER MS. BLUMENSCHINE, IN YOUR VIEW, WAS TREATED FAIRLY OR UNFAIRLY, WELL OR BADLY, BUT WHETHER SHE HAS PROVED EACH ELEMENT OF THE PARTICULAR  LEGAL CLAIM YOU ARE CONSIDERING, AS I HAVE OUTLINED THEM TO YOU, BY A PREPONDERANCE OF THE EVIDENCE.  IF SHE HAS, YOU WILL RETURN A VERDICT IN HER FAVOR ON THAT CLAIM.  IF SHE HAS NOT, YOU WILL RETURN A VERDICT FOR THE DEFENDANT ON THAT CLAIM.

I REMIND YOU THAT THE CLAIMS ARE TO BE CONSIDERED SEPARATELY,

AND YOU MUST MAKE AN INDEPENDENT DETERMINATION AS TO EACH ONE.

## **USE OF VERDICT FORM**

TO ASSIST YOU IN KEEPING THE DIFFERENT ASPECTS OF THE CASE CLEAR, I AM GOING TO ASK YOU, WHILE YOU ARE CONSIDERING YOUR DECISIONS, TO ANSWER A SERIES OF VERY SPECIFIC QUESTIONS TYPED ON A FORM THAT WILL BE GIVEN TO YOU.

EACH QUESTION CAN BE ANSWERED SIMPLY, AND EACH ANSWER MUST BE UNANIMOUS.  BY DEALING WITH THESE SEPARATE QUESTIONS, YOU WILL BE ABLE TO APPLY THE RULES OF LAW RELEVANT TO THIS CASE. YOU WILL ALSO BE PROVIDING ME WITH FACTUAL DETERMINATIONS FOR SOME LEGAL QUESTIONS THAT I MAY HAVE TO DECIDE IN CONNECTION WITH THIS CASE. OF COURSE, YOU SHOULD NOT CONCLUDE FROM THE NUMBER OR THE WORDING OF ANY QUESTION THAT THERE IS A PARTICULAR ANSWER YOU OUGHT TO GIVE.  NOR SHOULD YOU CONCLUDE THAT YOU OUGHT TO ANSWER ALL THE QUESTIONS ONE WAY OR THE OTHER WAY.  GIVE SEPARATE CONSIDERATION TO EACH QUESTION AND ANSWER IT ACCORDING TO THE FACTS YOU HAVE FOUND AND THE RULES OF LAW THAT APPLY TO THAT QUESTION.

I DECIDED LAST NIGHT, AS THE DRAFT OF THIS CHARGE GREW WELL

PAST ONE HUNDRED (100) PAGES LONG, TO PRESENT THE CASE TO YOU FOR

DECISION IN TWO STAGES. THIS WAS PURELY A LOGISTICAL DECISION,

BASED UPON MY ASSESSMENT OF HOW MANY QUESTIONS IT WAS REASONABLE

TO ASK YOU TO DECIDE AT ONE TIME. IF YOU FIND THAT MS.

BLUMENSCHINE HAS PROVED ONE OR MORE OF HER CLAIMS, BASED ON THE

LAW AS I HAVE INSTRUCTED YOU, THEN YOU WILL BE ASKED TO DETERMINE

THE DAMAGES TO WHICH SHE IS ENTITLED.  YOU WILL BE GIVEN THE

APPROPRIATE INSTRUCTIONS FOR DETERMINING DAMAGES AND CONCLUDING

YOUR DELIBERATIONS BEFORE YOU UNDERTAKE THAT TASK.

SO, BASED ON YOUR ANSWERS TO THE QUESTIONS ON THIS VERDICT

FORM, THERE MAY BE FURTHER INSTRUCTIONS AND MORE QUESTIONS FOR YOU

TO ANSWER BEFORE YOU RENDER YOUR FINAL VERDICT.

## NOTE TAKING

YOU WERE PERMITTED TO TAKE NOTES DURING THE COURSE OF THE

TRIAL.  IF YOU TOOK ANY NOTES, THOSE NOTES SHOULD BE USED ONLY AS

MEMORY AIDS.  YOU SHOULD NOT GIVE YOUR NOTES PRECEDENCE OVER YOUR

INDEPENDENT RECOLLECTION OF THE EVIDENCE.  IF YOU DID NOT TAKE

NOTES, YOU SHOULD RELY ON YOUR OWN INDEPENDENT RECOLLECTION OF THE

PROCEEDINGS AND SHOULD NOT BE INFLUENCED BY THE NOTES OF OTHER

JURORS.  I EMPHASIZE THAT NOTES ARE NOT ENTITLED TO ANY GREATER

WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR AS TO

WHAT THE TESTIMONY MAY HAVE BEEN.

## ACCESS TO EVIDENCE

ALL THE TRIAL TESTIMONY HAS BEEN RECORDED DIGITALLY ON THE COMPUTER AND CDs.  THERE ARE NO TRANSCRIPTS OF THE TESTIMONY AVAILABLE FOR YOUR USE.  IF, DURING YOUR DELIBERATIONS, YOU WISH TO REVIEW ANY TESTIMONY, YOU NEED TO MAKE A REQUEST IN WRITING THROUGH YOUR FOREPERSON.  PLEASE MAKE THE REQUEST AS SPECIFIC AS YOU CAN AS TO WITNESS AND/OR SUBJECT MATTER.  THE LAWYERS AND I WILL DO OUR BEST TO LOCATE THE PORTIONS OF THE TESTIMONY YOU TELL US YOU NEED, AND IT WILL BE REPLAYED TO YOU IN THE COURTROOM.

YOU WILL HAVE WITH YOU IN THE JURY ROOM ALL OF THE EXHIBITS, A COPY OF THESE INSTRUCTIONS, AND THE VERDICT FORM.  YOU MAY NOTICE THAT THE WRITTEN COPY OF THE INSTRUCTIONS IS INDEXED AND DIVIDED BY HEADINGS WHICH I DID NOT READ TO YOU.  THESE HEADINGS HAVE NO SIGNIFICANCE EXCEPT TO IDENTIFY THE TOPICS SO THAT WE CAN FIND THEM.  THEY HAVE NO SIGNIFICANCE APART FROM THE LANGUAGE OF THE INSTRUCTIONS THEMSELVES.

## CONCLUSION

WHILE IT IS THE DUTY OF THE JURORS TO CONFER AND DELIBERATE WITH ONE ANOTHER, BEFORE ARRIVING AT A VERDICT, NEVERTHELESS, IF ANY JUROR AFTER SUCH DELIBERATION CONSCIENTIOUSLY REACHES A DECISION ON THE FACTS, THAT JUROR HAS NO RIGHT TO SURRENDER HIS OR HER DECISION TO THE DECISION OF THE MAJORITY, IF THE JUROR BELIEVES THAT HIS OR HER DECISION IS CORRECT.

THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT.  IN OTHER WORDS, YOUR  ANSWERS TO THE QUESTIONS MUST BE UNANIMOUS.

IT IS YOUR DUTY, AS JURORS, TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO WITHOUT VIOLENCE TO YOUR OWN INDIVIDUAL JUDGMENT.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF.  YOU SHOULD NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT AND EFFECT OF EVIDENCE SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE

PURPOSE OF RETURNING A VERDICT.

[PAUSE]

YOU ARE NOT PARTISANS.  YOU ARE THE JUDGES OF THE FACTS.

YOUR SOLE INTEREST IS TO ASCERTAIN THE TRUTH FROM THE EVIDENCE IN

THE CASE.

WHEN YOU RETIRE TO YOUR JURY ROOM, YOU WILL ELECT ONE OF YOUR

OWN MEMBERS AS FOREPERSON, AND SHE OR HE WILL PRESIDE OVER YOUR

DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

IF YOU HAVE ANY QUESTIONS YOU WISH TO ASK DURING DELIBERATIONS, DO

SO BY A WRITTEN NOTE, SIGNED BY YOUR FOREPERSON AND DELIVERED TO

THE COURT OFFICER OUTSIDE THE JURY ROOM DOOR.

NOW PROCEED TO YOUR DELIBERATION IN THE JURY ROOM.  DETERMINE

THE FACTS ON THE BASIS OF THE EVIDENCE, AS YOU HAVE HEARD IT, AND

APPLY THE LAW AS I HAVE OUTLINED IT TO YOU.  RENDER YOUR VERDICT

FAIRLY, UPRIGHTLY, AND WITHOUT A SCINTILLA OF PREJUDICE.  WHEN YOU

HAVE ANSWERED THE QUESTIONS GIVEN TO YOU, INFORM THE CLERK THROUGH

THE COURT OFFICER.  THEN YOU WILL RETURN TO THE COURTROOM AND

ANNOUNCE YOUR RESULTS.

71