UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LISA K. BLUMENSCHINE

v.                                    CIV. NO. 3:02CV2244 (HBF)

PROFESSIONAL MEDIA GROUP, LLC

May 23, 2006

## VERDICT FORM

### Discrimination Claims

1(a) Was sex (gender) a motivating factor in defendant, PROFESSIONAL MEDIA GROUP'S, decision to terminate LISA BLUMENSCHINE'S employment?

_____ YES          ___✓___ NO

If NO, go to Question 2.

1(b) If YES, do you find for plaintiff on her corresponding sex (gender) discrimination claim under the Connecticut Fair Employment Practices Act ("CFEPA")?

_____ YES          _____ NO

2. Do you find that LISA BLUMENSCHINE was over forty (40) years old when she began work at PROFESSIONAL MEDIA GROUP in 2000?

___✓___ YES          _____ NO

3(a) Was age a motivating factor in defendant, PROFESSIONAL MEDIA GROUP'S, decision to terminate LISA BLUMENSCHINE's employment?

_____ YES         \_\_\_✓\_\_\_ NO

If NO, go to Question 4.

3(b) If YES, do you find for plaintiff on her corresponding age discrimination claim under the Connecticut Fair Employment Practices Act ("CFEPA")?

_____ YES         _____ NO

4. Did PROFESSIONAL MEDIA GROUP exclude LISA BLUMENSCHINE from managerial functions?

_____ YES         \_\_\_✓\_\_\_ NO

If NO, go to Question 8.

5. If YES, was this an adverse employment action within the meaning of these instructions?

_____ YES         _____ NO

If NO, go to Question 8.

6(a) If YES, was sex (gender) a motivating factor in this adverse employment action?

_____ YES         _____ NO

If NO, go to Question 8.

6(b) If YES, do you find for plaintiff on her corresponding sex (gender) discrimination claim under the Connecticut

2

Fair Employment Practices Act ("CFEPA")?

_____ YES          _____ NO

7(a) If YES, was age a motivating factor in this adverse employment action?

_____ YES          _____ NO

If NO, go to Question 8.

7(b) If YES, do you find for plaintiff on her corresponding state age discrimination claim under the Connecticut Fair Employment Practices Act ("CFEPA")?

_____ YES          _____ NO

8. Do you find that PROFESSIONAL MEDIA GROUP withheld compensation due to LISA BLUMENSCHINE at the time her employment was terminated?

\_\_\_✓\_\_\_ YES          _____ NO

If NO, go to Question 12.

9. If YES, was this an adverse employment action within the meaning of these instructions?

_____ YES          \_\_\_✓\_\_\_ NO

If NO, go to Question 12.

10(a) If YES, was sex (gender) a motivating factor in this adverse employment action?

_____ YES          _____ NO

If NO, go to Question 12.

3

10(b)  If YES, do you find for plaintiff on her corresponding sex (gender) discrimination claim under the Connecticut Fair Employment Practices Act ("CFEPA")?

_____ YES          _____ NO

11(a)  If YES to Question 9, was age a motivating factor in this adverse employment action?

_____ YES          _____ NO

IF NO, go to Question 12.

11(b)  If YES, do you find for plaintiff on her corresponding age discrimination claim under the Connecticut Fair Employment Practices Act ("CFEPA")?

_____ YES          _____ NO

Retaliation Claim

12. Did LISA BLUMENSCHINE engage in activity protected under Title VII?

_____ YES          ___✓___ NO

13. Did LISA BLUMENSCHINE engage in activity protected under the Age Discrimination in Employment Act ("ADEA")?

_____ YES          ___✓___ NO

If NO to both Question 12 and Question 13, go to Question 18.

14. Was this activity known to her employer?

4

_____ YES                    _____ NO

If NO, go to Question 18.

    15.  Was she subjected to an adverse employment action at the time or after the protected conduct took place?

        _____ YES                    _____ NO

If NO, go to Question 18.

    16.  Was the adverse employment action causally connected to the protected activity?

        _____ YES                    _____ NO

If NO, go to Question 18.

    17.  If YES, do you find for plaintiff on her corresponding retaliation claim under the Connecticut Fair Employment Practices Act ("CFEPA")?

        _____ YES                    _____ NO


Promissory Estoppel

    18. Did PROFESSIONAL MEDIA GROUP make a clear and definite promise to LISA BLUMENSCHINE that she would receive additional compensation for 2001 in excess of what she received?

    _____ YES             \_\_✓\_\_\_\_ NO

If NO, go to Question 22.

    19. If YES, did plaintiff rely on the promise?

    _____ YES             _____ NO

If NO, go to Question 22.

    20. If YES, did the promise induce MS. BLUMENSCHINE to take or forebear from any action?

    _____ YES             _____ NO

If NO, go to Question 22.

    21. If YES, can an injustice can be avoided only by enforcement of the promise?

    _____ YES             _____ NO

Negligent Misrepresentation

22. Did LISA BLUMENSCHINE prove by a preponderance of the evidence that PROFESSIONAL MEDIA GROUP made a misrepresentation of fact regarding her compensation that PROFESSIONAL MEDIA GROUP knew or should have known was false?

    ✓ YES        ____ NO

If NO, go to Question 27.

23. If YES, did plaintiff did in fact rely on this misrepresentation in making a decision to remain employed with defendant?

    ✓ YES        ____ NO

If NO, go to Question 27.

24. If YES, did plaintiff suffer pecuniary harm as a result of her reliance?

    ✓ YES        ____ NO

If NO, go to Question 27.

25. If YES, did defendant prove by a preponderance of the evidence that plaintiff was contributorily negligent?

    ____ YES        ✓ NO

If NO, go to Question 27.

26. If YES, in what amount?

    _____ % (percent)

Connecticut Wage Statute

27. Did plaintiff prove by a preponderance of the evidence that defendant failed to pay wages, as defined by the statute, due to her at the time of her termination?

 ✓ YES NO

If NO, you may report your verdict.

28. If YES, what amount of wages was due and owing LISA BLUMENSHINE at the time of her termination?

$40,000.00

When you have finished answering the appropriate questions on this form, you may report your verdict.

The form should be signed and dated by the foreperson.

*Francis W Lallie*    MAY 24, 2006.
Foreperson    Date

8