United States District Court
District of Connecticut
FILED AT BRIDGEPORT
5/24 20 06
Kevin F. Rowe, Clerk
By_____
Deputy Clerk

suffered loss of earnings capacity and employee benefits consistent with expert report and analysis bearing Bates Nos. 00010-00015. He will testify about the method by which he calculated these damages and the general actuary and economic principles, methods and assumptions utilized. He will further testify about any factual assumptions utilized, and any updates of his report necessitated by the trial of this matter.

(7)   **Jamie Tomasic**, *19 Marvel Road, New Haven, CT 06515*, Ms. Tomasic will testify about the impact of the job loss on plaintiff's emotional state and behavior.

(8)   **Nancy Switkes**, *445 East 86th Street, Apt. 11J, New York, NY 10028*. Ms. Swyitkes will testify about the impact of the job loss on plaintiff's emotional state and behavior.

(9)   **Sara Sikes**, *77 Sunrise Hill Road, Norwalk, CT 06851*. Ms. Sikes will testify about the impact of the job loss on plaintiff's emotional state and behavior. Ms. Sikes with also testify as to plaintiff's role at defendant while employed, plaintiff's complaints regarding treatment, as well as the management structure of defendant.

**DEFENDANT'S WITNESSES:**

Defendant ProMedia anticipates calling some or all of the following witnesses to testify at trial:

Name and Address. Daniel Kinnaman, 36 Clipper Court, Mystic, CT 06355.

Summary of Anticipated Testimony. Mr. Kinnaman may testify as to the history of Lisa Blumenschine's employment; his personal knowledge of Lisa Blumenschine, the nature of the ProMedia workplace, and the lack of any complaint of discrimination on Ms. Blumenschine's part; the availability of Joseph Hanson and himself to receive any such complaints; the structure of ProMedia's management and ownership; the absence of discrimination in its employment

25

decisions (including but not limited to those regarding Lisa Blumenschine); his understanding of the decision to terminate Lisa Blumenschine's employment; the termination of George Saroyan for inadequate sales.

Name and Address. Daniel Shannon, 211 Overlake Drive, Chapel Hill, North Carolina 27516.

Summary of Anticipated Testimony. Mr. Shannon may testify as to his personal knowledge of Lisa Blumenschine; her inadequate and declining sales performance; the decision to terminate Lisa Blumenschine; her lack of complaints of discrimination; the absence of discrimination in ProMedia's employment decisions; and the absence of discriminatory behavior in ProMedia's workplace. He may also testify as to his own contacts with Lisa Blumenschine; the hiring of new sales personnel in connection with the acquisition of University Business; the structure of ownership and decision-making at ProMedia; the absence of discriminatory behavior of any type in connection with Lisa Blumenschine and her termination; the termination of George Saroyan for inadequate sales and Lisa Blumenschine's part in such termination.

5/23/06

Name and Address. Ellen Ziperman, 357 Kenmure Drive, Flat Rock, NC 28731.

Summary of Anticipated Testimony. Ms. Ziperman may testify as to her personal knowledge of Lisa Blumenschine, both at Hanson Publishing and at ProMedia, her interactions with Ms. Blumenschine at both companies and her observations of Ms. Blumenschine's conduct at each company, the nature of the ProMedia workplace, and the lack of any complaint of discrimination on Ms. Blumenschine's part; Ms. Blumenschine's lack of sales success at ProMedia; her own experience of the absence of discrimination among ProMedia's management;

the structure of ProMedia's management and ownership; the availability of Joseph Hanson at ProMedia to receive any legitimate complaints of discrimination.

5/22/06

Name and Address. Gloria Williams, 26 Knapp Street, Norwalk, CT 06854.

Summary of Anticipated Testimony. Ms. Williams may testify about her acquaintance with Lisa Blumenschine, both at ProMedia and at a previous Hanson company; Lisa Blumenschine's complaints about her office discontents other than discrimination; the lack of discrimination at ProMedia; Lisa Blumenschine's continuing drop in sales; the availability of Joseph Hanson to receive any legitimate complaint of illegal activity at ProMedia; her work experience with Dan Shannon.

Name and Address. William Ziperman, 357 Kenmure Drive, Flat Rock, NC 28731.

Summary of Anticipated Testimony. Mr. Ziperman may testify, in person or by deposition, as to the history of Lisa Blumenschine's hiring, employment and termination; his personal knowledge of Lisa Blumenschine; Ms. Blumenschine's inadequate and declining sales performance; the origin of the memorandum regarding Lisa Blumenschine's change in title; the ownership structure and decision-making at ProMedia; the lack of any complaints of discrimination on Lisa Blumenschine's part; the absence of discrimination in ProMedia's employment decisions (including but not limited to those related to Lisa Blumenschine); ProMedia's decision to terminate Lisa Blumenschine's employment; ProMedia's earlier decision to discontinue Lisa Blumenschine's non-recoverable draw against commissions; the termination of George Saroyan for inadequate sales.

5/22/06

Name and Address. Terry Nelson, 7619 Loch Glen Drive, Crystal Lake, IL 60014.

Summary of Anticipated Testimony. Ms. Nelson may testify as to her own sales success at ProMedia; the absence of sex and age discrimination at ProMedia; her own interactions with Lisa Blumenschine as a manager and co-employee; Lisa Blumenschine's complaints about matters other than discrimination; Ms. Nelson's understanding of how she would handle any genuine complaint of illegal behavior at ProMedia; Lisa Blumenschine's awareness of her own poor sales performance and her knowledge that her performance made her termination probable.

Name and Address.    Carrie Abel, 16 Albert Road, Danbury, CT 06811.

Summary of Anticipated Testimony.  Carrie Abel may testify to the quality of ProMedia's non-discriminatory workplace; her experience of the behavior of Dan Shannon; her knowledge of the absence of sales by Lisa Blumenschine; her understanding of how she would handle any genuine complaint of illegal behavior at ProMedia.

Name and Address. Maureen Mollahan, 42D Greenhouse Road, Bridgeport, CT 06606.

Summary of Anticipated Testimony. Maureen Mollahan may testify to her experience with Lisa Blumenschine and Ms. Blumenschine's complaints about matters other than discrimination; ProMedia's lack of a discriminatory workplace; her experience with Dan Shannon; her understanding of how she would handle any genuine complaint of illegal behavior at ProMedia.

Name and Address. Rosetta Moore, 8 Ryan Avenue, Norwalk, CT 06854.

Summary of Anticipated Testimony. Rosetta Moore may testify to ProMedia's non-discriminatory workplace; her understanding of how she would handle any genuine complaint of

illegal behavior at ProMedia; her experience of the behavior of Dan Shannon; her experience of the lack of any complaint of discrimination from Lisa Blumenschine.

<u>Name and Address</u>. Frances Cassone, 65 Davenport Farm Lane E, Stamford, CT 06903.

<u>Summary of Anticipated Testimony</u>. Frances Cassone may testify to her experience working for companies run by Joe Hanson; that the ProMedia workplace does not discriminate in terms of age or sex; her understanding of how she would handle any genuine complaint of illegal behavior at ProMedia; her experience with Lisa Blumenschine and Ms. Blumenschine's complaints about matters other than discrimination.

<u>Name and Address</u>.  Joseph I. Hanson, 76 Turtleback Lane West, New Canaan, CT 06840.

<u>Summary of Anticipated Testimony</u>.  Mr. Hanson may testify as to his business experience, both at ProMedia and other companies under his ownership; the structure of ProMedia's ownership; the nature of ProMedia's business and its decision-making structure; the history of Lisa Blumenschine's employment, including her offering letter and her sales and other performance; his personal knowledge of Lisa Blumenschine's conduct and performance; the status of *Matrix* as a start-up magazine; Lisa Blumenschine's inadequate and declining sales performance; his decision to terminate Lisa Blumenschine and the reasons therefor; the absence of discrimination in ProMedia's employment decisions (including but not limited to those concerning Lisa Blumenschine); the decision to discontinue Lisa Blumenschine's non-recoverable draw against commissions and an explanation of the underlying facts in support of that decision; the lack of complaints of discrimination by Lisa Blumenschine and his lack of awareness of any such complaints; the business reasons for terminating Lisa Blumenschine's

6/19/06

29

employment; the business reasons for the hiring of two salesmen in connection with the acquisition of *University Business*; the details and rationale of the acquisition of *University Business*; the lack of any discriminatory motive in the termination of Lisa Blumenschine's employment; the reason why Lisa Blumenschine was and is not owed any draw against commission or any further compensation after her termination.

<u>Name and Address</u>. Beverly Silverman, CSW, 21 Bridge Square, Westport, CT 06880.

<u>Summary of Anticipated Testimony</u>. Ms. Silverman may be asked to testify as a fact witness, to authenticate the notes she took treating Lisa Blumenschine, and about the substance of her interactions and conversations with Ms. Blumenschine.

<u>Name and Address</u>. Daniel Boucher, 179 Ivy Hill Road, Ridgefield, CT 06877.

<u>Summary of Anticipated Testimony</u>. Mr. Boucher may testify about his termination by ProMedia following the Company's investigation of complaints of sexual harassment on his part.

## 11.  *EXHIBITS*.[6]

### *PLAINTIFF'S EXHIBITS*.

1.  January 7, 2000 letter from Ziperman to Blumenschine re: offer of employment (Depo. Ex. A).

2-4.  March 4, 1999, March 7, 2001 and January 28, 2002 letters from Ziperman to Melanie Jenkins re: salary and incentive earnings formula (all part of Depo. Ex. B).

5-7.  January 21, 2000 and February 19, 2002 and January 21, 2000 letters from Ziperman to Terry A. Nelson re: offer of employment (all part of Depo. Ex. C).

---

[6] The following exhibits are to be used by plaintiff and/or defendant in their case-in-chief. Not included are all exhibits to potentially be used for rebuttal and/or impeachment purposes, and plaintiff and defendant reserve the right to use additional documents for rebuttal and/or impeachment in accordance with this Court's March 21, 2006 Pretrial Order.