UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LISA K. BLUMENSCHINE,** | : | **CIVIL ACTION NO.** |
| | : | **302 CV 2244 (HBF)** |
| **Plaintiff,** | : | |
| | : | |
| V. | : | |
| | : | |
| **PROFESSIONAL MEDIA GROUP,** | : | |
| **LLC,** | : | **JUNE 2, 2006** |
| | : | |
| **Defendant.** | : | |

**PLAINTIFF'S POST-TRIAL MOTION FOR COURT AWARDED
STATUTORY DAMAGES, REASONABLE ATTORNEY'S FEES,
COSTS AND PRE- AND POST-JUDGMENT INTEREST**

*PRELIMINARY STATEMENT*

Plaintiff hereby moves the Court pursuant to Federal Rule of Civil Procedure 52(b), 54(d)(2) and/or 59(e) for an award of statutory damages, reasonable attorney's fees, costs and pre- and post-judgment interest under Connecticut General Statutes §§31-72, 37-3a and 37-3b As this Court is aware, on May 24, 2006, the jury in the above-referenced matter returned a verdict, accompanied by interrogatories, in favor of the plaintiff on Counts Eight and Nine, negligent misrepresentation and violation of the Connecticut wage statute, respectively. The jury awarded damages of $50,000 under negligent misrepresentation, representing economic harm inflicted upon plaintiff by defendant's violation of common law. In addition, the jury awarded $40,000 (which was included in the $50,000 awarded under Count Eight) to the plaintiff under her claim that §31-72 was violated, as said amount was due and owing to her at the time of her termination. Finally, the jury found that the defendant withheld plaintiff's wages under §31-72 arbitrarily, unreasonably, and/or in bad faith. Accordingly, plaintiff hereby moves for an award of statutory double damages (i.e. an additional $40,000 in accordance with the provisions of §31-

72), as well as reasonable attorney's fees and costs under that statute. Plaintiff also seeks pre-judgment interest under §37-3a, as well as post-judgment interest under §§37-3a and 37-3b.

## *ARGUMENT*

### I. AN AWARD OF STATUTORY DOUBLE DAMAGES UNDER §31-72 IS APPROPRIATE.

The plaintiff alleged, and the jury found, that the defendant had failed to pay the plaintiff $40,000 in wages due and owing to her at the time of her termination, in violation of C.G.S. §31-72. The jury also found the defendant's failure to pay plaintiff was unreasonable, arbitrary or in bad faith. As noted by the Connecticut Supreme Court, in such instances an award of double damages is appropriate:

> Section 31-72 provides for a discretionary award of double damages to employees who are successful in actions against their employers for wages due. Although the statutory language does not require evidence of bad faith, arbitrariness or unreasonableness, cases interpreting and applying this statute have required such evidence. See *Sansone v. Clifford*, 219 Conn. 217, 229, 592 A.2d 931 (1991) ("[i]n an action for wages brought pursuant to General Statutes § 31-72, awards for double damages and attorney's fees are inappropriate in the absence of the trial court's finding of bad faith, arbitrariness or unreasonableness" [internal quotation marks omitted] ).

Butler v. Hartford Techincal Institute, Inc., 243 Conn. 454, 470 (1997) (footnotes omitted). This burden of demonstrating "bad faith, arbitrariness or unreasonableness" is not a heavy one, and the making of assurances of payment in exchange for work followed by a denial of payment is sufficient Id. For example, the Connecticut Supreme Court in Butler, in reviewing a double damages award by the trial court, stated:

> The trial court's memorandum of decision is unclear as to the basis of the double damages award. On the basis of our review of the record, however, we conclude that there was sufficient [243 Conn. 471] evidence of bad faith to support the award of double damages. The trial court found that Skidmore was expected to work overtime and did so Skidmore testified that the defendant made representations to her both before she was hired and during her employment that she would be compensated for her overtime hours. Skidmore provided

documentation of her hours to Susan Meyers, who, after discussing it with the defendant, told her that she was not going to be paid for overtime. The defendant's requests of Skidmore to work additional hours, his assurances that she would be paid, coupled with his subsequent denial of payment support the trial court's decision to award double damages.

Id. (footnote omitted). Compare Commissioner of Labor v. Wall, 69 Conn.App. 450, 462-63 (2002) (Defendants' withholding was not motivated by "a good faith belief that they were acting within the terms of the employment agreement, but rather by mere whim and caprice," and based on that finding, the award of statutory double damages under §31-72 was a reasonable exercise of the court's discretion), with Santangelo v. Elite Beverage, Inc., 65 Conn.App. 618, 627 (2001) ("[T]he court properly concluded that an award of double damages, attorney's fees and costs was inappropriate because there is no evidence in the record that defendants acted with bad faith or arbitrarily or unreasonably").

Since the jury has already made the requisite fact-finding of arbitrary, unreasonable or bad faith conduct by the defendant, an award of statutory double damages for plaintiff is appropriate in this case. Accordingly, plaintiff requests this Court award an additional $40,000 to plaintiff under Count 9, violation of §31-72.

## II.  HAVING PREVAILED ON HER CLAIM FOR UNPAID WAGES UNDER C.G.S. §31-72, PLAINTIFF SHOULD ALSO BE AWARDED REASONABLE ATTORNEY'S FEES AND COSTS.

Connecticut General Statutes §31-72, along with providing for double damages upon a showing of bad faith, arbitrariness or unreasonableness, also provides for recovery of reasonable attorney's fees and costs. If a plaintiff prevails on a claim for unpaid wages, he or she can recover attorney's fees under the same standard applicable to double damages. Schoonmaker v. Lawrence Brunoli, Inc., 265 Conn.210, 269 (2003) ("In the present case, the jury made the requisite, and indeed unchallenged, finding of bad faith, arbitrariness or unreasonableness,

thereby authorizing an award of attorney's fees pursuant to §31-72") (citing <u>Sansone v. Clifford</u>, 219 Conn. 217, 229 (1991)). Thus, based on the determination by the jury that the defendant's behavior was arbitrary, unreasonable or in bad faith, the plaintiff should recover reasonable attorney's fees.

What is a reasonable fee award "rests in the sound discretion of the trial court and will not be disturbed on appeal unless the trial court has abused its discretion." <u>Link v. Shelton</u>, 186 Conn. 623, 629 (1982). "This is because the trial court is always in a more advantageous position to evaluate the services of counsel than a reviewing court." <u>Buccino v. Cable Technology, Inc.</u>, 245 Conn. App. 676, 679 (1991).

An award of reasonable attorney's fees need not be based on expert testimony or factual evidence at trial. <u>Piantedosi v. Floridia</u>, 186 Conn. 275, 279-80 (1982) (promissory note claim); see <u>Bizzoco v. Chinitz</u>, 193 Conn. 304, 310 (1984) ("courts may rely on their general knowledge of what has occurred at the proceedings before them to supply evidence in support of an award of attorney's fees") (promissory note claim). "Not only is expert testimony not required, but such evidence, if offered, is not binding on the court." <u>Appliances, Inc. v. Yost</u>, 186 Conn. 673, 680-81 (1982) (citing <u>Taft v. Valley Oil Co.</u>, 126 Conn. 154, 161 (1939)). Even if no opposition to a fee application is made, it is a court's duty to see to it a reasonable award is made. <u>Bank of Boston Connecticut v. Brewster</u>, 42 Conn. Supp. 474, 505 (1992) (citing <u>Jones v. Amalgamated Warbasse Houses, Inc.</u>, 97 F.R.D. 355, 361-62 (EDNY 1983)).

"There are no certain or scientific rules to govern the determination of a reasonable attorney's fee. This is so because a fee may be dependent upon many factors and circumstances which do not easily lend themselves to monetary evaluation." <u>Bridgeport Singer Employee Federal Credit Union v. Piczko</u>, 3 Conn. Cir. 621, 622 (1966). A trial court may rely on its own

general knowledge of the trial itself to supply the evidence upon which it relies in making its determination. Rizzo Pool Co. v. Del Grosso, 240 Conn. 58, 77 (1995).

Some of the appropriate factors to consider when determining reasonable attorney's fees as set forth by our State's appellate court include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Steiger v. J.S. Builders, Inc., 39 Conn. App. 32, 38 (1995). No one factor is dominant, and the court is free to use its discretion as it sees fit. Moreover, "[w]here the issues are intertwined factually, a fully compensatory fee award is justified even where a plaintiff does not prevail on all his claims or obtain all the relief requested in his complaint." Dague v. City of Burlington, 935 F.2d 1343, 1358-59 (2d Cir. 1991) (Resource Conservation and Recovery Act and Clean Water Act citizen-suit claims), rev'd in part on other grounds, 505 U.S. 557 (1992). Here, plaintiff's §31-72 claim was factually intertwined with the representations and circumstances surrounding her employment, including representations made and the circumstances surrounding her performance and termination. All of the witnesses called by plaintiff were relevant and necessary to the proof of the §31-72 claim upon which she prevailed. Having received a favorable verdict on Count Nine, she is entitled to all reasonable fees incurred. See Schoenmaker v. Lawrence Brunoli, Inc., 265 Conn. 210 (Conn. 2003) (fees at least in amount under contingent fee agreement appropriate where plaintiff prevailed on wage claim but lost counts alleging wrongful discharge).

The appropriate starting point for determining a fee award under §31-72 is the actual agreement between the party and her attorney. Sorrentino v. All Seasons Services, Inc., 245 Conn. 756 (1998). In the instant case, there are two applicable fee agreements. Ms. Blumenschine first entered into a written hourly-fee agreement with the firm of Martin, Lucas & Chioffi, LLP, in January of 2002. Thereafter, the fee agreement was replaced with a written partial contingency fee agreement in April of 2002, wherein the hourly fee was reduced by half in exchange for a 20% contingency fee going forward. These agreements are attached to the affidavit of the undersigned (Ex. A) as Tabs 1 and 2. The Sorrentino court, analyzing Connecticut General Statutes §31-290a (prohibiting employer retaliation in worker's compensation cases) which provided for "reasonable attorney's fees" with "costs" similar to §31-72, held that where a fee agreement exists, it should be honored if it is reasonable. In making this determination of reasonableness of the fee agreement, the trial court should review Rule 1.5(c) and (d) of the Code of Professional Responsibility. These Rules provide in pertinent part that a contingent fee "should be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages of the recovery that shall accrue to the lawyer as a fee in the event of settlement, trial or appeal, whether and to what extent the client will be responsible for any court costs and expenses of litigation, and whether such expenses are to be deducted before or after the contingent fee is calculated," and prohibit contingent fees in domestic and criminal matters. Here, the fee agreement satisfies all the foregoing (see Affidavit attached as Ex. A, Tabs 1 & 2) and is the type of contingency agreement acknowledged to be reasonable by the courts of this State:

> The contingent fee functions as a hedge: the client's exposure to loss is limited by the attorney's assumption of the fee risk, while the client's potential gain is also limited by the "sale" of a percentage of the claim to the attorney. Thus, risk sharing has emerged as a complementary justification for contingent fees.

As noted in Sorrentino, a trial court should not depart downward from the terms of the fee agreement unless enforcing the agreement would result in substantial unfairness. Id. at 776; Schoonmaker, 265 Conn. at 270-71. Indeed, the Connecticut Supreme Court has held it to be an abuse of discretion to depart downward from the fee agreement where a party prevails under §31-72:

> As long as the court awards attorney's fees that are sufficient to cover a plaintiff's financial obligations to his or her attorney, such as in an existing contingency fee agreement, the employee still will be made whole by the award of double damages.

Schoonmaker, supra, at 273. This is because, as noted by this Court, "contingent fee agreements are a floor to a reasonable award." Fabri v. United Techs. Int'l, Inc., 193 F.Supp. 2d 480, 484-85 (D.Conn. 2002).

While the fee agreement forms the "floor" for a reasonable fee award, the District of Connecticut has rejected the argument that, under Sorrentino, the court may not award **greater** than the contingency amount. The court in Fabri continued in its interpretation the holding in Sorrentino, saying:

> Defendants would extend *Sorrentino* beyond its facts and transform contingent fee agreements into a ceiling. Had *Sorrentino* allowed the trial court's fee award to stand, the plaintiff would have received an attorneys' fee award less than he would have had to pay to his attorney under their contingent fee agreement. Thus, he would have had to pay his attorney some of the compensation due him per the jury. Making contingent fee agreements a floor in WCA cases protects the amount awarded by the jury for a plaintiff's injury. There is no parallel need to make contingent fee agreements into a ceiling to protect a plaintiff's jury award.

Id.

Following the holdings in Sorrentino, Schoonmaker and Fabri, this Court awards "reasonable" attorney's fees by using the contingency amount as the "bottom range of the award," and then awarding greater than that amount to reach a reasonable fee award. Charts v.

7

Nationwide Mutual Insurance Co., 397 F.Supp.2d 357, 381 (D.Conn. 2005) (awarding fees under the Franchise Act, Conn. Gen. Stat. §42-133e, *et seq.*, and noting under Sorrentino and its progeny the fee agreement was the floor and "[t]he question becomes whether the court should depart upwards from that agreement and award the full amount requested [under the] ... lodestar method of multiplying the reasonable hours worked by a reasonable hourly rate.")

One of the most common methods employed by courts to determine the reasonableness of attorney's fees is a "lodestar" analysis. The lodestar method of determining a fee involves multiplying the hours the prevailing party's attorney reasonably expended by a reasonable hourly rate. Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1997) (citing Hensley, 461 U.S at 433). There was extensive time and labor put into this matter, as is evidenced by the time entries (See Affidavit of Counsel re: Fees, attached hereto as Exhibit A, Tabs 3 and 4.) The time entries also indicate that the work performed by the various attorneys and paralegals was not needlessly duplicative or unnecessary (See Id., Tabs 3 and 4).

The current hourly rates for the individuals who worked on this matter are as follows:

| | |
|---|---|
| Scott R. Lucas, Partner | $385 |
| Mary Alice Canaday, Associate | $280 |
| Claire E. Ryan, Associate | $255 |
| Michel Bayonne, Associate | $200 |
| Keith A. McBride, Associate | $190 |
| Bonnie K. Ford, Paralegal | $150 |

These are reasonable hourly rates in Stamford, Connecticut. See, e.g., Sony Electronics, Inc. v. Soundview Technologies, Inc., 389 F.Supp. 2d 443, 448 (D.Conn. 2005) (finding rate of $400 per hour reasonable for experienced trial attorney). The court should look to fees charged by similar lawyers with similar skills, experience and reputation in the district in which the court sits to determine a reasonable hourly rate for a lodestar calculation. Luciano v. Olsten Corporation, 109 F.3d 111, 115 (2d Cir. 1997); see Benedetto v. Wanat, 2002 WL 31311837, at *1 (Conn.

Super. Sept. 9, 2002) (attached hereto as Exhibit B). Here, the undersigned has been practicing over 20 years and is an AV-rated litigator whose practice focuses in large part on matters of employment. The associate and paralegal rates are equally commensurate with the timekeepers' experience and expertise.

Attached hereto as Exhibit C are the biographies of the two counsel who handled this matter at trial, Scott R. Lucas, Esq., and Keith A. McBride, Esq., as well as the biography of additional associates, Mary Alice Canaday, Esq., Claire E. Ryan, Esq., and Michel Bayonne, Esq.[1], who performed some work in the earlier stages of the litigation. Attached hereto as Exhibit A is the affidavit of the undersigned stating that Exhibits 3 and 4 are true and accurate records of the hours spent by all attorneys. The records cover the period from January 7, 2002, to May 31, 2006. Detailed hourly descriptions are provided, along with hours worked, for a total of 327.55 hours for Attorney Lucas, 14.5 hours for Attorney Canaday, 5.20 hours for Attorney Ryan, 271.80 hours for Attorney McBride, 268.40 hours for Attorney Bayonne, and 107.35 hours for Ms. Bonnie Ford (paralegal). Using a typical lodestar analysis, the attorneys' fees total $252,917.25 using the current billable rates of the attorneys and paralegal involved. (See Affidavit attached as Exhibit A.)

After April 30, 2002, the matter was placed on a 20% contingency, and, given the jury award of $50,000 plus doubling under the wage statute ($40,000) for a total of $90,000, an additional $18,000 is due from plaintiff. Thus, the total fees incurred by Ms. Blumenschine through May 31, 2006 are $122,915.75 (i.e., $2,560 (under the first retainer agreement) + $102,355.75 (reduced-hourly-rate fees under the second retainer agreement) + $18,000 (contingency fee under second retainer agreement)). As noted in the Charts case, the court should

---

[1] Attorney Bayonne has since left Martin, Lucas & Chioffi, LLP and is now with Dreier LLP.

look at this amount, which is significantly lower than the lodestar amount of $252,917.25, and add to it until a reasonable fee amount is reached. See Charts, 397 F.Supp.2d at 381.

Under Connecticut General Statutes §31-72, "costs" are also to be awarded. These "costs" are *not* the same as taxable costs allowed under Connecticut General Statutes §§52-257 and 52-260. As noted in Arnone v. Town of Enfield, 2001 WL 1218741 (Conn.Super. 2001) (analyzing Connecticut General Statutes §§31-51m) (attached as Exhibit D):

> ... the inclusion of costs in statutes creating the causes of action leads to the conclusion that something other than the ordinary statutory taxable costs was contemplated by the legislature: otherwise the addition of the term "costs" is meaningless

Here, the costs are itemized and total $9,625.97 over the life of the litigation. (See Exhibit A, Tab 5.)

Neither the requested fees (i.e., $122,915.75, increased as this Court deems appropriate) nor the costs (i.e., $9,625.97) are unreasonable. As the fee agreements in place fully comply with the requirements set forth by the Connecticut Supreme Court, an award of those amounts is appropriate to be added to the judgment to be entered in Count 9.

### III. PLAINTIFF IS ENTITLED TO RECOVER PREJUDGMENT INTEREST BECAUSE COMPENSATION DUE AND OWING WAS WRONGFULLY WITHHELD BY THE DEFENDANT.

Connecticut General Statutes §37-3a controls prejudgment interest and sets the rate of interest at ten percent per year. Whether or not the plaintiff is entitled to prejudgment interest is within the discretion of the trial court. Metcalfe v. Talarski, 213 Conn. 145, 160 (1989); Solomon v. Hall-Brooke Foundation, Inc., 30 Conn.App. 136, 147 (1993). Entitlement turns on whether or not the retention of owed money was wrongfully withheld under the circumstances. MedValUSA Health Programs, Inc., v. MemberWorks, Inc., 273 Conn. 634, 666 (2005). In this case, the jury has already stated a sum certain and quantifiable upon which the interest should be

10

calculated (i.e., $50,000). The jury has also determined at least $40,000 of that money was withheld in bad faith, arbitrarily and/or unreasonably, and that misrepresentations as to payment led to an additional $10,000 in economic harm. Therefore, based on the jury's verdict, prejudgment interest should be awarded to the plaintiff.

### IV. PLAINTIFF SHOULD ALSO RECOVER POST-JUDGMENT INTEREST, AS MONIES DUE WERE WRONGFULLY WITHHELD BY THE DEFENDANT AND ALSO BECAUSE POST-JUDGMENT INTEREST IS MANDATORY IN NEGLIGENCE ACTIONS.

Plaintiff also contends that post-judgment interest should accrue until judgment is satisfied at the statutory amount of 10% per annum, as set forth in Conn. Gen. Stat. §37-3a. Gionfriddo v. Avis Rent A Car Systems, Inc., 192 Conn. 301, 308 (1984) (holding that §37-3a applies to post-judgment interest). Additionally, such interest is mandatory in negligence actions under §37-3b and, according to the statute, "shall" be awarded to the plaintiff since she prevailed on her negligent misrepresentation claim.

#### A. Post-Judgment Interest Is Appropriate Under C.G.S. §37-3a.

The case law involving Connecticut General Statutes §37-3a provides that the issue of post-judgment interest is to be determined by the trial court. See, e.g., Brewer v. D'Onfro, 45 Conn.App. 543, 550 (1997). Connecticut General Statutes §37-3a authorizes the trial court to award post-judgment interest on money that, although payable to plaintiff, was withheld by defendant. "The criteria for determination of post judgment interest is quite clear. A decision to deny or grant post judgment interest is a matter lying within the discretion of the trial court." Brewer, 45 Conn.App. at 550 (internal quotations omitted). "Whether interest may be awarded depends on whether the money involved is payable ... and whether the detention of the money is or is not wrongful under the circumstances...." Id.

11

It is clear in the present case that the money involved is payable, as a jury found that the defendant owed a determined sum to plaintiff in connection with her employment under *either* one of two counts, and judgment will so-enter in plaintiff's favor. Furthermore, the detention of the money by defendant is wrongful, as defendant not only had an initial obligation to pay the money owed to her as a result of her employment, but also as a duty to fully satisfy the judgment. The jury also made a determination that the withholding of these funds was arbitrary, unreasonable and/or in bad faith, and a withholding under these circumstances can also be seen as being "wrongful."

Presuming an appeal is taken, the defendant will fail to satisfy the judgment pending the conclusion of its appeal. In <u>Bower v. D'Onfro</u>, 45 Conn App 543 (1997), the Appellate Court held that post-judgment interest was appropriate and should run from the date the trial court entered judgment, notwithstanding the fact that an appeal was taken.

Accordingly, as the elements necessary for an award of post-judgment interest are clearly satisfied, plaintiff respectfully requests that she be awarded post-judgment interest at a rate of 10% on all sums which remain due under the unpaid counts from the date judgment is entered to the date defendant ultimately satisfies the judgment in full.

### B.    *Post-Judgment Interest Is Mandatory Under C.G.S. §37-3b.*

Furthermore, since the plaintiff prevailed on her claim for negligent misrepresentation, such post-judgment interest is mandatory under the language of Conn. Gen. Stat. §37-3b, as amended in 1997 by Public Act 97-58. The language of the statute now states:

> For a cause of action arising on or after May 27, 1997, interest at the rate of ten per cent a year, and no more, ***shall*** be recovered and allowed in any action to recover damages for injury to the person, or to real or personal property, caused by negligence, computed from the date that is twenty days after the date of judgment or the date that is ninety days after the date of verdict, whichever is earlier, upon the amount of the judgment. (emphasis added).

Conn. Gen. Stat. §37-3b(a). Courts in Connecticut have recognized the change to the mandatory language, saying, "It is clear that the legislature intended to change from discretionary to mandatory ..." Mack v. LaValley, (No. CV 9455707S) 2000 WL 992171 *2 (Conn.Super. June 28, 2000) (attached hereto as Exhibit E); see also, Bank of New York v. National Funding, (No. X01CV00017152S) 2005 WL 527749 *5 (Conn.Super. Jan. 21, 2005) ("The applicable statute is Connecticut General Statutes §37-3b which makes the recovery of interest mandatory rather than discretionary and at the rate of ten percent a year ...") (attached hereto as Exhibit F). Plaintiff's action for negligent misrepresentation is clearly an action for negligence which falls within the mandatory language of §31-3b, and, therefore, post-judgment interest must accrue

## *CONCLUSION*

For the foregoing reasons, the plaintiff respectfully requests that she be awarded statutory double damages, reasonable attorney's fees, costs and pre- and post-judgment interest.

By: _____
Scott R. Lucas (ct00517)
Keith A. McBride (ct26929)
*Attorneys for Plaintiff*
*Lisa K. Blumenschine*
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com
kmcbride@mlc-law.com

## CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of June, 2006, a copy of the foregoing was mailed, first class, postage prepaid, to:

George P. Birnbaum, Esq.
Thomas P. Minogue, Esq.
Michael L. Ferch, Esq.
Minogue Birnbaum LLP
237 Elm Street
New Canaan, CT 06840
Phone: (203) 966-6916
Fax: (203) 966-6917

Scott R. Lucas