UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA K. BLUMENSCHINE, | : CIVIL ACTION NO. 302CV2244 HBF |
| Plaintiff, | : |
| vs. | : |
| PROFESSIONAL MEDIA GROUP LLC, | : JUNE 23, 2006 |
| Defendant. | : |

**MEMORANDUM OF DEFENDANT PROFESSIONAL MEDIA GROUP LLC AND IN OPPOSITION TO PLAINTIFF'S POST-TRIAL MOTION FOR AWARD OF ATTORNEY'S FEES (PARTICULARLY AS TO AMOUNT) AND PRE- AND POST-JUDGMENT INTEREST AND IN FURTHER SUPPORT OF THE LACK OF "BAD FAITH" IN THE RECORD**

Defendant Professional Media Group LLC ("ProMedia"), without waiving its position that there is <u>no</u> basis for an award of attorney's fees in this matter under C.G.S. §31-72,[1] submits this memorandum:

(a) in opposition to plaintiff Lisa Blumenschine's ("Blumenschine") post-trial memorandum, dated June 2, 2006, to address, <u>arguendo</u>, plaintiff's claim for a specific amount of such attorney's fees and costs, as well as the

---

[1] ProMedia's memorandum dated June 2, 2006, specifically addressed the lack of evidence of defendant's "bad faith" necessary to support any award to plaintiff of double wage damages or attorney's fees.

question of pre- and post-judgment interest; and

    (b) in further support of ProMedia's position that there is no legal basis for any "doubling" or attorney's fees.

A.   Further Support of No "Bad Faith" Is Contained in the Jury's Verdict Itself

The Jury's Verdict itself demonstrates that no "bad faith" was found in the record to justify an award to plaintiff of double her unpaid wages ($40,000) or her attorney's fees.

Given alternative theories as to compensation owed to Blumenschine for 2001, the jury rejected Blumenschine's "promissory estoppel" claim, finding that there was no enforceable promise. By contrast, Blumenschine prevailed on her negligent misrepresentation count (Count Eight), which by its nature involves negligence or unintentional conduct, not the intentional conduct required for a finding of "bad faith." Since the jury found plaintiff's damages to have been unintentionally, caused by defendant ProMedia, it would be logically inconsistent to find "bad faith."[2]

---

[2] Additionally, in further support of our argument (see ProMedia's June 2 memorandum) that the jury never intended for Blumenschine to be awarded more than a total of $50,000, the jury, on the supplemental verdict form submitted at trial (a copy of which is attached hereto as Exhibit "A"), made, on its own initiative, the following specific handwritten notation: "OWED     $40,000.00
    SEVERANCE $10,000.00
    $50,000.00"

Finally, the $40,000 was, as admitted by Blumenschine at trial, a draw against commissions (the "non-recoverable" aspect having been discontinued in May 2001, there is no proof that this $40,000 was ever "earned"). Indeed, the contrary is true due to Blumenschine's continued poor and declining sales. Accordingly, as shown by a recent case, there could be no "bad faith" by not paying Blumenschine advances against unearned commissions. See Ravetto v. Triton Thalassic Technologies, Inc., No. FSTCV020189897, 2005 WL 3507963 at *4, 40 Conn. L. Rptr. 308 (Conn.Super., Nov. 4, 2005) (unreported decision) (defendant properly withheld from wages repaid to salesman the amount of advances against commissions that were advanced but not in fact earned; weight is against plaintiff's recovery of sums to be deducted from future commissions; "bad faith" under 31-72 not found), a copy of which is attached hereto as Exhibit "B," and the cases cited therein.

B.  The Amount of Attorney's
    Fees Requested by Plaintiff
    Is Unconscionably Excessive

Plaintiff seeks to recover every dime spent on her entire matter by way of costs and attorney's fees, yet plaintiff has not cited any case -- nor can one be found -- whereby a Connecticut state or Federal court, after all

3

Federal and state discrimination claims are decided against a plaintiff, thereby grants the entirety of such fee application by virtue of "success" on a §31-72 claim (or other remedial Connecticut statute). Having <u>lost</u> on <u>seven of the nine</u> counts in plaintiff's complaint, including all of her Federal discrimination claims which made up the gravamen of this matter (and provided the basis for Federal jurisdiction) <u>and</u> having <u>failed</u> to recover more than 1/30th of the amount in damages claimed by plaintiff in the joint pre-trial memorandum (approximately $1.5 million), plaintiff's counsel now has the temerity to request attorney's fees in an amount <u>more than three times greater</u> than the $40,000 the jury awarded plaintiff on her wage claim (Count Nine of the complaint), which is the sole source of this Court's discretionary authority to award attorney's fees (C.G.S. §31-72).[3]

It is respectfully submitted that -- even if the Court determines, over our objection, that some award of attorney's fees on plaintiff's wage claim is warranted -- the <u>amount</u> of legal fees sought should be reduced substantially due to the following:

---

[3] The jury also determined that there were no punitive damages and no non-economic damages.

4

1) It is obvious that vast bulk of attorney's time in this litigation was spent on the Federal claims on which <u>defendant</u> prevailed;

2) plaintiff's counsel achieved only a small fraction of the success plaintiff sought;

3) although plaintiff seeks reimbursement for every moment spent by her attorneys on this litigation (and every charge related thereto), when only a handful of billing entries are specifically related to the "wage" claim actually prevailed on;

4) the two state claims plaintiff prevailed upon, which were alternate bases for the same recovery, are both derived from facts and legal theories separate and apart from the Federal claims which required the bulk of the energy and time of plaintiff's counsel;

5) many billing entries are easily attributable to exclusively Federal-related claims and their factual underpinnings; and

6) plaintiff's counsel's lodestar rate sought is excessive and contradictory to the retainer agreement entered into.

ProMedia respectfully submits that, based on the foregoing, which will be discussed below, it would be an abuse of this Court's discretion to award attorney's fees

5

in an amount greater than one-ninth (1/9) of the total requested fees and costs (see, "Affidavit of Counsel Re: Fees" attached as Exhibit "A" to plaintiff's June 2, 2006 Post-Trial Motion (hereinafter referred to as the "Lucas Affidavit") at Exhibits "3" through "5") as follows:

    Requested Fees:    $104,915.75

    Requested Costs:    <u>9,625.97</u>

                            $114,541.72

    x 1/9 =    $ 12,726.86

To award plaintiff the full amount of her legal fees would be a windfall to her and substantially unfair to ProMedia in light of the nature of this case and the limited success she enjoyed. Accordingly, if the Court is unwilling to simply grant plaintiff one-ninth of her fee request to reflect her limited success, plaintiff's requested fees should be reduced by, <u>at a minimum</u>, eighty (80%) percent, as discussed below.

1. The Hours Billed on this Matter Are Unduly Excessive and Time Spent on Unsuccessful Claims Is Separable From the Two State Claims.

The Supreme Court has also stated that, in determining a reasonable attorney's fee, "district courts should exercise their equitable discretion . . . either by attempting to identify specific hours that should be

6

eliminated or by simply reducing the award to account for the limited success of the plaintiff." Texas State Teachers Ass'n v. Garland, 489 U.S. 782, 789-90, 109 S.Ct. 1486, 1492 (1989), citing Hensley, 461 U.S. at 437.

Furthermore, where plaintiff's claims are based on different facts and legal theories, and plaintiff prevails on only some of those claims, unrelated claims are to be treated as if brought in separate lawsuits, and no fee awarded for services on separate claims. See, id., 461 U.S. at 435; Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998). This principle has been recognized by the District of Connecticut in Shaw v. Greenwich Anesthesiology Assocs., P.C., 200 F.Supp.2d 110 (D.Conn. 2002), wherein Senior Judge Dorsey determined seven unsuccessful state law claims were not factually intertwined with plaintiff's successful (and unsuccessful) Federal discrimination claims and reduced plaintiff's attorney's fee application for pursuing separate and distinct, failed claims. If in Shaw, where the jury awarded plaintiff the significant amount of $585,000 in economic damages and $200,000 for emotional distress, only approximately $133,000 in attorney's fees were warranted, then a fortiori, in the case at bar, where all of Blumenschine's Federal claims failed and she was awarded