claims, but not the Wage Statute or negligent misrepresentation claims. Regardless, the jury found ProMedia liable for no non-economic damages. Thus, $222.60 (see, id.) is not a proper "cost" chargeable to ProMedia.

Further, the testimony of Dan Boucher was taken only so plaintiff could show defendant terminated her yet was willing to spend its money to hire Boucher and others, as a sort of "reduction in workforce" argument that patently goes to Federal discrimination-related claims. An additional $148.25 in subpoena for deposition testimony fees, as well as $261.82 for the deposition transcript, must be deducted. (Lucas Affidavit, Exh. 6 (7th page)).[15]

Daniel Kinnaman was questioned and gave testimony exclusively as to the purported discrimination claims and testified he never had any involvement with Blumenschine's compensation. Thus, $341.53 for his deposition transcript is not a reasonable cost in this matter.

Based on the foregoing, at a minimum, $3,435.78 must be deducted from plaintiff's total fee and disbursement amount of $9,625.97, leaving a balance of $6,190.19 for

---

[15] On the invoice for Boucher's deposition, handwritten notations omitted the charge for this deposition since it was "not used at trial," yet full reimbursement is sought as listed on Exhibit 5 to the Lucas Affidavit. Also of note, keyword indexes for many of the depositions were requested and paid for by plaintiff's counsel (and now reimbursement therefore is being sought), but not included with the deposition transcripts delivered to defense counsel.

postage, couriers, other deposition charges, and electronic legal research.

Of this balance of potentially relevant charges, over one-half is sought for reimbursement of electronic legal research fees ($3,105.72) from filing of the complaint through submission of the June 2 Post-trial Memorandum. Considering the handful of pages and cases cited in plaintiff's summary judgment motion and jury instructions regarding the Wage Statute and negligent misrepresentation, and none with respect to the motions in limine on these two claims, the amount of legal research charges is excessive and no doubt, in substantial part, wholly unrelated to Blumenschine's State law claims. Thus, considering where plaintiff's time and attention was focused in this matter throughout, as well as the outcome, a reasonable basis on which to award plaintiff costs would be, as stated previously, an eighty percent reduction of the remaining costs after the above-listed deductions, or $1,238.04. Alternatively, reducing the total amount of costs listed in Exhibit 5 of the Lucas Affidavit ($9,625.97) by eighty percent would result in a reasonable reimbursement of costs to plaintiff to no more than the amount of $1,925.19.

6. <u>Prejudgment Interest Not Warranted</u>

An award of prejudgment interest is also within the sound discretion of the Court, C.G.S. § 37-3a; <u>Metcalfe v. Talarski</u>, 213 Conn. 145, 169 (1989), and is warranted only where the Court finds that defendant ProMedia's retention of Blumenschine's "unpaid wages" was wrongful under the circumstances.[16] <u>See</u>, <u>Spearhead Construction Corp. v. Bianco</u>, 39 Conn.App. 122, 134-35, <u>cert. denied</u>, 235 Conn. 928 (1995); <u>Lawrence v. New Hampshire Ins. Co.</u>, 29 Conn.App. 484, 498 (1992), <u>cert. denied</u>, 224 Conn. 923 (1992). Here, while the jury found defendant liable on plaintiff's Wage Statute claim, there is no evidence in the trial record that ProMedia wrongfully, much less knowingly, kept monies due and owing to plaintiff. Again, the testimony of Mr. Ziperman read into the record indicated that he would have liked to reinstate Blumenschine's draw or otherwise come up with a plan to provide her with commissions, but her poor sales performance did not give him the justification he needed in order to do so. These facts form the only basis for the determination of

---

[16] To be sure, should the Court find doubling of wages and an award of attorney's fees warranted here, any award of prejudgment interest applies only to the $40,000 unpaid wages and not to the doubling or attorney's fees. <u>Cabrera v. G.T. Construction</u>, No. 3:05cv812 (MRK)(WIG), 2006 WL 1272618 (D.Conn., Mar. 27, 2006) (attached hereto as Exhibit "H").

"wrongfulness" on the record before the Court. Respectfully, the instant case is not a matter where there was a wrongful withholding of monies known by the defendant to be due and owing to a plaintiff, and thus "wrongfully" withheld. See, Cabrera, supra at *1 ("pattern and practice" of not paying wages when due and repeatedly promising payment of back wages as inducement for continued work). Accordingly, pre-judgment interest is not warranted here.

7. Post-Judgment Interest Not Warranted

Despite plaintiff's assurance that negligence claims mandate post-judgment interest, a search of Connecticut state cases reveals no decision whereby post-judgment interest under C.G.S. §§ 37-3a or 37-3b was awarded for a negligent misrepresentation claim, or for a Wage Statute Claim.

In any event, post-judgment interest on the negligent misrepresentation claim can only begin to run after judgment is entered in the amount of $10,000 on this claim (and, of course, after defendant's pending motion to dismiss this Eighth Count for lack of evidence is decided). Defendant argues that its actions are and were not wrongful, and an award of pre- or post-judgment interest should not be awarded.

31

CONCLUSION

For all the above-stated reasons, defendant ProMedia respectfully requests that plaintiff's post-trial motion for statutory damages, attorney's fees, costs and pre- and post-judgment interest be denied. If, over ProMedia's objection, this Court does decide on an award of attorney's fees, then, due to Blumenschine's failure to sustain her evidentiary burden with respect to the reasonableness of her requested attorney's fees and costs, plaintiff's requested amount must be significantly reduced. Based on the fact that the two State law claims on which she prevailed are not factually or legally "inextricably intertwined" with her unsuccessful claims, and vice versa, and in light of the limited success of plaintiff at trial, ProMedia respectfully requests that this Court reduce plaintiff's requested fees and costs as set forth hereinabove, at least <u>by a minimum</u> of eighty (80%) percent.

Dated: June 23, 2006          Respectfully submitted,

                              DEFENDANT PROFESSIONAL MEDIA
                              GROUP LLC

                              By: _____
                                  George P. Birnbaum (CT04937)
                                  Michael L. Ferch (CT24764)
                                  Counsel
                                  MINOGUE BIRNBAUM LLP
                                  Attorneys for Defendant
                                  237 Elm Street
                                  New Canaan, CT 06840
                                  (203) 966-6916

## CERTIFICATION

This is to certify that a copy of the foregoing was delivered by fax and first-class mail, postage prepaid, to the following counsel of record on this 23rd day of June, 2006:

Scott R. Lucas, Esq.
Martin, Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT  06901

_____
GEORGE P. BIRNBAUM

33