Slip Copy                                                                        Page 10
Slip Copy, 2005 WL 2234507 (D.Conn.)
(Cite as: Slip Copy)

FN15. Defendant asks the Court to exclude time spent on interrogatories to Ms. Rhodes and for a letter prepared to David Metzger, Ms. Rhodes' attorney.

FN16. Plaintiff has voluntarily excluded from his claimed attorney's fees and costs, the cost of serving the complaint on Ms. Rhodes, and 8.01 hours in time for responding to Ms. Rhodes' motion to strike.

b. *Reasonableness of the Rate Requested*

Plaintiff has requested a fee award based upon an hourly rate of $300 per hour. In support of this requested rate, he has offered the affidavits of Attorney Baird and Attorney Prestley, who practices in Connecticut.

Attorney Baird received her law degree in 1992 from Yale Law School and was admitted to the Connecticut Bar in December 1991. She had thirteen years of legal experience at the time of this trial. She is a member of the District of Columbia Bar and Massachusetts Bar. She has been a sole practitioner for the past four years. During that time, at least fifty percent (50%) of her practice has been representing plaintiffs in employment matters, with a significant number of cases in federal court. From 1992 to 2000, she served as an Assistant Attorney General for the State of Connecticut. Attorney Baird billed Mr. Shorter at the hourly rate of $150, although she states that she has billed other clients as much as $300 per hour.

*11 Defendant challenges the requested rate of $300 per hour on the grounds that it is twice what Attorney Baird was actually billing Plaintiff; that it is neither her customary rate nor a reasonable rate; and that the requested rate exceeds what the courts have awarded to other attorneys with her level of experience in Connecticut.

The Supreme Court in *Blum* noted the inherent difficulty in determining an appropriate "market rate" for a lawyer's services but explained that
the burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to-for convenience-as the prevailing market rate.

*Blum*, 465 U.S. at 896, n. 11; see also *Gierlinger*, 160 F.3d at 882; *Kirsch*, 148 F.3d at 172 (holding that the lodestar should be based on prevailing market rates for comparable attorneys of comparable skill and standing in the pertinent legal community); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115-16 (2d Cir.1997) (holding that the lodestar figure should be in line with the prevailing rates in the community, that being the district in which the court sits); *Omnipoint Communications, Inc. v. Planning & Zoning Comm'n*, 91 F.Supp.2d 497, 499 (D.Conn.2000) (basing the determination of a reasonable hourly rate on the Court's extensive experience and knowledge of rates within the western Fairfield County area). Moreover, the courts have held that the actual billing arrangement between an attorney and his client does not necessarily establish a ceiling on the rates that can be awarded, although it is a significant factor. See *Blanchard v. Bergeron*, 489 U.S. 87, 93, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) (holding that a fee award under § 1988 is not limited by a contingent fee agreement between the attorney and his client. "Should a fee agreement provide less than a reasonable fee calculated [according to the lodestar method], the defendant should nevertheless be required to pay the higher amount."); *Crescent Publishing Group, Inc. v. Playboy Enterprises, Inc.*, 246 F.3d 142, 148 (2d Cir.2001) (allowing a higher rate than that actually billed in a Copyright Act case).

Plaintiff has provided the Affidavit of Attorney Peter B. Prestley, who has been practicing in Connecticut for thirty-three years and has extensive experience in the field of employment law. Attorney Prestley states in his affidavit that the hourly rate of $300 is "reasonable and consistent with the prevailing fee for attorneys with [Attorney Baird's] degree of experience and expertise ." (Prestley Aff. ¶ 12.) His hourly rate for handling similar matters is $385 per hour. *Id.*

Additionally, the Court has reviewed a number of fee award in cases in this district over the past ten years. In *Connecticut State Department of Social Service v. Thompson*, 289 F.Supp.2d 198, 205 (D.Conn.2003), Judge Underhill awarded fees at the rates of $325 per hour and $375 per hour. In so doing, he noted that other District of Connecticut judges who have considered this issue had concluded that an hourly rate of $250 to $300 was the prevailing market rate for attorneys with a high degree of expertise in their field of law. FN17 *Id.* at 205-06. The Court notes that many of these cases are five or more years old and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-02244-HBF    Document 96-9    Filed 06/23/2006    Page 2 of 3

Slip Copy
Slip Copy, 2005 WL 2234507 (D.Conn.)
(Cite as: Slip Copy)

Page 11

presumably rates charged by attorneys with comparable experience have increased since then.

> FN17. The Court cited the following cases: *Lieberman v. Dudley*, 1998 WL 740827, at *4 (D.Conn. July 27, 1998) (approving an hourly rate of $250 for an experienced civil rights litigator with over 30 years of experience in Connecticut); *Calovine v. City of Bridgeport*, 1998 WL 171432, at *1 (D.Conn. Feb.4, 1998) (same); *Russo v. Coppola*, No. 3:93CV1734 (AHN), slip op. (D.Conn. Feb. 6, 1995) (Ruling on Application for Attorneys' Fees and Costs Feb. 6, 1995) (awarding fees under § 1988 based on an hourly rate of $250 for a partner with over thirty years' experience in this district, and $150 per hour for two associate attorneys with two and three years of experience in this district); *Omnipoint Communications, Inc. v. Planning and Zoning Comm'n of Town of Wallingford*, 91 F.Supp.2d 497 (D.Conn.2000) (allowing fees at the hourly rate of $300 and $250 for partners in a Stamford firm); *LaPointe v. Windsor Locks Board of Education*, 162 F.Supp.2d 10, 18 (D.Conn.2001) (finding $275 to be a reasonable hourly rate for an attorney from Manchester, Connecticut with 20 years of experience); *Evanauskas v. Strumpf*, 2001 WL 777477 (D.Conn. June 27, 2001) (finding reasonable an hourly rate of $275 for a solo practitioner in a consumer case based upon similar awards in other cases and the Court's knowledge of hourly rates in Connecticut); *Tsombanidis v. City of West Haven*, 208 F.Supp.2d 263, 276 (D.Conn.2002) (granting a fee award based on an hourly rate of $275 under § 1988).

*12 Based on the affidavits submitted by Plaintiff, other awards in this District, as well as the Court's own knowledge of fees generally charged by attorneys practicing in this District with similar levels of experience as Attorney Baird, the Court finds that Plaintiff's requested rate of $300 per hour is reasonable. Applying that rate to the 362.56 hours yields an attorney's fee award of $108,768.00.

### c. Plaintiff's Requested Multiplier

Additionally, Plaintiff requests that the fee award be increased by a multiplier of two based upon his measure success at trial, the degree of risk associated with the claims in this litigation, and the fact that this litigation precluded counsel from representing other clients.

Defendant opposes the application of a multiplier based on the limited success Plaintiff achieved. Five of the original eleven counts never reached the jury and two of the claims submitted to the jury resulted in verdicts for The Hartford. Additionally, the jury's verdict was substantially less than Plaintiff's last settlement demand and the damages claimed in Plaintiff's damages analysis.

The Court agrees with Defendant that a multiplier is not appropriate in this case. As noted above, there is a strong presumption that the lodestar is reasonable. *See See Orchano*, 107 F.3d at 99; *Lunday v. Albany*, 42 F.3d at 134. The party asking the Court to depart from the lodestar amount bears the burden of proving that such a departure is necessary to the calculation of a reasonable fee. *See Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir.1992). An upward adjustment is warranted only in rare instances. *See Hensley*, 461 U.S. at 901.

In this case, most, if not all, of the reasons Plaintiff has cited for justifying a multiplier are subsumed within the initial lodestar calculation. *See Id.* at 899-901 (holding that the novelty and complexity of issues, quality of representation, special skill and experience of counsel, results obtained, and a contingency fee arrangement and risk of nonpayment are most often reflected in the lodestar calculation and cannot serve as independent bases for adjusting the basic fee award.) The Court denies Plaintiff's request to apply a multiplier of two to the attorney's fee award.

### 3. Defendant's Request for a Downward Departure

Based largely on Plaintiff's lack of success on a number of his original claims, Defendant urges the Court to reduce the fee award by thirty-three percent (33%). Defendant argues that Plaintiff's claim of sexual harassment, on which he did not prevail, was based on conduct that arose from his personal relationship with Ms. Rhodes and was unrelated to his violation of The Hartford's electronic communication policy and subsequent termination of his employment. Likewise, Plaintiff's claims of retaliation and invasion of privacy concerned post-termination events.

Whether to reduce an attorney's fee award based on

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 2234507 (D.Conn.)
(Cite as: Slip Copy)

Page 12

unsuccessful claims is a matter left to the sound discretion of the Court. See Saulpaugh, 4 F.3d at 145. The Second Circuit held in Dominic, that where the court determines that the successful and unsuccessful claims are "inextricably intertwined" and "involve a common core of facts or [are] based on related legal theories," it is not an abuse of discretion for the court to award the entire fee. Dominic, 822 F.2d at 1259; see also Hensley, 461 U.S. at 435.

*13 In this case, the relationship between Plaintiff and Ms. Rhodes was the catalyst for the events leading up to Plaintiff's termination. The facts underlying Plaintiff's sexual harassment claim were "inextricably intertwined" with the facts surrounding his termination. Although several of Plaintiff's claims involving post-termination events did not go to the jury, the damages Plaintiff received on his successful claims afforded him full relief and any additional damages would have been duplicative. The Court concludes that a downward departure is not appropriate based on Plaintiff's success on less than all of his claims.

### 4. Plaintiff's Request for Costs

Last, Plaintiff seeks an award of costs in the amount of $2,813.41. The Second Circuit has held that an award of fees in a civil rights suit includes reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients. LeBlanc-Sternberg, 143 F.3d at 763. Defendant has not opposed this request for costs.

As documented by contemporaneous computer printouts, the costs that Plaintiff seeks to recover are comprised of the following:
District Court Filing Fee: $150.00
Service of Process on The Hartford: $71.25
Subpoenas for Trial Witnesses: $242.50
Deposition Transcripts: $1,813.98
Postage: $160.22
Legal Research: $13.13
Copies: $344.43
Cassette Tapes for Exhibits: $18.00

These costs have been well-documented and are recoverable.

### CONCLUSION

As set forth above, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motions for Equitable Relief [Doc.125, 133]. Plaintiff's request for reinstatement is DENIED. Plaintiff's request for an award of front pay is GRANTED. The Court awards Plaintiff $117,000 as front pay. In addition to the jury's award of $170,000 in back pay, Plaintiff is awarded back pay of $4,722 per month from the date of the jury's verdict, January 28, 2005, until the date judgment is entered. Plaintiff's Motions for an Award of Prejudgment Interest, Post-Judgment Interest, and Attorney's Fees and Costs [Doc.127, 133] are GRANTED to the following extent: Plaintiff shall be awarded prejudgment interest on his back pay award, based upon the rates set forth in 28 U.S.C. § 1961(a). Plaintiff's counsel is directed to submit a calculation of prejudgment interest in accordance with this Opinion within twenty (20) days, to which Defendant shall have ten (10) days to object. Plaintiff is also awarded post-judgment interest pursuant to 28 U.S.C. § 1961(a) on the entire damage award. Plaintiff is awarded attorney's fees in the amount of $108,768.00 and costs in the amount of $2,813.41.

It is SO ORDERED.

D.Conn.,2005.
Shorter v. Hartford Financial Services Group, Inc.
Slip Copy, 2005 WL 2234507 (D.Conn.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 2181339 (Trial Motion, Memorandum and Affidavit) Defendant's Memorandum in Support of Motion for Judgment as A Matter of Law (Jul. 27, 2005) Original Image of this Document (PDF)

END OF DOCUMENT