EXHIBIT E

**Westlaw.**

Not Reported in A.2d
Not Reported in A.2d, 1996 WL 218689 (Conn.Super.)
(Cite as: Not Reported in A.2d)

Page 1

H
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Connecticut.
Dennis STEIGER et ux
v.
J.S. BUILDERS et al.
No. 515733.

April 3, 1996.

Memorandum of Decision
WALSH, Judge.

*1 On February 25, 1994, the court, Austin, J., filed a memorandum of decision in the above-captioned matter. Two cases were heard by Judge Austin pursuant to a motion to consolidate. The first of the two cases, *Dennis Steiger, et ux v. Town of Old Lyme, et al.*, sounded in three counts claiming negligence in the inspection of certain premises incident to the issuance of a certificate of occupancy, and in the issuance of a subsurface discharge permit for a septic tank. The second case, *Dennis Steiger, et ux v. J.S. Builders, Inc., Blue Spruce Developers, Inc., Tradewind Developers, Inc., John I. Slezak, Louisette Slezak and Susan Moreau*, sounded in eleven counts:

The first count against J.S. Builders, Inc. claimed breach of contract, failure to perform the work required under the contract and defective work performed in an unworkmanlike nature.

The second count against J.S. Builders, Inc. claimed a breach of warranties under Connecticut General Statutes § 47-118 and § 47-121.

The third count against J.S. Builders, Inc., Blue Spruce Developers, Inc., John I. Slezak, Louisette Slezak and Susan Moreau claimed the corporate defendants had no separate mind, will or existence and that control of the same was to commit fraud and wrongdoing.

The fourth count against Blue Spruce Developers, Inc. claimed breach of warranties under § 47-118 and § 47-121.

The fifth count against John I. Slezak individually claimed that Slezak had complete control over the corporate defendants so that the corporations had no separate mind or will and were used to commit fraud and wrongdoing.

The sixth count against Tradewind Developers, Inc., incorporates paragraphs 1 through 9 of count three and claims the defendant Tradewind is liable to plaintiffs.

The seventh count against Tradewind developers, Inc., incorporates paragraphs 1 through 9 of count three and claims a breach of warranties under Connecticut General Statutes § 47-118 and § 47-121.

The eighth count against the defendant John I. Slezak incorporates paragraphs 1 through 8 of counts two and nine and 10 of count three and claims a breach of warranties under Connecticut General Statutes § 47-118 and § 47-121.

The ninth count against Louisette Slezak, J.S. Builders, Inc., Blue Spruce Developers, Inc., Tradewind Developers, Inc., John I. Slezak and Susan Moreau incorporates paragraphs 1 through 8 of count three and recites a claim to convey a driveway located within the boundaries of plaintiff's property and a failure to do so.

The tenth count is directed against the same defendants as in count nine and claims that the subject driveway referred to in count nine is on property of the defendants. The eleventh count is directed against the same defendants as in count nine and claims an unfair trade practice in violation of § 42-110a et seq.

The two consolidated cases arose out of the building of a two-story gambrel-type roof residence with a basement. The purchase price was $185,117.00. The builder was to provide a C.O. The two cases involved claims of defective workmanship, failure of various municipal officials to inspect, etc. The claims of faulty workmanship and material covered an entire spectrum from basement to roof regarding electrical, plumbing, windows and overhangs. Claims were made regarding septic system, water quality and improper location of the driveway.

*2 After the cases had been returned to the court in June, 1989, and in September, 1990, numerous preliminary motions, objections, requests to revise, motions to compel, motions for default, etc. were filed. Various parties and individuals were deposed and discovery was instituted.

Trial to the court commenced on October 5, 1993 and continued on following dates consisting of twelve additional trial days through November 24, 1993.

On February 5, 1994, Judge Austin filed a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 1996 WL 218689 (Conn.Super.)
(Cite as: Not Reported in A.2d)

Page 2

memorandum of decision regarding the consolidated cases consisting of some 85 pages.

The court found as follows.
The court is satisfied that the real principal actor was John Slezak, but the other individuals must be treated in the same vein by virtue of the foregoing.
The court finds that the plaintiffs have not sustained or proved by a preponderance of the evidence their claims against the defendant Joseph Hart nor the defendant Frank Keen, and by virtue thereof, must fail as against the Town of Old Lyme.
Judgment is entered in the favor of Joseph Hart.
Judgment is entered in the favor of Frank Keen.
Judgment is entered in the favor of the Town of Old Lyme.

| | |
|---|---|
| Replumb entire house to code | $ 6,850.00 |
| Separate items- heat incident thereto | $ 1,010.00 |
| Electrical | $ 5.00 |
| Sheetrock | $ 2,040.00 |
| Rear exterior siding | $ 840.00 |
| Repainting | $ 2,160.00 |
| Additional sheetrock, repainting, carpeting | $ 650.00 |
| Basement girder shim | $ 168.00 |
| Fireplace hearth | $ 1,060.00 |
| Septic system clay fill | $ 2,926.50 |
| Foundation snap ties | $ 723.00 |
| Front step concrete pads | $ 318.00 |
| Roof rake edge | $ 720.00 |
| Miscellaneous | $ 1,750.00 |
| 10% overhead | $ 1,335.50 |
| 10% profit | $ 1,335.50 |
| 6% sales tax | $ 801.33 |
| Komnarski survey | $ 1,450.00 |
| Total | $26,142.83 |

The court finds that the conduct of the defendant John Slezak clearly was contrary to public policy and was deceptive regarding using an unlicensed plumber and that CUTPA has been violated.

The court allows $7,500.00 for attorneys fees as against

By virtue thereof, no attorneys fees are awarded against Hart, Keen or the Town of Old Lyme.
The court finds that the plaintiffs have sustained and proved some of their allegations against the defendants Blue Spruce Developers, Inc., Tradewind Developers, Inc., J.S. Builders, Inc., John Slezak, Louisette Slezak and Susan Moreau by a preponderance of the evidence and by virtue of the defaults and the effect of the order of preclusion.
Judgment may enter in favor of the plaintiffs and against the defendants Blue Spruce Developers, Inc., Tradewind Developers, Inc., J.S. Builders, Inc., John Slezak, Louisette Slezak and Susan Moreau as follows:

the defendants.

The plaintiffs appealed claiming that: 1) the trial court's award of damages is against the weight of evidence and contrary to law; and, 2) the trial court applied the incorrect standard in calculating the award of attorneys fees pursuant to the contract and CUTPA. The appellate

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                 Page 3
Not Reported in A.2d, 1996 WL 218689 (Conn.Super.)
(Cite as: Not Reported in A.2d)

court reversed only as to the award of attorneys fees and costs and the case was remanded for a hearing to determine, consistent with the opinion of that court, the amount of attorneys fees and costs that the plaintiffs may recover.

*3 Upon remand, the trial judge (Austin, J.), recused himself in open court on the record. A complaint had been filed by one of the parties to Judicial Review. Judicial Review found no probable cause.

Thereafter, the matter was referred to this court by the presiding civil judge for New London Judicial District, (Hendel, J.). A one-day evidentiary hearing was held before this court (Walsh, J.) which consisted of the testimony of the general nature of the cause of action, introduction of various copies of bills, time sheets, testimony of plaintiff's counsel as to the general nature of the questions of law and fact, testimony from plaintiff's counsel as to counsel's education, training, experience and background.

The appellate court's decision regarding the subject case speaks only to the question of attorneys fees pursuant to the CUTPA provision which allows the awarding the same. C.G.S. § 42-110g(d). At the evidentiary hearing, this court made inquiry as to whether or not any claim was being made for any attorneys fees other than those arising out of the CUTPA claim. The attorneys have stipulated and agreed that any attorneys fees that are to be awarded on this matter will be pursuant to CUTPA.

The appellate court found, "the trial court focused on only one of the twelve enunciated guidelines-the reasonableness of the relationship between the award of attorneys fees and the award of damages." *Steiger v. J.S. Builders, Inc.*, 39 Conn.App. 32, 39 (1995). The appellate court concluded that "the trial court abused its discretion in seizing from the full panoply merely one guideline, to the exclusion and disregard of all others. To interpret the attorneys fees provision of CUTPA so narrowly would render insignificant the legislative intent- it would neither enhance the private CUTPA remedy, nor serve to encourage private CUTPA litigation." *Id.*

The court further set out those criteria in determining reasonable attorneys fees as follows:
1) the time and labor required;
2) the novelty and difficulty of the questions;
3) the skill requisite to perform the legal service properly;
4) the preclusion of other employment by the attorney due to acceptance of the case;
5) the customary fee for similar work in the community;
6) whether the fee is fixed or contingent;
7) time limitations imposed by the client or the circumstances;
8) the amount involved and the results obtained;
9) the experience, reputation and ability of the attorneys;
10) the "undesirability" of the case;
11) the nature and length of the professional relationship with the client; and
12) awards in similar cases.

Accordingly, this court finds that there is no question that a great deal of time and labor has been expended. From what evidence this court heard before it, this court is unable to determine how much was required. The questions of law and fact are not particularly novel or difficult. Other than that counsel testified that the defendant was reticent in supplying information, there appears to have been no particular requirement, training or experience that counsel was required to have except to act with dogged persistence in pursuit of information from such reticent defendants. Counsel testified that although he applied a great deal of time to this particular case, it did not preclude him from other employment due to said commitment to the subject case.

*4 The attorneys fees involved in the present case were substantially greater than what would ordinarily be incurred in a case such as the subject case. The hourly charges are in accordance with the accepted and ordinary hourly fees charged by attorneys in New London Judicial District as is the fee for the appeal. The amount recovered was substantially less than the original claim. The plaintiff's attorney enjoys a good reputation and he has acquired the experience and ability of attorneys of his age and background. He was and is well-qualified to handle the subject case in its preparation for trial and appeal. The case involves a dispute concerning the building of a new home with all of those problems associated therewith including a CUTPA claim. This court cannot conclude that such cases are undesirable. Such cases can be difficult to prepare and try involving various types of expert witnesses. For attorneys that practice in the building contract and CUTPA areas, the case would be a desirable case. Those that practice in the area of personal injury or probate might find it undesirable. The court concludes that the acceptance of the case by counsel is because counsel decided to take it on. The fact that others refused to take the case because it involved more than they felt it was worth, or that they did not have the interest in applying that much time and effort does not make the case an undesirable case. There is no evidence as to the nature and length of the professional relationship of counsel with the client except as to this case. Awards in similar cases vary from one extreme to another. Building contract cases involve various and sundry issues and may result in totally

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.