EXHIBIT G

Westlaw.

Slip Copy                                                    Page 1

Slip Copy, 2006 WL 1328767 (D.Conn.)
**(Cite as: Slip Copy)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently
available.
United States District Court,D.
Connecticut.
Fernando CABRERA, Luis Ledesma,
Carlos Rivadeneira, Luis Tapia, Romulo
Vicuña, and Widman Vicuña, Plaintiffs,
v.
G.T. CONSTRUCTION, Jonny Gonzalez,
and Segundo Vazquez, Defendants.
**No. 3:05CV812(MRK)(WIG).**

May 8, 2006.

Robert Alan Solomon, Stephen Wizner,
Jerome   N.   FrankLegal   Services
Organization, Yale Law School, New
Haven, CT, for Plaintiffs.
Gary P. Sklaver, Licari & Walsh, New
Haven, CT, for Defendants.

### *RECOMMENDED RULING ON*
### *MOTION FOR ATTORNEY'S FEES*
WILLIAM I. GARFINKEL, United States
Magistrate Judge.
*\*1* As set forth in the Court's
recommended ruling on damages, this
Court requested Plaintiffs to submit a
motion for attorney's fees and costs.
Plaintiffs' unopposed motion [Doc. 22] has
been filed and reviewed. After careful
consideration, the Court recommends the

following award of attorney's fees and
costs to the individual Plaintiffs: Fernando
Cabrera $1,152.50 in attorney's fees and
$53.05 in costs; Luis Ledesma $1,060.00
in attorney's fees and $53.05 in costs;
Carlos Rivadeneira $1,097.50 in attorney's
fees and $53.05 in costs; Luis Tapia
$1,202.50 in attorney's fees and $53.05 in
costs;   Romulo   Vicuña   $1,307.50   in
attorney's fees and $53.05 in costs;
Widman Vicuña $1,217.50 in attorney's
fees and $53.05 in costs.

Discussion

The Connecticut wage statute, Conn. Gen.
Stat § **31-72**, provides for an award of "
costs and such reasonable attorney's fees as
may be allowed by the court." In order to
recover attorney's fees and costs under this
statute, the courts have required that the
employer   acted   with   "bad   faith,
arbitrariness,   or   unreasonableness."
*Schoonmaker v. Lawrence Brunoli, Inc.,*
265 Conn. 210, 269 (2003). Plaintiffs
obtained  a  default  judgment  against
Defendant, Jonny Gonzalez, on February 9,
2006. After a damages hearing on March
16, 2006, this Court found that Defendant
Gonzalez's conduct with respect to the
non-payment of wages constituted bad
faith. Therefore, the Court found that
Plaintiffs were entitled to an award of
reasonable attorney's fees and costs.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                          Page 2

Slip Copy, 2006 WL 1328767 (D.Conn.)
**(Cite as: Slip Copy)**

Plaintiffs were represented by Yale law students of the Jerome N. Frank Legal Service Organization. Attorney Stephen Wizner assisted the students and organization in this matter. Plaintiffs are entitled to recover attorney's fees regardless of the fact that they were represented by nonprofit counsel. *Blum v. Stenson,* 465 U.S. 886, 895 (1984). Plaintiffs are also entitled to recover reasonable fees for time spent by law student clerks on the litigation. *Gibbs v. Southeastern Investment Corp.,* 705 F.Supp. 738, 745 (**D.Conn**.1989); *Evans v. State of Connecticut,* 967 F.Supp. 673, 691-92 (**D.Conn**.1997).

In determining the amount of attorney's fees, the Court employs the "lodestar method." The lodestar method calculates the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Blum,* 465 U.S. at 892 (1984). A "district court has wide discretion in determining the amount of attorneys' fees to award." *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir.1992), *cert. denied,* 506 U.S. 1052 (1993).

Plaintiffs' counsel has requested an hourly rate of $60/hour for the law students and $300/hour for Attorney Wizner. Based on this Court's familiarity with prevailing rates in the Connecticut legal community for paralegals and law students, and the respected reputation of the Jerome N. Frank Legal Service Organization, this Court finds that $60/hour is a reasonable

hourly fee for the law students. *See Gibbs,* 705 F.Supp. at 745 (finding in 1989 that $50/hour was a reasonable fee for a paralegal or law student clerk). In addition, based upon Attorney Wizner's forty years of legal experience and his expertise as a professor of law at Yale Law School, this Court finds that $300/hour is a reasonable rate for Attorney Wizner's services. *See Goins v. JBC & Associates,* No. 3:03 CV 636, 2006 WL 540332 at *2 (**D.Conn**. March 6, 2006) (finding $300/hour to be a reasonable fee for an experienced commercial litigation attorney in Connecticut).

**\*2** This Court also finds that the hours spent by the law students and Attorney Wizner on this matter are reasonable. The itemized time records provided in support of the motion reflect that the law students spent their time researching, drafting pleadings, preparing for and attending the damages hearing at which all six Plaintiffs testified through an interpreter, meeting with their clients, and conducting other aspects of the litigation. The Court was extremely impressed with the law students' thorough preparation and, in particular, would note that law student Alvaro Bedoya did an outstanding job of examining the Plaintiffs and presenting his legal arguments at the damages hearing. The law students' time was spent as follows: Fernando Cabrera-14.2 hours; Luis Ledesma-12.7 hours; Carlos Rivadeneira-13.3 hours; Luis Tapia-15 hours; Romulo Vincuña-16.8 hours; Widman Vicuña-15.3 hours. The time

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                          Page 3

Slip Copy, 2006 WL 1328767 (D.Conn.)
**(Cite as: Slip Copy)**

records also indicate that Attorney Wizner
spent one hour reviewing the work of the
law students for each Plaintiff. These hours
are reasonable.

Plaintiffs have also asked this Court for an
award of costs in the amount of $359.10
for the following: the filing fee in the
amount of $250, the cost of serving the
complaint on Jonny Gonzalez in the
amount of $68.30, and the cost of serving
the complaint on G.T. Construction in the
amount of $40.80. Plaintiffs are entitled to
recover as costs the filing fee and cost of
serving Jonny Gonzalez in the amount of
$318.30, which will be divided equally
among the six Plaintiffs. Plaintiffs are not
entitled to the cost of serving the complaint
on G.T. Construction, which remains a
defendant in this litigation.

### Conclusion

Thus, the Court recommends that
Plaintiffs' motion for attorney's fees and
costs [Doc. # 22] be granted and that
attorney's fees and costs be awarded as
follows: Fernando Cabrera $1,152.50 in
attorney's fees and $53.05 in costs; Luis
Ledesma $1,060.00 in attorney's fees and
$53.05 in costs; Carlos Rivadeneira
$1,097.50 in attorney's fees and $53.05 in
costs; Luis Tapia $1,202.50 in attorney's
fees and $53.05 in costs; Romulo Vicuña
$1,307.50 in attorney's fees and $53.05 in
costs; Widman Vicuña $1,217.50 in
attorney's fees and $53.05 in costs. Any
objections to this recommended ruling

must be filed with the Clerk of the Court
within ten (10) days of the receipt of this
order. Failure to object within ten (10)
days may preclude appellate review. *See* 28
U.S.C. § 636(b)(1); Fed.R.Civ.P. 72; **D.
Conn**. L. Civ. R. 72 for Magistrate Judges;
*FDIC v. Hillcrest Assocs.,* 66 F.3d 566,
569 (2d Cir.1995).

SO ORDERED, this *8th* day of May, 2006,
at Bridgeport, Connecticut.

D.Conn.,2006.
Cabrera v. G.T. Const.
Slip Copy, 2006 WL 1328767 (D.Conn.)

Briefs and Other Related Documents (Back
to top)

• 2005 WL 1539057 (Trial Pleading) Civil
Complaint (May 20, 2005)
• 3:05cv00812 (Docket) (May 20, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.