EXHIBIT H



Slip Copy
Slip Copy, 2006 WL 1272618 (D.Conn.)
**(Cite as: Slip Copy)**

Page 1

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Connecticut.
Fernando CABRERA, Luis Ledesma, Carlos
Rivadeneira, Luis Tapia, Romulo Vicuña, and
Widman Vicuña, Plaintiffs,
v.
G.T. CONSTRUCTION, Jonny Gonzalez, and
Segundo Vazquez, Defendants.
**No. 3:05cv812(MRK)(WIG).**

March 27, 2006.

Robert Alan Solomon, Stephen Wizner, Jerome N.
FrankLegal Services Organization, Yale Law School,
New Haven, CT, for Plaintiffs.
Gary P. Sklaver, Licari & Walsh, New Haven, CT,
for Defendants.

*RECOMMENDED RULING ON DAMAGES*
WILLIAM I. GARFINKEL, Magistrate Judge.
*1 On February 9, 2006, the Honorable Mark R.
Kravitz granted the Plaintiffs' Motion for Default
Judgment as to Defendant Jonny Gonzalez, and then
referred this matter to the Undersigned for a hearing
on damages. On March 16, 2006, a hearing was
held at which all six Plaintiffs, represented by counsel,
testified through an interpreter. Also present was
counsel for Defendant Segundo Vazquez.

Each Plaintiff testified that in late 2004 he had been
hired by Jonny Gonzalez to perform certain
construction work for which he was to be paid on
either an hourly or weekly basis. Each testified that,
despite repeated promises that this compensation
would be paid, Defendant Gonzalez failed to pay him
all of the compensation that was due and owing for
the work that he performed. Each testified that he
continued to work for Defendant Gonzalez because
he was a fellow Equadorian and each believed he
would eventually get paid. Additionally Plaintiffs
Romulo and Widman Vicuña testified that Defendant
Gonzalez misappropriated certain tools that they had
taken to the job site. The Court found Plaintiffs'
testimony to be credible both with respect to the work
performed and the money due and owing.

The Court recommends an award of damages to each
Plaintiff against Defendant Gonzalez for the total

amount of unpaid wages pursuant to the Connecticut
wage statute, Conn. Gen.Stat. § 31-72.[FN1] *See Butler
v. Hartford Technical Institute, Inc.,* 243 Conn. 454,
457 (1997). This statute provides for an award of
damages of twice the full amount of any unpaid
wages, plus costs and attorney's fees. In order to
recover double damages, there has to be a finding
that the employer acted with "bad faith, arbitrariness
or unreasonableness." *Schoonmaker v. Lawrence
Brunoli, Inc.,* 265 Conn. 210, 269 (2003). The Court
finds that Defendant Gonzalez acted with bad faith
based upon his pattern and practice of not paying
wages that were due and owing, and based upon his
repeated promises to Plaintiffs that they would be
paid their back wages as an inducement for them to
continue to work for him. *See Petronella v. Venture
Partners, Ltd.,* 60 Conn.App. 205, 215, *cert.granted
in part,* 255 Conn. 909 (2000), *appeal dismissed as
improvidently granted,* 258 Conn. 453 (2001). Such
an award is in keeping with the remedial purpose of
the wage laws. *See Butler,* 243 Conn. at 463.

> FN1. Plaintiffs urge the Court to award
> damages for unpaid wages under the treble
> damage provisions of Conn. Gen.Stat. § 52-
> 564, Connecticut's civil theft statute.
> Plaintiffs cite to Conn. Gen.Stat. § 53a-
> 119(14), the criminal larceny statute, which
> defines larceny as including a failure to pay
> the prevailing rate of wages. That statute
> applies only when the employer files a
> certified payroll, in accordance with § 31-
> 53, which he knows is false, in violation of §
> 53a-157a, and fails to pay to an employee or
> employee welfare fund the amount attested
> to in the certified payroll with the intent to
> convert such amount to his own use or to the
> use of a third party. Conn. Gen.Stat. § 53a-
> 119(14). Those circumstances are not
> present in this case. The Court has been
> unable to locate any Connecticut case
> involving a claim for unpaid wages in which
> the court awarded treble damages under §
> 52-564, and Plaintiffs have not provided the
> Court with any case authority that would
> support such an award. In *Streater v. Maier,*
> No. CV030473265S, 2004 WL 1489985, at
> *6 (Conn.Super. June 16, 2004), the court
> declined to award treble damages under §
> 52-564 on the plaintiff's unpaid wages claim

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 1272618 (D.Conn.)
(Cite as: Slip Copy)

Page 2

and noted that an award of treble damages is an "extraordinary statutory remedy."

Additionally, Plaintiffs have alleged other theories of liability, including breach of contract, unjust enrichment, quantum meruit, unpaid minimum wages under Connecticut's minimum wage law, Conn. Gen.Stat. § 31-68, and violations of the federal Fair Labor Standards Act, 29 U.S.C. § 216(b). Any recovery under these causes of action would be duplicative of the damages awarded under Conn. Gen.Stat. § 31-72. Plaintiffs may not recover more than once for the same injury. Therefore, the Court recommends an award of damages only under Conn. Gen.Stat. § 31-72.

Additionally, the Court finds that an award of prejudgment interest at the statutory rate of ten percent (10%) is warranted. The allowance of prejudgment interest under Conn. Gen.Stat. § 37-3a is a matter committed to the sound discretion of the court. See Metcalfe v. Talarski, 213 Conn. 145, 160 (1989). Whether to award prejudgment interest turns on whether the detention of the money was wrongful under the circumstances. See Spearhead Construction Corp. v. Bianco, 39 Conn.App. 122, 134-35, cert. denied, 235 Conn. 928 (1995); Lawrence v. New Hampshire Insurance Co., 29 Conn.App. 484, 498, cert. denied, 224 Conn. 923 (1992). Here, Defendant Gonzalez wrongfully withheld wages due and owing to these Plaintiffs and, therefore, an award of prejudgment interest running from the date that the wages were withheld is appropriate.[FN2] Accordingly, the Court recommends an award of prejudgment interest from the date the wages were not paid [FN3] until the date judgment enters.

FN2. Prejudgment interest is awarded only on the unpaid wages, not the additional double damages awarded pursuant to Conn. Gen.Stat. § 31-72.

FN3. To avoid the need to make separate prejudgment interest calculations for every week that the Plaintiff worked but was not paid, the Court has used the approximate date that Plaintiff last worked for Defendant Gonzalez, at which time all of the unpaid wages were due.

*2 Thus, the Court recommends the following damage award for each named Plaintiff against Defendant Gonzalez:

Fernando Cabrera:
Unpaid wages: $800
§ 31-72 Doubling: $800
10% Prejudgment Interest on Unpaid Wages of $800 from 2/1/2005

Luis Ledesma:Unpaid wages: $900
§ 31-72 Doubling: $900
10% Prejudgment Interest on Unpaid Wages of $900 from 12/1/2004

Carlos Rivadeneria:Unpaid wages: $1,900
§ 31-72 Doubling: $1,900
10% Prejudgment Interest on Unpaid Wages of $1,900 from 2/1/2005

Luis Tapia:Unpaid wages: $2,480
§ 31-72 Doubling: $2,480
10% Prejudgment Interest on Unpaid Wages of $2,480 from 11/25/2004

Romulo Vicuña:Unpaid wages: $11,400
§ 31-72 Doubling: $11,400
10% Prejudgment Interest on Unpaid Wages of $11,400 from 2/1/2005

Widman Vicuña:Unpaid wages: $13,020
§ 31-72 Doubling: $13,020
10% Prejudgment Interest on Unpaid Wages of $13,020 from 1/22/2005

Additionally, the Court awards Romulo Vicuña $500 and Widman Vicuña $1,000 for their tools that were misappropriated by Defendant Gonzalez. Although Plaintiffs have sought treble damages under Conn. Gen.Stat. § 52-564, the civil theft statute, the Court declines to award treble damages. Plaintiffs proved a conversion of their tools by Defendant Gonzalez, not a theft. See New England Slate v. Stankowski, No. CV 94 0140796, 1995 WL 128218 (Conn.Super .Mar. 14, 1995). The word "steal" in § 52-564 is synonymous with "larceny" in Conn. Gen.Stat. § 53a-119, which requires a specific intent on the part of the defendant to deprive another of his property. See Lawson v. Whitey's Frame Shop, 42 Conn.App. 599, 606 (1996), aff'd in part and rev'd in part on other grounds, 241 Conn. 678 (1997). While Plaintiffs proved that their tools were never returned, they did not prove that Defendant Gonzalez acted with the intent to deprive them of their property.

The Court further recommends that each Plaintiff be awarded attorney's fees and costs and instructs Plaintiffs' counsel to submit a motion for attorney's

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                        Page 3
Slip Copy, 2006 WL 1272618 (D.Conn.)
**(Cite as: Slip Copy)**

fees and costs within twenty (20) days of the date of
this recommended ruling. Any such request should be
broken down by Plaintiff.

The parties are advised that any objections to this
recommended ruling must be filed with the Clerk of
the Court within ten (10) days of the receipt of this
order. Failure to object within ten (10) days may
preclude appellate review. *See* 28 U.S.C. §
636(b)(1); Fed.R.Civ.P. 72; D. Conn. L. Civ. R. 72
for Magistrate Judges; *FDIC v. Hillcrest Assocs.,* 66
F.3d 566, 569 (2d Cir.1995).

SO ORDERED, this *27th* day of March, 2006, at
Bridgeport, Connecticut.

D.Conn.,2006.
Cabrera v. G.T. Const.
Slip Copy, 2006 WL 1272618 (D.Conn.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 1539057 (Trial Pleading) Civil Complaint
(May 20, 2005) Original Image of this Document
(PDF)
• 3:05cv00812 (Docket) (May 20, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.