UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA K. BLUMENSCHINE, | : | CIVIL ACTION NO. |
| | : | 302 CV 2244 (HBF) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| PROFESSIONAL MEDIA GROUP, LLC, | : | JULY 7, 2006 |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S REPLY TO DEFENDNAT'S POST-TRIAL MOTION OPPOSING COURT AWARDED STATUTORY DAMAGES, REASONABLE ATTORNEY'S FEES, COSTS AND PRE- AND POST-JUDGMENT INTEREST**

*ARGUMENT*

*I.   AN AWARD OF STATUTORY DOUBLE DAMAGES UNDER §31-72 IS APPROPRIATE.*

The defendant first argues that there was no finding of "bad faith" incident to the jury's verdict. The reality is that the jury decided this issue when they purposefully checked the box which stated that the defendant withheld plaintiff's wages in bad faith under § 31-72. It is somewhat disingenuous for the defendant to argue otherwise when the only definitive representation of the jury's intent is clearly spelled out on paper in the special verdict form.

Whether or not the award is appropriate in light of the facts was also decided by the fact-finder. It is implausible to attempt to ascertain what facts led to the jury's decision to find that the defendant acted arbitrarily or in bad faith in withholding plaintiff's wages. The jury's findings speak for themselves and there are clearly ample facts in the record to support this conclusion despite the defendant's attempt to cherry-pick at the evidence. The plaintiff alleged, and the jury found, that the defendant had failed to pay the plaintiff $40,000 in wages due and

owing to her at the time of her termination, in violation of C.G.S. §31-72. The jury also found the defendant's failure to pay plaintiff was unreasonable, arbitrary or in bad faith. An award of double damages is therefore appropriate:

> Section 31-72 provides for a discretionary award of double damages to employees who are successful in actions against their employers for wages due. Although the statutory language does not require evidence of bad faith, arbitrariness or unreasonableness, cases interpreting and applying this statute have required such evidence. See *Sansone v. Clifford,* 219 Conn. 217, 229, 592 A.2d 931 (1991) ("[i]n an action for wages brought pursuant to General Statutes § 31-72, awards for double damages and attorney's fees are inappropriate in the absence of the trial court's finding of bad faith, arbitrariness or unreasonableness" [internal quotation marks omitted] ).

Butler v. Hartford Techincal Institute, Inc., 243 Conn. 454, 470 (1997) (footnotes omitted).

As noted by the Connecticut Supreme Court in Schoonmaker v. Brunoli, Inc., 265 Conn. 210, 269, once the jury made the requisite finding of bad faith, arbitrariness, or unreasonableness, [it was appropriate for the plaintiff to recover double damage and attorney's fees]. The only question for the court after the "requisite" finding was to determine the actual amount of reasonable attorney's fees. Id.

Since the jury has already made the requisite fact-finding of arbitrary, unreasonable or bad faith conduct by the defendant in this case, an award of statutory double damages for plaintiff is appropriate. Accordingly, plaintiff requests this Court award an additional $40,000 to plaintiff under Count 9, violation of §31-72. This court must then turn to the appropriate award of attorney's fees.

## II. HAVING PREVAILED ON HER CLAIM FOR UNPAID WAGES UNDER C.G.S. §31-72, PLAINTIFF SHOULD ALSO BE AWARDED REASONABLE ATTORNEY'S FEES AND COSTS.

Based on the determination by the jury that the defendant's behavior was arbitrary, unreasonable or in bad faith, the plaintiff should recover reasonable attorney's fees.

What is a reasonable fee award "rests in the sound discretion of the trial court and will not be disturbed on appeal unless the trial court has abused its discretion." Link v. Shelton, 186 Conn. 623, 629 (1982). "This is because the trial court is always in a more advantageous position to evaluate the services of counsel than a reviewing court." Buccino v. Cable Technology, Inc., 245 Conn. App. 676, 679 (1991).

As stated in the plaintiff's initial brief, some of the appropriate factors to consider when determining reasonable attorney's fees as set forth by our State's appellate court include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Steiger v. J.S. Builders, Inc., 39 Conn. App. 32, 38 (1995).

In defendant's opposition motion the defendant alleges that, "the two State law claims Blumenschine prevailed on were tied to the 2000 offer letter ..." In actuality it was not until May 2001 that the defendant withheld the non-recoverable portion of plaintiff's compensation. It was soon thereafter that the plaintiff made complaints about the discrepancy in compensation and received and relied upon assurances of payment. From that moment in May 2001 until the plaintiff's termination several more complaints were made and the issue was never redressed. The plaintiff's §31-72 claim was factually intertwined with the representations and

3

circumstances surrounding her employment and her termination therefrom, including representations made and the circumstances surrounding her performance and termination. All of the witnesses deposed and called by plaintiff were relevant and necessary to the proof of the §31-72 claim upon which she prevailed. Having received a favorable verdict on Count Nine, she is entitled to all reasonable fees incurred. See Schoenmaker v. Lawrence Brunoli, Inc., 265 Conn. 210 (Conn. 2003) (fees at least in amount under contingent fee agreement appropriate where plaintiff prevailed on wage claim but lost counts alleging wrongful discharge).

As illustrated in the plaintiff's original motion, the appropriate starting point for determining a fee award under §31-72 is the actual agreement between the party and her attorney. Sorrentino v. All Seasons Services, Inc., 245 Conn. 756 (1998). In the instant case, there are two applicable fee agreements. Ms. Blumenschine first entered into a written hourly-fee agreement with the firm of Martin, Lucas & Chioffi, LLP, in January of 2002. Thereafter, the fee agreement was replaced with a written partial contingency fee agreement in April of 2002, wherein the hourly fee was reduced by half in exchange for a 20% contingency fee going forward.

Following the holdings in Schoenmaker v. Lawrence Brunoli, Inc., 265 Conn. 210 (Conn. 2003), Fabri v. United Techs. Int'l, Inc., 193 F.Supp. 2d 480, 484-85 (D.Conn. 2002) and Sorrentino v. All Seasons Services, Inc., 245 Conn. 756 (Conn. 1998), this Court should award "reasonable" attorney's fees using the contingency amount as the "bottom range of the award," and then increasing that amount to reach a "reasonable fee" award. Charts v. Nationwide Mutual Insurance Co., 397 F.Supp.2d 357, 381 (D.Conn. 2005) (awarding fees under the Franchise Act, Conn. Gen. Stat. §42-133e, *et seq.*, and noting under Sorrentino and its progeny the fee agreement was the floor and "[t]he question becomes whether the court should depart upwards

from that agreement and award the full amount requested [under the] .... lodestar method of multiplying the reasonable hours worked by a reasonable hourly rate.").

After April 30, 2002, this matter was handled on a 20% contingency, and, given the jury award of $50,000 plus doubling under the wage statute ($40,000) for a total of $90,000, an additional $18,000 is due from plaintiff. Thus, the total fees incurred by Ms. Blumenschine through May 31, 2006 are $122,915.75 (i.e., $2,560 (under the first retainer agreement) + $102,355.75 (reduced-hourly-rate fees under the second retainer agreement) + $18,000 (contingency fee under second retainer agreement)). As noted by the court in Charts, a court should look at this amount, which is significantly lower than the lodestar amount of $252,917.25, and add to it until a reasonable fee amount is reached. See Charts, 397 F.Supp.2d at 381.

Under Connecticut General Statutes §31-72, "costs" are also to be awarded. These "costs" are *not* the same as taxable costs allowed under Connecticut General Statutes §§52-257 and 52-260. As noted in Arnone v. Town of Enfield, 2001 WL 1218741, at *3 (Conn. Super. Sept. 13, 2001) (Attached as Exhibit A) (analyzing Connecticut General Statutes §§31-51m):

> ...the inclusion of costs in statutes creating the causes of action leads to the conclusion that something other than the ordinary statutory taxable costs was contemplated by the legislature: otherwise the addition of the term "costs" is meaningless.

Here, the costs are itemized and total $9,625.97 over the life of the litigation.

Neither the requested fees (i.e., $122,915.75, increased as this Court deems appropriate) nor the costs (i.e., $9,625.97) are unreasonable. As the fee agreements in place fully comply with the requirements set forth by the Connecticut Supreme Court, an award of those amounts is appropriate to be added to the judgment to be entered in Count 9.

### III. PLAINTIFF IS ENTITLED TO RECOVER PREJUDGMENT INTEREST BECAUSE COMPENSATION DUE AND OWING WAS WRONGFULLY WITHHELD BY THE DEFENDANT.

Connecticut General Statutes §37-3a controls prejudgment interest and sets the rate of interest at ten percent per year. Whether or not the plaintiff is entitled to prejudgment interest is within the discretion of the trial court. See Metcalfe v. Talarski, 213 Conn. 145, 160 (1989); Solomon v. Hall-Brooke Foundation, Inc., 30 Conn.App. 136, 147 (1993). Entitlement turns on whether or not the retention of owed money was wrongfully withheld under the circumstances. MedValUSA Health Programs, Inc., v. MemberWorks, Inc., 273 Conn. 634, 666 (2005). The defendant incredibly argues that there is nothing in the record to suggest that they wrongfully or knowingly kept monies owed to the plaintiff. In this case, the jury has already stated a sum certain and quantifiable upon which the interest should be calculated (i.e., $50,000). The jury has also determined at least $40,000 of that money was withheld in bad faith, arbitrarily and/or unreasonably, and that misrepresentations as to payment led to an additional $10,000 in economic harm. The jury clearly found defendant's explanation as to why these monies were withheld to be without merit. Therefore, based on the jury's verdict and bad faith decree, and defendant's continued delinquency, prejudgment interest should be awarded to the plaintiff.

### IV. PLAINTIFF SHOULD ALSO RECOVER POST-JUDGMENT INTEREST, AS MONIES DUE WERE WRONGFULLY WITHHELD BY THE DEFENDANT AND ALSO BECAUSE POST-JUDGMENT INTEREST IS MANDATORY IN NEGLIGENCE ACTIONS.

Plaintiff also contends that post-judgment interest should accrue until judgment is satisfied at the statutory amount of 10% per annum, as set forth in Conn. Gen. Stat. §37-3a. Gionfriddo v. Avis Rent A Car Systems, Inc., 192 Conn. 301, 308 (1984) (holding that §37-3a applies to post-judgment interest). Additionally, such interest is mandatory in negligence actions

under §37-3b and, according to the statute, "shall" be awarded to the plaintiff since she prevailed on her negligent misrepresentation claim.

### A. *Post-Judgment Interest Is Appropriate Under C.G.S. §37-3a.*

The case law involving Connecticut General Statutes §37-3a provides that the issue of post-judgment interest is to be determined by the trial court. See, e.g., Brewer v. D'Onfro, 45 Conn.App. 543, 550 (1997). Connecticut General Statutes §37-3a authorizes the trial court to award post-judgment interest on money that, although payable to plaintiff, was withheld by defendant. "The criteria for determination of post judgment interest is quite clear. A decision to deny or grant post judgment interest is a matter lying within the discretion of the trial court." Brewer, 45 Conn.App. at 550 (internal quotations omitted). "Whether interest may be awarded depends on whether the money involved is payable ... and whether the detention of the money is or is not wrongful under the circumstances...." Id.

It is clear in the present case that the money involved is payable, as a jury found that the defendant owed a determined sum to plaintiff in connection with her employment under *either* one of two counts, and judgment will so-enter in plaintiff's favor. Furthermore, the detention of the money by defendant is wrongful, as defendant not only had an initial obligation to pay the money owed to her as a result of her employment, but also as a duty to fully satisfy the judgment. The jury also made a determination that the withholding of these funds was arbitrary, unreasonable and/or in bad faith, and a withholding under these circumstances can also be seen as being "wrongful."

Presuming an appeal is taken, the defendant will fail to satisfy the judgment pending the conclusion of its appeal. In Bower v. D'Onfro, 45 Conn.App. 543 (1997), the Appellate Court

held that post-judgment interest was appropriate and should run from the date the trial court entered judgment, notwithstanding the fact that an appeal was taken.

Accordingly, as the elements necessary for an award of post-judgment interest are clearly satisfied, plaintiff respectfully requests that she be awarded post-judgment interest at a rate of 10% on all sums which remain due under the unpaid counts from the date judgment is entered to the date defendant ultimately satisfies the judgment in full.

### B. *Post-Judgment Interest Is Mandatory Under C.G.S. §37-3b.*

Contrary to defendant's collateral contention about insufficient case law, the language of Conn. Gen. Stat. §37-3b, as amended in 1997 by Public Act 97-58, is perfectly clear:

> For a cause of action arising on or after May 27, 1997, interest at the rate of ten per cent a year, and no more, **shall** be recovered and allowed in any action to recover damages for injury to the person, or to real or personal property, caused by negligence, computed from the date that is twenty days after the date of judgment or the date that is ninety days after the date of verdict, whichever is earlier, upon the amount of the judgment. (emphasis added).

Conn. Gen. Stat. §37-3b(a). Courts in Connecticut have recognized the change to the mandatory language, saying, "It is clear that the legislature intended to change from discretionary to mandatory ..." Mack v. LaValley, 2000 WL 992171, at *2 (Conn. Super. Jun. 28, 2000) (Attached as Exhibit B); see also, Bank of New York v. National Funding, 2005 WL 527749, at *5 (Conn.Super. Jan. 21, 2005) (Attached as Exhibit C) ("The applicable statute is Connecticut General Statutes §37-3b which makes the recovery of interest mandatory rather than discretionary and at the rate of ten percent a year ...."); McAllister v. Downer, 2004 WL 2039669, at *1-2, (Conn. Super 2004 Aug. 12, 2004 (post-judgment interest awarded for a pre-1997 case where plaintiff alleged, *inter alia,* negligent misrepresentation, and was successful as rendered by a general verdict) (Attached as Exhibit D); McAllister v. Downer, 1998 WL 928430, at *1 (Conn. Super. Dec. 24, 1998) (Attached as Exhibit E). Plaintiff's action for negligent

misrepresentation is clearly an action for negligence which falls within the mandatory language of §31-3b, and, therefore, post-judgment interest must accrue.

### *CONCLUSION*

For the foregoing reasons, the plaintiff respectfully requests that she be awarded statutory double damages, reasonable attorney's fees, costs and pre- and post-judgment interest.

By_____
Scott R. Lucas (ct00517)
*Attorney for Plaintiff*
Lisa K. Blumenschine
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com

## *CERTIFICATE OF SERVICE*

This is to certify that on this 7th day of July, 2006, a copy of the foregoing was mailed, first class, postage prepaid, to:

George P. Birnbaum, Esq.
Thomas P. Minogue, Esq.
Michael L. Ferch, Esq.
Minogue Birnbaum LLP
237 Elm Street
New Canaan, CT 06840
Phone: (203) 966-6916
Fax: (203) 966-6917

*[signature]*
Scott R. Lucas