# EXHIBIT

# D

Not Reported in A.2d, 2004 WL 2039669 (Conn.Super.)

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut,
Judicial District of Fairfield.
Mary McALLISTER
v.
Nick DOWNER d/b/a Downer Funeral Home.
No. CV940314924.
Aug. 12, 2004.

Mary F. McAllister, St. Bpt., pro se.
Goldstein & Peck PC, Bridgeport, for Mary F. McAllister.
Secor Cassidy & McPartland PC, Waterbury, Seymour Weinstein, Stamford, for Nick J. Downer.

JOSEPH W. DOHERTY, Judge.
*1 On or about December 5, 2001, judgment in this matter entered in favor of the plaintiff, Mary McAllister, and against the defendant in the amount of $1,095,934.74, in a case involving the defendant's mishandling of the body of the plaintiff's late husband.

After more than four months from the entry of judgment, about April 10, 2002, the defendant and the defendant's insurer, made payments of $839,678.14 toward the judgment. Written demand for the balance of the judgment amount plus statutory interest was made on the defendant as evidenced by demand letter sent on April 15, 2002. The plaintiff cited an outstanding balance due at that time of $293,789.10.

Despite repeated demand for payment of the balance and statutory interest, no additional payment has been made. The plaintiff argues that, as to the unpaid portion, the defendant has failed to pay a judgment after it has become due and payable.

The plaintiff has cited Sections 37-3a and 37-3b, C.G.S., as her authority for seeking the award of interest which has accrued since the rendition of the judgment, more than two and one-half years ago.

Section 37-3a, C.G.S. (Rate recoverable as damages), provides, in relevant part, "interest at the rate of ten per cent a year, and no more, *may* be recovered and allowed in civil actions ..., as damages for the detention of money after it becomes payable." (Emphasis added.)

Section 37-3b, C.G.S. (Rate of interest recoverable in negligence cases) deals with the award of interest which accrues following a judgment in cases involving a claim of negligence.

Section 37-3b was amended in 1997. Prior to its amendment in 1997, the relevant portion of Section 37b read as follows, "interest at the rate of ten percent a year, and no more, *may* be recovered and allowed in an action to recover damages for injury to the person, or to real or personal property, caused by negligence, computed from the date of judgment." (Emphasis added). By the amendment in 1997, the award of interest at ten percent in negligence cases was changed from discretionary to mandatory ("interest at the rate of ten per cent and no more, *shall* be recovered ...") (Emphasis added.)

Negligence was alleged in the instant case and the plaintiff's verdict was rendered as a general verdict. In addition, this case was commenced prior to the 1997 amendment which changed such awards from being discretionary to being mandatory.

Our Supreme Court has noted, "... § 37-3a permits the recovery of interest in civil actions 'as damages for the detention of money after it becomes payable.' We have construed the statute to make the allowance of interest depend upon whether the detention of money is or is not wrongful under the circumstances ... The allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter lying within the discretion of the trial court ... The decision to award interest is one to be made in view of the demands of justice rather than through the application of any arbitrary rule." *Loomis Institute v. Windsor,* 234 Conn. 169, 181 (1995).

*2 "A decision to deny or grant postjudgment interest is primarily an equitable determination and a

matter lying within the discretion of the trial court.... Whether interest may be awarded depends on whether the money involved is payable ... and whether the detention of the money is or is not wrongful under the circumstances.... The determination of whether interest pursuant to § 37-3a should be awarded is a question for the trier of fact." *TDS Painting & Restoration, Inc. v. Copper Beech Farm, Inc.*, 73 Conn.App. 492, 511-12 (2002). See also, *Bower v. D'Onofro*, 45 Conn.App. 543, 550-51 (1997).

*Whether* interest should be awarded, therefore, is discretionary in the trial court.

The issue of exactly *when* any such interest is to be calculated from has also been the subject of rulings by our Supreme Court.

"[U]pon determining that interest was appropriate ... the court [has] no discretion to start its accrual from any time other than the date of the judgment." *Bower, supra,* at p. 551.

"General Statutes § 37-3b is dispositive of this claim. It provides in pertinent part that '[f]or a cause of action arising on or after October 1, 1981, interest at the rate of ten percent a year, and no more, may be recovered and allowed in any action to recover damages for injury to the person, or to real or personal property, caused by negligence, *computed from the date of judgment*.' Pursuant to this statute, the trial court was not required to award postjudgment interest, but, upon determining that interest was appropriate, the court had no discretion to start its accrual from any time other than the date of judgment." (Emphasis in original.) *Misturka v. Maple Hill Farms, Inc.*, 15 Conn.App. 381, 386 (1988).

Due to the fact that the instant case is a pre-1997 case, Sec. 37-3(b), when applied retroactively to the date of this case, authorizes the court to decide whether or not to allow the award of postjudgment interest. The court must now consider the criteria for making such award.

"The words used in § 37-3a are 'detention of money after it becomes payable.' The word 'wrongfully' is not used in the statute. Although the statute does not describe the detention as wrongful, our case law requires a determination that the party against whom the interest is to be awarded has wrongfully detained money due the other party ... If the money due is not money to which the plaintiff is entitled, it is not wrongfully detained ... If, however, it is determined that a defendant has breached a contract, the detention of money that became due as a result of the breach, plus interest thereon, may be awarded at the discretion of the trier of fact." *Flynn v. Kaumeyer,* 67 Conn.App. 100, 103-04 (2001).

"The defendant, therefore, may be liable for interest at a maximum rate of 10 percent per year on the wrongfully withheld money. The real question in each case is whether the detention of the money is or is not wrongful under the circumstances ... Although bad faith is one factor that the court may look at when deciding whether to award interest under § 37-3a, we note that, in the context of the statute, 'wrongful' is not synonymous with bad faith conduct. Rather, wrongful means simply that the act is performed without the legal right to do so. Ballentine's Law Dictionary (3rd Ed.1969). Nevertheless, [t]he allowance of interest as an element of damages is ... primarily an equitable determination and a matter lying within the discretion of the trial court." (Citation omitted; internal quotation marks omitted.) *Ferrato v. Webster Bank,* 67 Conn.App. 588, 596 (2002).

*3 "A plaintiff's burden of demonstrating that the retention of money is wrongful requires more than demonstrating that the opposing party detained money when it should not have done so. The fact that an award of such interest is discretionary and subject to equitable considerations, rather than automatic, reflects the reality that not all improper detentions of money are wrongful.

"Our courts have seldom found an abuse of discretion in the determination by a trial court of whether a detention of money was wrongful. *Solomon v. Hall-Brooke Foundation, Inc.,* 30 Conn.App. 136, 147 (1993). The resolution of the issue is dependent on the circumstances in each case and is, consequently, inherently fact bound. *Middlesex Mutual Assurance Co. v. Walsh,* 218 Conn. 681, 702 (1991). Prior courts have properly awarded prejudgment interest despite the fact that the issues at trial were hotly contested; *Solomon v. Hall-Brooke Foundation, Inc.,* supra, at 147; and courts have found that such interest was warranted because a party had detained money to punish the party who rightly should have possessed it. *Aubin v. Miller,* [64 Conn.App. 781, 798, 781 A.2d 396 (2001)]. Other courts have upheld a trial court's refusal to award such damages where the trial court found that the party who had detained moneys had made good faith arguments in defense of its actions; *Maluszewski v. Allstate Ins. Co.,* 34 Conn.App. 27, 39 (1994); or where the trial court found that the defendant improperly withheld moneys under a good faith belief, bolstered by the advice of counsel, that an agreement was enforceable. *Hoye v. De Wolfe Co.,* 61 Conn.App. 558, 564 (2001)." *Maloney v. PCRE, LLC,* 68 Conn.App. 727, 756 (2002).

In the instant case, the defendant and its insurer purportedly, at one point in time, had reached an

agreement between themselves as to how they would pro-rate the responsibility for paying the judgment awarded to the plaintiff. Their understanding as to their respective obligation to pay the judgment became unraveled and they were at odds as to how much each was to contribute. All the while, the plaintiff has persisted in her demand for satisfaction of her judgment and, as previously noted, has put both the defendant and its insurer on notice, as far back as 2002, that she would seek to have the court impose statutory interest of ten percent-retroactively back to the date of the award. No additional payments have been made to the plaintiff.

Had this cause of action been commenced after 1997, there would be no discretion in the court but to award the interest being sought by the plaintiff.

Unlike the facts in *Hoye v. DeWolfe, Co.*, cited above, in this case there does not appear to be any fault or contributing factors attributable to the plaintiff for the failure by the defendant to make full payment. Nor are the facts as those found in *Maloney v. PCRE, LLC,* cited above, where the exact amount of the payments due were uncertain. In this case the causes for the delay in payment have arisen and exist solely between the defendant and its insurer.

*\*4* While the delay in payment of money owed to the plaintiff since the rendition of the verdict is attributable to the defendant and not the plaintiff, the court further finds that said delay has been due to the issue of how much of that amount is covered by the defendant's insurance. A legitimate concern of the defendant, but not of the plaintiff.

Having made the foregoing findings, the court concludes that the award of post-judgment interest in the above matter is appropriate.

For the foregoing reasons, the court grants the plaintiff's motion for post-judgment interest and orders that the defendant pay to the plaintiff, forthwith, the entire unpaid balance owed on the judgment of $1,095,934.74, plus interest on said unpaid amount at the rate of ten per cent retroactively to the date of judgment, December 5, 2001.

Copr. (C) West 2006 No Claim to Orig. U.S. Govt. Works Conn.Super.,2004.

McAllister v. Downer

Not Reported in A.2d, 2004 WL 2039669 (Conn.Super.)

END OF DOCUMENT

(C) 2006 Thomson/West. No Claim to Orig. U S Govt Works.