# MINOGUE BIRNBAUM LLP
ATTORNEYS AND COUNSELORS AT LAW

GEORGE P. BIRNBAUM
THOMAS E. MINOGUE, JR.*

COUNSEL
MICHAEL L. FERCH**

*CONNECTICUT BAR ONLY
**NEW YORK BAR ONLY

130 WEST 57TH STREET
NEW YORK, NY 10019
(212) 956-1313
FAX: (212) 956-4596

237 ELM STREET
NEW CANAAN, CT 06840
(203) 966-6916
FAX: (203) 966-6917

IN REPLY ADDRESS FIRM AT

Connecticut Office

October 13, 2006

**BY FAX & ELECTRONIC FILING**

Hon. Holly B. Fitzsimmons
U.S. Magistrate Judge
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

>  Re: Lisa Blumenschine v. Professional Media Group
>  302 CV 2244 (DJS)(HBF)

Dear Judge Fitzsimmons:

On October 5, the parties appeared before your Honor to argue their respective motions on the propriety of doubling "unpaid wages" pursuant to Connecticut General Statute Section 31-72 ("the Wage Statute" or "Section 31-72"), as well as the basis (or lack thereof) for an award of reasonable attorney's fees to plaintiff under this same statute.

In response to your Honor's question whether double damages can be awarded without or separate from attorney's fees under Section 31-72, defendant requested the opportunity to submit this letter memorandum.

Both the language of the Wage Statute itself and decisions of the Supreme Court of Connecticut indicate that an award of double damages and an award of attorney's fees are separate acts of judicial discretion, and do not go hand in hand. Section 31-72 states that:

Hon. Holly B. Fitzsimmons
October 13, 2006
Page 2

> an "employee or labor organization MAY recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as MAY be allowed by the court, .... " (emphasis added).

The Connecticut legislature, in drafting Section 31-72, set apart as a separate clause the Court's discretionary award of costs and attorney's fees from the discretionary award of double damages, using the word "may" not just once, but twice, which the drafters had no need to do if the Court only had discretion to award <u>both</u> double damages and attorney's fees.

This construction of the Wage Statute is underscored by the Supreme Court of Connecticut's decision in <u>Schoonmaker v. Lawrence Brunoli, Inc.</u>, 265 Conn. 210, 272-273, 828 A.2d 64, 106 (2003), in which the Court advised that:

> "The double damages provision of Section 31-72 was intended to punish employers and make employees whole. The double damages provision, however, is a mandatory award <u>separate and apart</u> from that of attorney's fees" (emphasis added).

The Supreme Court further noted that an attorney's fee provision under the Wage Statute had been enacted at least 25 years before the "double damages" provision was added in 1978, <u>Id</u>. at FN 78. Therefore, historically, the award of attorney's fees has been separate and apart from that of double damages. Also <u>see</u>, <u>Harty v. Cantor Fitzgerald & Co.</u>, 275 Conn. 72, 881 A.2d 139 (2005) (arbitrators had not exceeded their authority by awarding double damages under Section 31-72, but had exceeded their authority in awarding attorney's fees in violation of the subject arbitration agreement).

Accordingly, we submit that if the Connecticut legislature had intended that attorney's fees <u>must</u> be awarded whenever double damages are awarded under Section

Hon. Holly B. Fitzsimmons
October 13, 2006
Page 3

31-72, it would have worded the Wage Statute otherwise. The cited decisions of the Supreme Court of Connecticut support this view.

    Finally, of course, by making the foregoing point that any award of double damages is not of necessity tied to an award of attorney's fees, we do not retreat from our central argument that, given the evidence in this matter, neither award is appropriate here.

    Thank you for your consideration of this response to your Honor's question.

                                            Respectfully submitted,

                                            MINOGUE BIRNBAUM LLP

                                            By:_____
                                                Michael L. Ferch, Esq.
                                                Counsel

MLF:ara
cc: Scott R. Lucas, Esq.