# Martin, Lucas & Chioffi, LLP

COUNSELORS AT LAW

STAMFORD, CONNECTICUT | NEW YORK, NEW YORK

177 Broad Street  
Stamford, Connecticut 06901

October 17, 2006

Telephone: 203 973.5200  
Facsimile: 203 973.5250

www.mlc-law.com

*VIA FACIMILE*  
*And FIRST CLASS MAIL*

The Honorable Holly B. Fitzsimmons  
U.S. Magistrate Judge  
United States District Court  
915 Lafayette Boulevard  
Bridgeport, CT 06604

   *Re:* *Lisa Blumenschine v. Professional Media Group*  
     *Civil Action No. 302 CV 2244 (HBF)*

Dear Judge Fitzsimmons:

  This letter is in response to defendant's submission dated October 13, 2006 in conjunction with Your Honor's question whether double damages can be awarded without or separate from attorney's fees under Connecticut General Statutes §31-72.

  Plaintiff is in agreement with defendant's reading of the statutory language in §31-72 that an award of double damages and an award of attorney's fees are acts of judicial discretion. However, plaintiff does not agree with defendant's belief that double damages and attorney's fees are awarded as separate acts of judicial discretion under §31-72 once the requisite factual findings for such an award has been made.

  In Harty v. Cantor Fitzgerald & Co., 275 Conn. 72 (2005), the court interpreted §31-72 within the narrow context of an arbitration clause which did not allow for recovery of "special, exemplary, or punitive damages." Id. at 76-77. The court distinguished between the nature of double damages and attorney's fees only to the extent that attorney's fees were characterized as "damages in the nature of punitive damages" and thus fell outside the scope of the arbitration clause. Id. at 99. This characterization has no bearing on whether a court may award only double damages or only attorney's fees under §31-72. These damages are to be awarded under §31-72 upon a finding of "bad faith, arbitrariness or unreasonableness." Schoonmaker v. Lawrence Brunoli, Inc., 265 Conn. 210, 269 (2003). Courts in this jurisdiction have held that once this factual finding is established, "such an award is appropriate." See Butler v. Hartford Technical Institute, Inc., 243 Conn. 454, 470 (1997); Sansone v. Clifford, 219 Conn. 217, 229 (1991). Indeed, defendant did not

Martin, Lucas & Chioffi, LLP

The Honorable Holly B. Fitzsimmons
October 17, 2006
Page 2

point to, nor could we find, a single case where double damages and attorney's fees were not both awarded under §31-72 after a finding of bad faith, arbitrariness or unreasonableness.

In Schoonmaker v. Lawrence Brunoli, Inc., 265 Conn. 210, 273 (2003), which the defendant cited to support the proposition of awards under §31-72 as "separate and apart," the court actually awarded both double damages and attorney's fees. The only question in Schoonmaker was whether the lower court's departure from the terms of the contingency fee agreement that existed between plaintiffs and their counsel was an abuse of discretion. Id. The court stated in Schoonmaker that, "[a]s long as the court awards attorney's fees that are sufficient to cover a plaintiff's financial obligations to his or her attorney, such as an existing contingency agreement, the employee still will be made **whole** by the award of double damages." Id. Thus, Schoonmaker indicates the failure to award double damages as well as fees sufficient to cover the employee's obligation to his or her attorneys would have been an abuse of discretion.

Since the jury has already made the requisite fact-finding of bad faith, arbitrary or unreasonable conduct by the defendant in this case, an award of statutory double damages and attorney's fees is appropriate.

Sincerely yours,

Scott R. Lucas

SRL:bkf
cc:   Michael L. Ferch, Esq.
      Ms. Lisa Blumenschine